UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELVIN QUIJANO § | |
| § | |
| PLAINTIFF, § | |
| v. § | |
| § | |
| ELECTRA TRADING SA; § | CIVIL ACTION NO. _____ |
| HAPAG-LLOYD (AMERICA), LLC; § | |
| HAPAG-LLOYD AG; TEXTAINER § | |
| EQUIPMENT MANAGEMENT LTD.; § | |
| CAI INTERNATIONAL INC.; AND § | |
| ANGLO-EASTERN (GERMANY) § | |
| GMBH, § | |
| DEFENDANTS. § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hapag-Lloyd Aktiengesellschaft ("Hapag-Lloyd AG") hereby gives notice and removes this action to the United States District Court for the Southern District of Texas, Houston Division. Hapag-Lloyd AG represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

### TEXAS STATE COURT ACTION

1.

Hapag-Lloyd AG is a defendant in the matter styled "*Melvin Quijano versus Electra Trading S.A., et al.*" pending in the 125th Judicial District Court of Harris County, Texas, and bearing Cause No. 2025-5979 ("State Court Action").

2.

Plaintiff Melvin Quijano filed his Original Petition in the State Court Action on January 28, 2025, and his First Amended Petition in the State Court Action on September November 21,

2025. Neither the Original Petition nor the First Amended Petition were served on Hapag-Lloyd AG. Plaintiff filed his Second Amended Petition in the State Court Action on December 2, 2025 (the Second Amended Petition is hereinafter referred to as the "Petition"). Attached as **Exhibit A** is a complete copy of all pleadings currently filed in the 125th Judicial District Court of Harris County under Cause No. 2025-5979 and the other materials required by Local Rule 81.

3.

Hapag-Lloyd AG was served with the Petition on January 29, 2026.

4.

In his Petition, Plaintiff asserts claims against the following defendants: Hapag-Lloyd (America), LLC ("Hapag-Lloyd US"); Hapag-Lloyd AG; Electra Trading SA ("Electra"); Textainer Equipment Management Ltd. ("Textainer"); CAI International Inc. ("CAI"); and Anglo-Eastern (Germany) GmbH ("Anglo-Eastern"). At this time, the following defendants have appeared in the State Court Action: Hapag-Lloyd US, Hapag-Lloyd AG, Anglo-Eastern, Textainer, and CAI.

## TIMELINESS

5.

This Notice of Removal is timely filed, as it is being filed within thirty days of receipt of a copy of the pleading setting forth the claim for relief and service of process by Hapag-Lloyd AG as required by 28 U.S.C. § 1446(b).

## VENUE IS PROPER IN THIS COURT

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas is the district in which the State Court Action was pending.

**GROUNDS FOR REMOVAL**

7.

Hapag-Lloyd AG removes this civil action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b) because this Court has original jurisdiction over this action as there is complete diversity of citizenship between Plaintiff, a citizen of Texas, and defendants, citizens of different foreign countries (Germany and Switzerland) and the States of Delaware and California, and because the amount in controversy exceeds the sum or value set by 28 U.S.C. § 1332(a).

8.

Plaintiff's Petition alleges that Plaintiff is, and at all relevant times has been, a resident of Harris County, Texas.[1] *See* Ex. A, Plaintiff's Petition, at ¶2. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident, *prima facie* domiciled in, and therefore a citizen of the State of Texas.

9.

Hapag-Lloyd (America), LLC is a limited liability company whose sole member is a foreign entity, Hapag-Lloyd Aktiengesellschaft, a corporation organized and existing under the laws of Germany with a principal place of business in Hamburg, Germany.[2] Accordingly, Hapag-Lloyd (America) LLC is a citizen of a foreign country for diversity and removal purposes.

---

[1] For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Grupo Data-flux v. Atlas Glob. Group, L.P.,* 541 U.S. 567, 570-1 (2004).

[2] A limited liability company is a citizen of all of the states of which its members are citizens. *See MidCap Media Finance, L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314-316 (5th Cir. 2019) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). To establish diversity jurisdiction, a party "must specifically allege the citizenship of every member of every LLC." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 536 (5th Cir. 2017); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

10.

Hapag-Lloyd AG is a corporation organized and existing under the laws of Germany with a principal place of business in Hamburg, Germany.[3] Accordingly, Hapag AG is a citizen of a foreign country for diversity and removal purposes.

11.

Upon information and belief, Electra Trading SA is a corporation organized and existing under the laws of Switzerland with a principal place of business in Lugano, Switzerland. Accordingly, Electra is a citizen of a foreign country for diversity and removal purposes.

12.

Upon information and belief, Textainer Equipment Management Limited is a stock corporation incorporated in Delaware with a principal place of business in San Francisco, California. Accordingly, Textainer is a citizen of the State of Delaware and the State of California for diversity and removal purposes.

13.

Upon information and belief, CAI International Inc. is a company incorporated in Delaware with a principal place of business in San Francisco, California. Accordingly, CAI is a citizen of the State of Delaware and the State of California for diversity and removal purposes.

---

[3] "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("A corporation is 'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'"). One determines a corporation's principal place of business with the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92. A corporation typically directs and coordinates its activities from its headquarters. *Id.*

14.

Anglo-Eastern (Germany) GmbH is a company organized under the laws of Germany with a principal place of business in Hamburg, Germany.  Accordingly, Anglo-Eastern is a citizen of a foreign country for diversity and removal purposes.

15.

Therefore, for purposes of diversity of citizenship and removal jurisdiction, each defendant is, and at all times since this action commenced has been, completely diverse from Plaintiff.

16.

Pursuant to 28 U.S.C. § 1332(a), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1446(c)(2) states that:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . .

28 U.S.C. § 1446(c)(2).  While Hapag-Lloyd AG denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because Plaintiff's Petition makes the good faith demand for judgment in excess of $1,000,000 but no more than $5,000,000 from defendants.  Ex. A, Plaintiff's Petition, at ¶10.  Thus, the amount in controversy requirement is met.

17.

According to the foregoing, this Court has diversity jurisdiction over this action and removal of this action is proper pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b).

18.

Hapag-Lloyd AG hereby removes this action to the United States District Court for the Southern District of Texas.

## OTHER MATTERS

19.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of all executed process in the case, pleadings, orders signed by the state judge, a copy of the docket sheet, an index of such documents, and a list of all counsel in the State Court Action are attached as part of **Exhibit A**.

20.

Plaintiff sued Hapag US; Hapag AG; Electra; Textainer; CAI; and Anglo-Eastern. Based on the electronic docket available for the State Court Action and information available to Hapag-Lloyd AG, Defendants Hapag-Lloyd US, Hapag-Lloyd AG, Anglo-Eastern, Textainer, and CAI have been served at the time of filing of this Notice.

21.

On September 17, 2025, Plaintiff also filed a Notice of Proof of Service on Defendant Electra Trading SA purporting to show that Electra was served with process in Switzerland. A copy of the document and its attachment is attached hereto a part of **Exhibit A** at pp. 59 *et seq*. The document from a Swiss appeals court in Lugano, Switzerland, does not show service of any particular document on Electra, and the notice by counsel only contends that Plaintiff's Original Petition was served, but not the Texas state court citation. Electra never appeared in the State Court Action, and no filing shows service of the subsequent pleadings on Electra, including Plaintiff's live pleading that Plaintiff filed on December 2, 2025, following a first amendment of the petition on November 21, 2025. *See* **Exhibit A**. Therefore, Electra was not properly served. Accordingly, Electra's consent to removal is not required.

22.

Regardless of whether Electra was properly served with process in Switzerland or not, consent from Electra is also not required because it has been fraudulently joined. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *Chambers v. HSBC Bank USA*, 796 F.3d 560, 564 (6th Cir.2015) ("To show that a party was fraudulently joined, and therefore consent from that party is not required for unanimity, the removing defendants must show that there is no colorable cause of action against that party").

    a. In the Petition, Plaintiff alleges CAI, Textainer, and Electra "owned the three freight containers" that Plaintiff identifies as containers nos. BMOU2728682, TEMU1788593, and CAIU2931600 (the "Containers"). *See* Ex. A, Plaintiff's Petition, at ¶¶16-18. Plaintiff concedes he does not know which of the Containers caused the alleged injuries. *See* Ex. A, Plaintiff's Petition, at ¶17. However, Plaintiff's claims against CAI, Textainer and Electra are based solely on the allegation that they own the Container at issue involved in the alleged incident. *See* Ex. A, Plaintiff's Petition, at ¶18.

    b. But, the Containers were owned by CAI and Textainer, not Electra. This is evidenced by an internet search for the BIC code associated with the Containers showing that the allegedly involved containers were owned by Textainer and CAI.[4] Copies of the BIC code searches for the Containers are attached hereto as **Exhibit B**. Indeed, CAI admits in its Special Appearance filed in the State Court Action

---

[4] The Bureau International des Containers (BIC) numbers follow the ISO 6346 standard to identify the owner/operator and additional information for each container. *See* https://www.bic-code.org/bic-codes/ (accessed March 2, 2026). The BIC code begins with 3 letters identifying the containers owner/operator. As Exhibit B shows, an internet search for the Containers at issue in this lawsuit shows that none are associated with Electra.

that it owns one of the containers, container no. BMOU2728682, and a second container is owned by CAI's subsidiary, container no. CAIU2931600. *See* **Exhibit A** at pp. 182 *et seq*., CAI Special Appearance at p. 1-2, filed February 5, 2026. Textainer has likewise confirmed it is the owner of container no. TEMU1788593, the third container alleged to be involved. Plaintiff's sole basis for his allegations against Electra is that it was a container owner, which it was not, and thus, Plaintiff does not allege any other tie of Electra to the underlying matter. Thus, there is no viable claim against Electra.

c. In addition, the Hapag-Lloyd AG Sea Waybill No. HLCUBU3240307179 ("Sea Waybill"), issued by Hapag-Lloyd AG for the ocean carriage of the Containers to Houston, shows that the Shipper was Aluar Aluminio Argentino SAIC, the Consignee was Access World USA, LLC, and the party to be notified was Livingston International in Norfolk, Virginia. A true and correct copy of the Sea Waybill is attached hereto as **Exhibit C**. There is no mention of Electra on the Sea Waybill that would show a connection to the shipment or facts that could support a potential claim against Electra.

d. Thus, upon information and belief, there are no colorable legal claims against Electra and Electra is not a proper party to this proceeding. Electra should be disregarded for purposes of the consent requirement to removal.

23.

By filing this notice of removal, Hapag-Lloyd AG gives written consent to this removal.

24.

Hapag-Lloyd US, Anglo-Eastern, Textainer, and CAI have provided written consent to removal. True and correct copies of the written consents of the foregoing parties are attached hereto as **Exhibit D**.

25.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

26.

Hapag-Lloyd AG fully reserves its rights, including, but not limited to, all available arguments in support of removal; any available defenses, including those permitted by Rule 12 of the Federal Rules of Civil Procedure; all other jurisdictional, procedural, and venue defenses; and defenses to the merits of this action. Moreover, Hapag-Lloyd AG reserves the right to supplement or amend this Notice of Removal.

27.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

28.

Undersigned counsel certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the 125th Judicial District Court for Harris County, Texas, and served on Plaintiff's counsel.

WHEREFORE, Hapag-Lloyd (America), LLC hereby removes this action to the United States District Court for the Southern District of Texas.

                                           Respectfully submitted,

                                           */s/ David L. Reisman (by permission)*
                                           David L. Reisman
                                           Attorney-in-Charge
                                           State Bar No. 24039691
                                           Fed. ID No. 3591037
                                           701 Poydras Street, Suite 5000
                                           New Orleans, Louisiana 70139
                                           Telephone: (504) 581-7979
                                           Facsimile: (504) 556-4108
                                           Email: dreisman@liskow.com

                                           **ATTORNEYS FOR DEFENDANTS HAPAG-LLOYD AG; HAPAG-LLOYD (AMERICA), LLC; AND ANGLO-EASTERN (GERMANY) GMBH**

**OF COUNSEL:**

**LISKOW & LEWIS, APLC**
Alma F. Shields
State Bar No. 24069800
Fed. ID No. 1087002
Elizabeth B. McIntosh
Fed. ID No. 3133917
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
Email: ashields@liskow.com
Email: ebmcintosh@liskow.com
Email: jspatzwall@liskow.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 2nd, 2026, a copy of the foregoing pleading was (1) filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system, and (2) sent by United States mail, postage prepaid, to counsel for the Plaintiff and the Clerk of Court for the 125th Judicial District Court of Harris County.

                                                        */s/David L. Reisman*
                                                        David L. Reisman