**EXHIBIT**

**A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELVIN QUIJANO** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | **CIVIL ACTION NO. _____** |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | |
| **HAPAG-LLOYD AG; TEXTAINER** | § | |
| **EQUIPMENT MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY)** | § | |
| **GMBH,** | § | |
| **DEFENDANTS.** | § | |

## INDEX OF MATTERS FILED

Pursuant to Local Rule 81, the following is a list of the documents being filed with the

Notice of Removal in this action:

1. Civil Case Information Sheet;

2. All executed process in the case;

3. Certified Copies of State Court Pleadings;

4. All orders signed by the state judge;

5. State Court Docket Sheet;

6. Consents to Removal;

7. A List of Counsel of Record, including addresses, telephone numbers, and parties represented; and

8. This index of matters being filed.

## STATE COURT RECORD INDEX

| No. | Filing | Date |
|---|---|---|
| 1. | Plaintiff's Original Petition | 1/29/25 |
| 2. | Request for Issuance of Service (Electra Trading SA - Citation) | 2/13/25 |
| 3. | Request for Issuance of Service (Electra Trading SA - Hague Convention) | 2/14/25 |
| 4. | DCA Generic Letter | 5/30/25 |
| 5. | Plaintiff's Motion to Retain Case On Docket And Motion For Appointment Of International Process Server | 6/24/25 |
| 6. | Proposed Order - Plaintiff's Motion to Retain Case On Docket And Motion For Appointment | 6/24/25 |
| 7. | Plaintiff's Motion for the Appointment of Int'l Process Server | 6/25/25 |
| 8. | Proposed Order - Plaintiff's Motion for the Appointment of Int'l Process Server | 6/25/25 |
| 9. | Plaintiff's Motion to Retain Case on Docket | 6/25/25 |
| 10. | Proposed Order - Plaintiff's Motion to Retain Case on Docket | 6/25/25 |
| 11. | Signed Order – Plaintiff's Motion to Retain Case on Docket | 6/26/25 |
| 12. | Notice of Appearance & Designation of Counsel | 8/5/25 |
| 13. | Plaintiff's First Supplemental Motion for Appoint of Int'l Process Server | 8/29/25 |
| 14. | Proposed Order - Plaintiff's First Supplemental Motion for Appoint of Int'l Process Server | 8/29/25 |
| 15. | Notice of Change of Firm Address | 9/10/25 |
| 16. | Signed Order – Plaintiff's First Supplemental Motion for Appoint of Int'l Process Server | 9/11/25 |
| 17. | Plaintiff's  Notice of Proof of Service on Defendant Electra Trading SA | 9/17/25 |
| 18. | DCA Generic Letter | 10/1/25 |
| 19. | Plaintiff's First Amended Original Petition | 11/21/25 |
| 20. | Request for Issuance of Service - Angelo-Eastern (Germany) GmbH | 12/1/25 |
| 21. | Request for Issuance of Service - CAI International | 12/1/25 |
| 22. | Request for Issuance of Service - Hapag Lloyd AG | 12/1/25 |
| 23. | Request for Issuance of Service - Hapag Lloyd America | 12/1/25 |

| No. | Filing | Date |
|---|---|---|
| 24. | Request for Issuance of Service - Textainer Equipment Management Ltd. | 12/1/25 |
| 25. | Plaintiff's Second Amended Original Petition | 12/2/25 |
| 26. | Request for Issuance of Service - Anglo-Eastern (Germany) GmbH | 12/2/25 |
| 27. | Request for Issuance of Service - CAI International Inc. | 12/2/25 |
| 28. | Request for Issuance of Service - Hapag Lloyd (America) LLC | 12/2/25 |
| 29. | Request for Issuance of Service - Hapag Lloyd AG | 12/2/25 |
| 30. | Request for Issuance of Service - Textainer Equipment Management Ltd | 12/2/25 |
| 31. | Plaintiff's Motion to Retain Case on Docket | 12/3/25 |
| 32. | Proposed Order Granting Plaintiff's Motion to Retain Case on Docket Pending Service | 12/3/25 |
| 33. | Plaintiff's Motion for Appoint of Int'l Process Server | 12/5/25 |
| 34. | Proposed Order – Plaintiff's Motion for Appoint of Int'l Process Server | 12/5/25 |
| 35. | Signed Order – Plaintiff's Motion to Retain Case on Docket Pending Service | 12/5/25 |
| 36. | Citation - CAI International Inc. | 12/8/25 |
| 37. | Citation - Hapag Lloyd (America) LLC | 12/8/25 |
| 38. | Citation - Textainer Equipment Management Ltd | 12/8/25 |
| 39. | Signed Order – Plaintiff's Motion for Appoint of Int'l Process Server | 12/10/25 |
| 40. | Hapag-Lloyd (America) LLC's Original Answer and Verified Denial Subject to Special Appearance | 1/23/26 |
| 41. | Hapag-Lloyd (America) LLC's Special Appearance | 1/23/26 |
| 42. | CAI International, Inc.'s Special Appearance | 2/5/26 |
| 43. | Def Textainer Original Answer | 2/5/26 |
| 44. | Proposed Order Sustaining CAI International, INC's Special Appearance | 2/5/26 |
| 45. | Docket Control Pretrial Order Signed | 2/9/26 |
| 46. | Notice of Submission on Defendant CAI International, Inc.'s Special Appearance | 2/11/26 |
| 47. | Hapag-Lloyd AG's Original Answer | 2/20/26 |

| No. | Filing | Date |
|-----|--------|------|
| 48. | Notice to Withdraw Submission Hearing on Defendant Cai International, Inc.'s Special Appearance | 2/20/26 |
| 49. | Anglo-Eastern (Germany) GmbH's Original Answer | 2/22/26 |

Respectfully submitted,

*/s/David L. Reisman*
David L. Reisman
Attorney-in-Charge
State Bar No. 24039691
Fed. ID No.  3591037
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

**ATTORNEYS FOR DEFENDANTS HAPAG-LLOYD AG; HAPAG-LLOYD (AMERICA), LLC; AND ANGLO-EASTERN (GERMANY) GMBH**

**OF COUNSEL:**

**LISKOW & LEWIS, APLC**
Alma F. Shields
State Bar No. 24069800
Fed. ID No. 1087002
Elizabeth B. McIntosh
Fed. ID No. 3133917
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: ebmcintosh@liskow.com
Email: jspatzwall@liskow.com

1/29/2025 12:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96740347
By: Tayler Hatcher
Filed: 1/28/2025 3:04 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | |
| | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MELVIN QUIJANO, Plaintiff in the above styled and numbered cause (hereafter "Plaintiff"), and files this his Original Petition against Defendant ELECTRA TRADING SA (hereafter "Defendant Electra Trading SA"), and for cause of action would show the Court as follows:

### I.
### Discovery

1.   Plaintiff intends to conduct discovery pursuant to Level 3, *Tex.R.Civ.P.* 190.4.

### II.
### Parties and Service

2.   Plaintiff is a resident of Houston, Harris County, Texas.

3.   Defendant Electra Trading SA is an international company doing business as Electra Trading SA in the State of Texas. Defendant Electra Trading SA may be served by issuing citation at its last known address, Riva Paradiso 09, Palazzo, 6900 Paradiso Switzerland, Paradiso, Municipality No. 5210.

1

Certified Document Number: 118667476 - Page 1 of 4

III.

Jurisdiction and Venue

4.     Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $5,000,000.00, and within the jurisdictional limits of this Court.

5.     Pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County.

IV.

Facts

6.     On May 7, 2024, Plaintiff was working at the Port of Baytown unloading shipping containers and transporting their contents to the warehouse of his employer, Access World USA. At the warehouse, Plaintiff broke the seal of a shipping container owned by Defendant Electra Trading.  When Plaintiff opened the left door of the shipping container, a large piece of wood fell onto Plaintiff's head. As a result of the impact, Plaintiff suffered severe injuries including a blow to the forehead, cheek, and above his eyebrow before falling to the ground face first and losing consciousness.

V.

Cause of Action for Negligence against Defendant Electra Trading SA

7.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

8.     Defendant Electra Trading SA had a duty to maintain its shipping containers in a reasonably safe condition for workers to load and unload Defendant's cargo . Defendant Electra Trading SA breached its duty by failing to inspect its shipping containers and ensure that the

2

Certified Document Number: 118667476 - Page 2 of 4

cargo could be safely unloaded. Defendant Electra Trading SA's breach proximately caused personal injury damages to Plaintiff.

<div align="center">VI.</div>

<div align="center">Negligence Damages</div>

9.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

10.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, and to incur the following damages in an unliquidated amount to be determined by a jury:

      a.     Reasonable medical care and expenses in the past;
      b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
      c.     Physical pain and suffering in the past;
      d.     Physical pain and suffering in the future;
      e.     Physical impairment in the past; and
      f.     Physical impairment which, in all reasonable probability, will be suffered in the future.

<div align="center">VII.</div>

<div align="center">Demand for Jury Trial</div>

11.   Plaintiff hereby demands a jury trial and tenders the fee with this petition.

<div align="center">VIII.</div>

<div align="center">Notice of Initial for Disclosures</div>

12.     Pursuant to Tex. R. Civ. P. 194.2, the parties are required to exchange Initial Disclosures--the information and documents required under Tex. R. Civ. P. 194.2(b)--without a request within 30 days after the first answer is filed.

13.     For a party that is served or joined in the lawsuit after the first answer is filed, Initial Disclosures are due 30 days after service of the Citation and Petition.

<div align="center">3</div>

14.    The discovery period does not begin until the Initial Disclosures are due.

<u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melvin Quijano respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**FOGELMAN & VON FLATERN, LLP**
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By:  */s/ Alvaro "Al" Silverio*
      Alvaro "Al" Silverio
      Texas Bar No. 24108236
      Email: al@fvlawfirm.com
      Service: eservice@fvlawfirm.com
      *Attorney for Plaintiff*

4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:      118667476 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/13/2025 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97355597
By: Bernitta Barrett
Filed: 2/13/2025 2:40 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**CASE NUMBER:** 202505979

### Request for Issuance of Service
**CURRENT COURT:** 125th

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 1/29/2025       Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Electra Trading SA

Address of Service: Riva Paradiso 09, Palazzo, 6900 Paradiso Switzerland, Paradiso,

City, State & Zip: Municipality No. 5210

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**      Newspaper _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____        **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**          *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**      used to retrieve the E-Issuance Service Documents.
                                   Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Alvaro "Al" Silverio   Bar # or ID   24108236

Mailing Address: 3101 Bee Cave Road, Suite 301 Austin, Texas 78746

Phone Number: (512) 956-4789

Certified Document Number: 118955602 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        118955602 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/14/2025 1:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97400810
By: Bernitta Barrett
Filed: 2/14/2025 1:16 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**CASE NUMBER:** 202505979

**Request for Issuance of Service**

**CURRENT COURT:** 125th

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 1/29/2025 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Electra Trading SA

Address of Service: Riva Paradiso 09, Palazzo, 6900 Paradiso Switzerland, Paradiso,

City, State & Zip: Municipality No. 5210

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☐ **Citation**  ☐ **Citation by Posting**  ☐ **Citation by Publication**  ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**  Newspaper _____
- ☐ **Temporary Restraining Order**  ☐ **Precept**  ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**  ☐ **Capias** (not by E-Issuance)  ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**  ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**  ☑ **Hague Convention ($16.00)**  ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)  ☐ **Injunction**  ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____  ☑ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**  *Note:* The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by District Clerk**  used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- ☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Alvaro "Al" Silverio  Bar # or ID 24108236

Mailing Address: 3101 Bee Cave Road, Suite 301 Austin, Texas 78746

Phone Number: (512) 956-4789



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        118975358 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# JUDGE KYLE CARTER

125th JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002

05/30/2025

DEAR COUNSEL AND/OR PRO SE PARTIES:

OUR COURT RECORDS INDICATE THAT DUE TO INACTIVITY THE REFERENCED CASE
IS ELIGIBLE FOR DISMISSAL FOR WANT OF PROSECUTION BECAUSE EITHER NO
SERVICE HAS BEEN ACCOMPLISHED OR NO ANSWER HAS BEEN FILED FOR ALL ACTIVE
PARTIES LISTED AS NAMED DEFENDANTS IN THE CASE.  THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION UNLESS ONE OF THE FOLLOWING IS
ACCOMPLISHED PRIOR TO July 14, 2025, AT 8:00 A.M.

1. A FINAL DEFAULT JUDGMENT IS SIGNED FOR ALL ACTIVE PARTIES
WHO ARE LISTED AS NAMED DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) IN THIS CASE BEFORE THE ABOVE DISMISSAL DATE.
Cases with Interlocutory Default judgments are not final and are subject
to DISMISSAL FOR WANT OF PROSECUTION. In cases where DEFENDANTS have
been disposed of by nonsuit, summary judgment or other dispositive
motion and have remaining named DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) that have not been served, filed answers, or had
default judgments taken against them, are subject to DISMISSAL FOR WANT
OF PROSECUTION. Please call the clerks at (832) 927-2550 to set your
default for an oral hearing. Defaults must be set on the oral docket.

2. AN ANSWER IS FILED for all active parties listed as named Defendant
in the case, OR

3.  A VERIFIED MOTION TO RETAIN AND PROPOSED ORDER IS FILED ON OR
BEFORE: July 14, 2025.  IF YOU HAVE ANY CONCERN YOU ARE REQUIRED
TO FILE A MOTION TO RETAIN. FAILURE TO FILE A MOTION TO RETAIN WILL BE
DEEMED AS NON-OPPOSITION TO DISMISSAL FOR WANT OF PROSECUTION.  Do not
set Motions to Retain for submission as they will be considered by the
court prior to dismissal.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE
Trial COORDINATOR MELISSA TORRES AT: Melissa_torres@justex.net or
(832) 927-2553. Please go to www.HCDistrictclerk.com to view the file.

PLEASE TAKE NOTICE THIS NOTICE OF DISMISSAL IS NOT A SETTING FOR AN ORAL
HEARING

KYLE CARTER

JUDGE, 125TH DISTRICT COURT

CASE - 202505979        FILED - 20250128        COURT - 125th
TYPE - OTHER INJURY OR DAMAGE
QUIJANO, MELVIN VS ELECTRA TRADING SA

2

ELECTRA TRADING SA
RIVA PARADISO 09
PALAZZO
6900 PARADISO

JCVG01

Certified Document Number: 120827054 - Page 1 of 2

# JUDGE KYLE CARTER
### 125th JUDICIAL DISTRICT COURT
### CIVIL COURTS BUILDING
### HOUSTON, TEXAS 77002

05/30/2025

DEAR COUNSEL AND/OR PRO SE PARTIES:

OUR COURT RECORDS INDICATE THAT DUE TO INACTIVITY THE REFERENCED CASE
IS ELIGIBLE FOR DISMISSAL FOR WANT OF PROSECUTION BECAUSE EITHER NO
SERVICE HAS BEEN ACCOMPLISHED OR NO ANSWER HAS BEEN FILED FOR ALL ACTIVE
PARTIES LISTED AS NAMED DEFENDANTS IN THE CASE.  THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION UNLESS ONE OF THE FOLLOWING IS
ACCOMPLISHED PRIOR TO July 14, 2025, AT 8:00 A.M.

1. A FINAL DEFAULT JUDGMENT IS SIGNED FOR ALL ACTIVE PARTIES
WHO ARE LISTED AS NAMED DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) IN THIS CASE BEFORE THE ABOVE DISMISSAL DATE.
Cases with Interlocutory Default judgments are not final and are subject
to DISMISSAL FOR WANT OF PROSECUTION. In cases where DEFENDANTS have
been disposed of by nonsuit, summary judgment or other dispositive
motion and have remaining named DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) that have not been served, filed answers, or had
default judgments taken against them, are subject to DISMISSAL FOR WANT
OF PROSECUTION. Please call the clerks at (832) 927-2550 to set your
default for an oral hearing. Defaults must be set on the oral docket.


2. AN ANSWER IS FILED for all active parties listed as named Defendant
in the case, OR

3.  A VERIFIED MOTION TO RETAIN AND PROPOSED ORDER IS FILED ON OR
BEFORE: July 14, 2025.  IF YOU HAVE ANY CONCERN YOU ARE REQUIRED
TO FILE A MOTION TO RETAIN. FAILURE TO FILE A MOTION TO RETAIN WILL BE
DEEMED AS NON-OPPOSITION TO DISMISSAL FOR WANT OF PROSECUTION.  Do not
set Motions to Retain for submission as they will be considered by the
court prior to dismissal.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE
Trial COORDINATOR MELISSA TORRES AT: Melissa_torres@justex.net or
(832) 927-2553. Please go to www.HCDistrictclerk.com to view the file.

PLEASE TAKE NOTICE THIS NOTICE OF DISMISSAL IS NOT A SETTING FOR AN ORAL
HEARING


KYLE CARTER

JUDGE, 125TH DISTRICT COURT

CASE - 202505979        FILED - 20250128        COURT - 125th
TYPE - OTHER INJURY OR DAMAGE
QUIJANO, MELVIN VS ELECTRA TRADING SA

24108236

ALVARO SILVERIO
3103 BEE CAVE ROAD
AUSTIN, TX 78746

JCVG01

Certified Document Number: 120827054 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        120827054 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/24/2025 4:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102374699
By: Jimmy Rodriguez
Filed: 6/24/2025 4:06 PM

<u>CAUSE NO. 202505979</u>

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | <u>125TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET AND MOTION FOR
APPOINTMENT OF INTERNATIONAL PROCESS SERVER
PURSUANT TO CHAPTER I, ARTICLE 3 OF
THE HAGUE SERVICE CONVENTION (SWITZERLAND)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Melvin Quijano, and files this Motion to Retain Case on Docket and Motion for Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), and respectfully shows the Court as follows:

I.
<u>PARTIES AND JURISDICTION</u>

1.    Plaintiff has filed suit against Defendant, Electra Trading SA, in this Court.

2.    Defendant is located in Switzerland, a signatory to the Hague Service Convention.

3.    Plaintiff has been working with a process server in order to  complete service via the Hague Service Convention.

4.    This Court has jurisdiction over the subject matter and the parties.

5.    Plaintiff respectfully requests that the Court retain this case on its docket and formally appoint Crowe Foreign Services to complete service on Defendant Electra Trading, SA.

Certified Document Number: 121228265 - Page 1 of 3

II.
## SERVICE ABROAD REQUIRED

6.    Because Defendant resides in Switzerland, service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rule of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

7.    Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Switzerland's designated Central Authority, which differs depending on the canton where Defendant is located.

III.
## REQUEST TO RETAIN CASE ON THE COURT'S DOCKET AND REQUEST FOR APPOINTMENT

8.    Plaintiff respectfully requests that the Court retain this case on its docket. Plaintiff further respectfully requests that this Court appoint Crowe Foreign Services, or any competent person authorized to prepare, transmit, and forward the request to the appropriate Swiss Central Authority, in accordance with Chapter I, Article 3 of the Hague Service Convention and the specific procedural requirements of Switzerland.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order retaining this case on its docket, and an Order appointing Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention, and for such other and further relief to which Plaintiff may be justly entitled.

PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET AND MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS
SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)

Respectfully submitted,

FOGELMAN & VON FLATERN, LLP
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By: */s/ Alvaro "Al" Silverio*
Alvaro "Al" Silverio
Texas Bar No. 24108236
Email: al@fvlawfirm.com
Service: eservice@fvlawfirm.com

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET AND MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS
SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        121228265 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

6/24/2025 4:06:01 PM
Marilyn Burgess District Clerk
Harris County
Envelope No: 102374699
By: RODRIGUEZ, JIMMY E
Filed: 6/24/2025 4:06:01 PM

<u>CAUSE NO. 202505979</u>

| | | |
|---|---|---|
| MELVIN QUIJANO,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | <u>125TH</u> JUDICIAL DISTRICT |
| ELECTRA TRADING SA,<br>*Defendant.* | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET PENDING SERVICE UNDER THE HAGUE SERVICE CONVENTION AND MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER**

On this day, the Court considered Plaintiff's request to retain this case on the docket pending completion of international service of process under the Hague Service Convention. Plaintiff's further request for Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that this case shall remain on the Court's active docket to allow Plaintiff to complete service of process upon Defendant Electra Trading SA.

IT IS FURTHER ORDERED that Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention, is hereby appointed and authorized to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention.

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET AND MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)

FURTHERMORE, IT IS ORDERED that Plaintiff shall file periodic status reports with the Court every 90 days regarding the progress of service efforts until such time as service is perfected or further order of the Court.

SIGNED this ___ day of _____, 2025.

_____

JUDGE PRESIDING

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET AND MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        121228266 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2025 3:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102428888
By: Jimmy Rodriguez
Filed: 6/25/2025 3:27 PM

<u>CAUSE NO. 202505979</u>

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | <u>125TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS
SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF
THE HAGUE SERVICE CONVENTION (SWITZERLAND)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Melvin Quijano, and files this Motion for Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), and respectfully shows the Court as follows:

I.

<u>PARTIES AND JURISDICTION</u>

1.     Plaintiff has filed suit against Defendant, Electra Trading SA, in this Court.

2.     Defendant is located in Switzerland, a signatory to the Hague Service Convention.

3.     Plaintiff has been working with a process server in order to  complete service via the Hague Service Convention.

4.     This Court has jurisdiction over the subject matter and the parties.

PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF
THE HAGUE SERVICE CONVENTION (SWITZERLAND)

II.
## SERVICE ABROAD REQUIRED

6.     Because Defendant resides in Switzerland, service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rule of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

7.     Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Switzerland's designated Central Authority, which differs depending on the canton where Defendant is located.

III.
## REQUEST FOR APPOINTMENT

8.     Plaintiff respectfully requests that this Court appoint Crowe Foreign Services, or any competent person authorized to prepare, transmit, and forward the request to the appropriate Swiss Central Authority, in accordance with Chapter I, Article 3 of the Hague Service Convention and the specific procedural requirements of Switzerland.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order appointing Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention, and for such other and further relief to which Plaintiff may be justly entitled.

PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)

Respectfully submitted,

FOGELMAN & VON FLATERN, LLP
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By: */s/ Alvaro "Al" Silverio*
Alvaro "Al" Silverio
Texas Bar No. 24108236
Email: al@fvlawfirm.com
Service: eservice@fvlawfirm.com

ATTORNEY FOR PLAINTIFF

Certified Document Number: 121251633 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        121251633 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2025 3:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102427922
By: Jimmy Rodriguez
Filed: 6/25/2025 3:24 PM

<u>CAUSE NO. 202505979</u>

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | <u>125TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**<u>PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Melvin Quijano, and files this Motion to Retain Case on Docket and respectfully shows the Court as follows:

I.
<u>PARTIES AND JURISDICTION</u>

1.      Plaintiff has filed suit against Defendant, Electra Trading SA, in this Court.

2.      Defendant is located in Switzerland, a signatory to the Hague Service Convention.

3.      Plaintiff has been working with a process server in order to  complete service via the Hague Service Convention.

4.      This Court has jurisdiction over the subject matter and the parties.

5.       Plaintiff respectfully requests that the Court retain this case on its docket.

II.
<u>SERVICE ABROAD REQUIRED</u>

6.      Because Defendant resides in Switzerland, service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rule of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET

7.    Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Switzerland's designated Central Authority, which differs depending on the canton where Defendant is located.

III.
<u>REQUEST TO RETAIN CASE ON THE COURT'S DOCKET</u>

8.    Plaintiff respectfully requests that the Court retain this case on its docket and give Plaintiff time to effectively serve Defendant.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order retaining this case on its docket and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

FOGELMAN & VON FLATERN, LLP
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By: */s/ Alvaro "Al" Silverio*
Alvaro "Al" Silverio
Texas Bar No. 24108236
Email: al@fvlawfirm.com
Service: eservice@fvlawfirm.com

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        121250386 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2025 3:24:29 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 102427922
By: RODRIGUEZ, JIMMY E
Filed: 6/25/2025 3:24:29 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET PENDING SERVICE UNDER THE HAGUE SERVICE CONVENTION

On this day, the Court considered Plaintiff's request to retain this case on the docket pending completion of international service of process under the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that this case shall remain on the Court's active docket to allow Plaintiff to complete service of process upon Defendant Electra Trading SA.

FURTHERMORE, IT IS ORDERED that Plaintiff shall file periodic status reports with the Court every 90 days regarding the progress of service efforts until such time as service is perfected or further order of the Court.

SIGNED this ___ day of _____, 2025.

_____

JUDGE PRESIDING

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        121250387 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2025 3:27:39 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 102428888
By: RODRIGUEZ, JIMMY E
Filed: 6/25/2025 3:27:39 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | <u>125TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER

On this day, the Court considered Plaintiff's request for the Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS ORDERED that Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention, is hereby appointed and authorized to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention.

SIGNED this ___ day of _____, 2025.

_____
JUDGE PRESIDING

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:      121251634 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2025 3:24:29 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 102427922
By: RODRIGUEZ, JIMMY E
Filed: 6/25/2025 3:24:29 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET PENDING SERVICE UNDER THE HAGUE SERVICE CONVENTION**

On this day, the Court considered Plaintiff's request to retain this case on the docket pending completion of international service of process under the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that this case shall remain on the Court's active docket to allow Plaintiff to complete service of process upon Defendant Electra Trading SA.

FURTHERMORE, IT IS ORDERED that Plaintiff shall file periodic status reports with the Court every 90 days regarding the progress of service efforts until such time as service is perfected or further order of the Court.

SIGNED this ___ day of _____, 2025.

Signed:
6/26/2025

_____

JUDGE PRESIDING

Certified Document Number: 121284714 - Page 1 of 1

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:      121284714 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/5/2025 5:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104014170
By: Alyssa Henderson
Filed: 8/5/2025 5:43 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
|   Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
|   Defendant. | § | HARRIS COUNTY, TEXAS |

## NOTICE OF APPEARANCE
## AND DESIGNATION OF LEAD COUNSEL

**COME NOW,** Kip Brar, Natalie Elms, and Robert J. Carty, Jr. of the law firm of Suits & Boots Injury Lawyers and hereby files this Notice of Appearance on behalf of Melvin Quijano, Plaintiff in the above-entitled cause of action. Kip Brar is hereby designated as lead counsel for Plaintiff Melvin Quijano. Pursuant to the Texas Rules of Civil Procedure, all further notices and copies of pleadings, papers and other materials relevant to this action should also be directed and served upon:

<div align="center">

Kip Brar (lead counsel)
**Suits & Boots Injury Lawyers**
One Riverway Dr., Ste. 1767
Houston, TX 77056
(713) 955-1925 - Phone
(713) 583-8289 - Fax

</div>

Respectfully Submitted,

**SUITS & BOOTS INJURY LAWYERS**

By: _____

**Kip Brar**
Texas State Bar No. 24067333
Kip.Brar@CallTheSuits.com
**Natalie R. Elms**
Texas State Bar No. 24078475
Natalie.Elms@CallTheSuits.com
**Robert J. Carty, Jr.**
Texas State Bar No. 00788794
Rob.Carty@CallTheSuits.com
One Riverway Dr., Suite 1767
Houston, Texas 77056
(713) 955-1905 - Phone
(713) 583-8289 – Fax

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 5th day of August, 2025, pursuant to the Texas Rules of Civil Procedure.

_____
Kip Brar

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cody Mendez on behalf of Kuldeep Brar
Bar No. 24067333
cody.mendez@callthesuits.com
Envelope ID: 104014170
Filing Code Description: Notice
Filing Description: Notice of Appearance and Designation of Lead Counsel
Status as of 8/6/2025 8:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jasmin Alvarez | | jasmin.alvarez@callthesuits.com | 8/5/2025 5:43:36 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 8/5/2025 5:43:36 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 8/5/2025 5:43:36 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 8/5/2025 5:43:36 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 8/5/2025 5:43:36 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        121938373 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

8/29/2025 5:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105047969
By: Alyssa Henderson
Filed: 8/29/2025 5:28 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Melvin Quijano, and files this First Supplemental Motion for Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), and respectfully shows the Court as follows:

I.

PARTIES AND JURISDICTION

1. Plaintiff has filed suit against Defendant, Electra Trading SA, in this Court.

2. Defendant is located in Switzerland, a signatory to the Hague Service Convention.

3. Plaintiff has been working with a process server in order to complete service via the Hague Service Convention and obtained an Affidavit In Support of Plaintiff's Motion for Order Appointing International Process Server (Exhibit A).[1]

4. This Court has jurisdiction over the subject matter and the parties.

---

[1] **Exhibit A – Affidavit of Celeste Ingalls In Support of Motion For Order Appointing International Process Server**

PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)

Certified Document Number: 122381866 - Page 1 of 8

II.
## SERVICE ABROAD REQUIRED

6.     Because Defendant resides in Switzerland, service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rule of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

7.     Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Switzerland's designated Central Authority, which differs depending on the canton where Defendant is located.

III.
## REQUEST FOR APPOINTMENT

8.     Plaintiff respectfully requests that this Court appoint Crowe Foreign Services, or any competent person authorized to prepare, transmit, and forward the request to the appropriate Swiss Central Authority, in accordance with Chapter I, Article 3 of the Hague Service Convention and the specific procedural requirements of Switzerland.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order appointing Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

FOGELMAN & VON FLATERN, LLP
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By: */s/ Alvaro "Al" Silverio*
Alvaro "Al" Silverio
Texas Bar No. 24108236
Email: al@fvlawfirm.com
Service: eservice@fvlawfirm.com

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)

# EXHIBIT A

Certified Document Number: 122381866 - Page 4 of 8

CAUSE NO. 202505979

| | | |
|---|---|---|
| QUIJANO, MELVIN | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | 125TH  JUDICIAL DISTRICT |
| ELECTRA TRADING SA | § | |
| DEFENDANT | § | |
| | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF CELESTE INGALLS IN SUPPORT OF
## MOTION FOR ORDER APPOINTING INTERNATIONAL PROCESS SERVER

I declare that I, Celeste Ingalls, am a citizen of the United States, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1.     I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon, and have specialized in the service of civil process in foreign countries for more than 29 years.

2.     The United States and Switzerland are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at the Hague, November 15, 1965, (Hague Service Convention).

3.     In accordance with Rule 108a.(1)(d) of the Texas Rules of Civil Procedure, service in foreign countries shall be "pursuant to the terms and provisions of any applicable treaty or convention.

4.     I have lectured to state/county bar, and other professional associations on the mechanics and requirements of process service in foreign countries.

Certified Document Number: 122381866 - Page 5 of 8

5.    Since 2003, I have attended as a private expert all Special Administrative Sessions of the Hague Conference at The Hague, Netherlands for the Hague Service Convention. At these sessions, signatory countries are represented by their respective Judicial Authorities to discuss their country's interpretations and the practical mechanics of, as well as problems encountered in dealing with, the Hague Service Convention and its obligations.

6.    I have participated with the Hague Administration in a "training" session presided over by the Hague Administration to provide guidance to a foreign Central Authority and its courts on their practical obligations with respect to service under the provisions of the Hague Service Convention.

7.    Article 3 of the Hague Service Convention states "The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

8.    The United States Central Authority has further declared:

"The persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official, any attorney, or any other person or entity authorized by the rules of the court. The United States Central Authority plays no role in service requests involving persons or parties located abroad in private litigation matters and such requests are transmitted by the forwarding authorities in the United States directly to the requested State."

9.    In accordance with TCRP Rule 103: process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, **(2) any person authorized by law or by**

**written order of the court who is not less than eighteen years of age**, or (3) any person certified under order of the Supreme Court.

10.    I am not authorized to serve process in Texas and as such the herein requested Order is warranted to appoint me as authorized to request Hague service in Switzerland.

11.    The requested Order DOES NOT authorize Celeste Ingalls to actively or physically serve the documents in Switzerland.  This order authorizes Celeste Ingalls to issue and forward a Hague request for service to the designated and applicable Central Authority in Switzerland in accordance with the Hague Service Convention.

12.    When the documents are received by the Central Authority for Switzerland, it will take an average of 3-5 months to serve the defendant and return proof of service certificate and there is no available option for expediting this process.



SUBSCRIBED AND SWORN to before me this 14th day of April 2025.

Notary Public for Oregon

OFFICIAL STAMP
NAO SAKAMOTO
NOTARY PUBLIC - OREGON
COMMISSION NO. 1041421
MY COMMISSION EXPIRES OCTOBER 05, 2027

Certified Document Number: 12238186 6 - Page 7 of 8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Vanessa  Day on behalf of Alvaro Silverio
Bar No. 24108236
vanessa@fvlawfirm.com
Envelope ID: 105047969
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiffs First Supplemental Motion for Appointment of
International Process Server Pursuant to Chapter I, Article 3 Of the Hague
Service Convention (Switzerland)
Status as of 9/2/2025 8:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 8/29/2025 5:28:46 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 8/29/2025 5:28:46 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 8/29/2025 5:28:46 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 8/29/2025 5:28:46 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 8/29/2025 5:28:46 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        122381866 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/29/2025 5:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105048248
By: Jimmy Rodriguez
Filed: 8/29/2025 5:52 PM

<u>CAUSE NO. 202505979</u>

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | <u>125TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | HARRIS COUNTY, TEXAS |
| *Defendant.* | § | |

**<u>[PROPOSED] ORDER GRANTING PLAINTIFF'S FIRST SUPPLEMENTAL MOTION
FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER</u>**

On this day, the Court considered Plaintiff's request for the Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS ORDERED that Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention, is hereby appointed and authorized to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention.

SIGNED this ___ day of _____, 2025.

_____

JUDGE PRESIDING

PROPOSED ORDER GRANTING PLAINTIFF'S FIRST SUPPLEMETNAL MOTION FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:       122382233 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/10/2025 3:19 PM

Marilyn Burgess - District Clerk Harris County
Envelope No. 105459089
By: Alyssa Henderson
Filed: 9/10/2025 3:19 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
|   Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
|   Defendant. | § | HARRIS COUNTY, TEXAS |

## NOTICE OF CHANGE OF FIRM ADDRESS

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that, effective September 1, 2025, the undersigned attorneys' firm address has changed.  The new address is as follows:

600 Bering Dr., Suite 2000
Houston, Texas 77057

The Court is respectfully requested to update its records to reflect the new address provided above.  All other contact information for Suits & Boots Injury Lawyers and the undersigned attorneys has not changed.  This notice is made pursuant to Section 30.015 of the Texas Civil Practices and Remedies Code.

Respectfully Submitted,

**SUITS & BOOTS INJURY LAWYERS**

By: _____

**Kip Brar**
Texas State Bar No. 24067333
Kip.Brar@CallTheSuits.com
**Robert J. Carty, Jr.**
Texas State Bar No. 00788794
Rob.Carty@CallTheSuits.com

**Natalie Elms**
Texas State Bar No. 24078475
Natalie.Elms@CallTheSuits.com
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 - Phone
(713) 583-8289 - Fax

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record on September 10, 2025, pursuant to the Texas Rules of Civil Procedure.

_____
Kip Brar

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jasmin Alvarez on behalf of Kuldeep Brar
Bar No. 24067333
jasmin.alvarez@callthesuits.com
Envelope ID: 105459089
Filing Code Description: Notice
Filing Description: Notice of Change of Firm Address
Status as of 9/10/2025 3:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 9/10/2025 3:19:57 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 9/10/2025 3:19:57 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 9/10/2025 3:19:57 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 9/10/2025 3:19:57 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 9/10/2025 3:19:57 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 9/10/2025 3:19:57 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 9/10/2025 3:19:57 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        122557875 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/29/2025 5:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105048248
By: Jimmy Rodriguez
Filed: 8/29/2025 5:52 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER**

On this day, the Court considered Plaintiff's request for the Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS ORDERED that Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention, is hereby appointed and authorized to prepare, transmit, and effectuate service of process on Defendant Electra Trading SA through the appropriate Swiss Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention.

SIGNED this ___ day of _____, 2025.

Signed:
9/11/2025

_____

JUDGE PRESIDING

PROPOSED ORDER GRANTING PLAINTIFF'S FIRST SUPPLEMETNAL MOTION FOR THE APPOINTMENT OF INTERNATIONAL PROCESS SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE CONVENTION (SWITZERLAND)



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        122600555 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/17/2025 9:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105743545
By: Jimmy Rodriguez
Filed: 9/9/2025 2:01 PM

CAUSE NO. 202505979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF PROOF OF SERVICE ON
## DEFENDANT ELECTRA TRADING SA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Melvin Quijano, and files this Notice of Proof of Service by International Process Server Pursuant to Article 5 of the Hague Service Convention (Switzerland), and would respectfully show the Court as follows:

1. On August 16, 2025, service of Plaintiff's Original Petition was made upon Defendant Electra Trading SA at 6900 Paradiso, Riva Paradiso Palazzo Mantegazza.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Proof of Service/Affidavit of Service with Certificate of Translation executed by the process server.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully submits this Notice of Proof of Service on Defendant Electra Trading SA for inclusion in the Court's record.

Respectfully submitted,

FOGELMAN & VON FLATERN, LLP

3101 Bee Cave Road, Suite 301
Austin, Texas 78746
Tel. (512) 956-4789
Fax. (512) 956-9290

By: */s/ Alvaro "Al" Silverio*
Alvaro "Al" Silverio
Texas Bar No. 24108236
Email: al@fvlawfirm.com
Service: eservice@fvlawfirm.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT A

Certified Document Number: 122685769 - Page 2 of 7

<u>AFFIDAVIT OF ACCURATE TRANSLATION</u>

OREGON            )
                               ) ss.
County of Multnomah   )

     I declare that I, Celeste Ingalls, citizen of the United States, over the age of twenty-one, not a party to the issue in question, and having been duly sworn, depose and state the following:

     I am Director of Operations for Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon, specializing in providing accurate translation of legal, judicial, extra-judicial and general documents from the Italian language into the English language.

     I do hereby swear, under oath and penalty of perjury under the laws of the United States of America, that the attached English translation (Exhibit 1) is a true and accurate translation of the Switzerland Hague proof documents for service upon Electra Trading SA (Exhibit 2).

SUBSCRIBED AND SWORN to before me this 15th day of September 2025.

Notary Public for Oregon

OFFICIAL STAMP
**NAO SAKAMOTO**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1041421
MY COMMISSION EXPIRES OCTOBER 05, 2027

Certified Document Number: 122685769 - Page 3 of 7

**CERTIFIED MAIL**

<table>
<tr><td>Tel.<br>Fax</td><td>Law Courts Via Pretorio 16 6901 Lugano</td></tr>
<tr><td>Officer<br>In charge</td><td></td></tr>
<tr><td>E-mail</td><td></td></tr>
</table>

Repubblica e Cantone
del Ticino

**Appeals Court – International Rogatory Letters
6901 Lugano**

L. Celeste Ingalls - Crowe Foreign Services 733
SW Vista Avenue
US-97205 Portland
(Stati Uniti d'America)

| Our Ref. | Your Ref.. | Lugano |
|---|---|---|
| 342/2025 | - | August 25, 2025 |

**Request for notification of documents to Electra Trade SA, Paradiso**
Confirmation of Service - confirmation de notification - confirmation of service - Zustellungsbestatigung

Dear Sirs,

We transmit the attached document duly serviced to the addressee on August 16, 2025.

Yours sincerely.

For the President of the Appeals Court
Salvatore Zedda, secretary



[Stamp Of Ticino Canton Appeals Court]

[Stamp Of Ticino Canton Appeals Court]

<u>Attachments</u>: return documents + receipt confirmation

Certified Document Number: 122685769 - Page 4 of 7



## Attestation    Certificate *Zustellungszeugnis*    Certificate

L'autorite soussignee a l'honneur d'attester conformement a l'article 6 de ladite Convention,

THE UNDERSIGNED AUTHORITY HAS THE HONOUR TO CERTIFY, IN CONFORMITY WITH ARTICLE 6 OF THE CONVENTION,

*Die unterzeichnete Behdrde beehrt sich, nach Artikel 6 des Ubereinkommens zu bescheinigen,*

The undersigned authority hereby declares in accordance with Article 6 of said Convention,

1.  que la demande a ete executee[1]          That the DOCUMENT HAS BEEN SERVED[1] *dass das Ersuchen erledigt worden ist[)]* that the request has been executed [1]

- le (date) -THE (DATE) - *am (Datum)* - on (date)        08.16.2025 ...................................... ...................... .................................

- a (localite, rue, numero) - AT (PLACE, STREET, NUMBER) 6900 Paradiso, Riva Paradiso - Palazzo Mantegazza ...........................................

- *in (Ort, Strasse, Nummer)* - at (place, street, number) ........................................................ ......... ...... .....................

- dans une des formes suivantes prevues a l'article 5 - IN ONE OF THE FOLLOWING METHODS AUTHORISED BY ARTICLE 5:

- *in einer der folgenden Formen nach Artikel 5:*        - in one of the following methods provided for in Article 5:

a)   - selon les formes legales (article 5, alinea premier, lettre a)[1].

- IN ACCORDANCE WITH THE PROVISIONS OF SUB-PARAGRAPH (A) OF THE FIRST PARAGRAPH OF ARTICLE 5 OF THE CONVENTION[1]).

- *in einer der gesetzlichen Formen (Art. 5 Abs. 1 Bst. a)[)].*

- according to the legal methods (art. 5 paragraph 1 letter a)[l].

b)   - ~~selon la forme particuliere suivante%~~    ...........................................................................

- ~~IN ACCORDANCE WITH THE FOLLOWING PARTICULAR METHOD^~~ ................................T...............................................

*~~in der folgenden besonderen Form^i~~*       ...........................................................................

- ~~secondo la forma particolare seguent-e%~~   ...........................................................................

€) - ~~par remise simple^~~        - ~~BY DELIVERY TO THE ADDRESSEE, WHO ACCEPTED IT~~

~~VOLUNTARILY-⁴^~~

*~~durch einfache Ubergabe%~~*      - ~~mediante semplice consegna⁴^~~

Les documents mentionnes dans la demande ont ete remis a:

THE DOCUMENTS REFERRED TO IN THE REQUEST HAVE BEEN DELIVERED TO:

*Die in dem Ersuchen erwahnten Schriftstucke sind iibergeben worden an:*

The documents referred to in the request have been delivered to:

- (Identite et qualite de la personne): (IDENTITY AND DESCRIPTION OF   Ricci Henry .... ................................................

- *(Name undStellung der Person):* - (identity and description of the person): ..................................................................

- liens de parente, de subordination ou autres, avec le destinataire de l'acte:   Recipient in person/sole director

- RELATIONSHIP TO THE ADDRESSEE (FAMILY, BUSINESS OR OTHER):      .................................................................

- *Venvandtschafts-, Arbeits- oder sonstiges Verhaltnis zum Zustellungsempfanger:*  .................................................................

- kinship relation, hierarchy rapport, or other, to the recipient of the act:  .................................................................

2.  que la demande n'a pas ete executee, en raison des faits suivants[1]:   ..........................

THAT THE DOCUMENT HAS NOT BEEN SERVED, BY REASON OF THE FOLLOWING FACTS[1]): ............................................... .....

*dass das Ersuchen aus folgenden Grunden nicht erledigt werden konnte[)]:*  .................................................................

that the request has not been executed, for the following reasons [1]);  ........ ............ .......................................................

Conformement a l'article 12, alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint[1]).

IN CONFORMITY WITH THE SECOND PARAGRAPH OF ARTICLE 12 OF THE CONVENTION, THE APPLICANT IS REQUESTED TO PAY OR REIMBURSE THE EXPENSES DETAILED IN THE ATTACHED STATEMENT[1]).

*Nach Artikel 12 Absatz 2 des Ubereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten[r]\*.*

In accordance with Article 12, paragraph 2, of said Convention, the requesting party is asked to pay for or reimburse the costs detailed in the attached statement. [1]).

Annexes: ANNEXES: *Beilagen:*     Atttachments: .................................... ........... ................................................................

Pieces renvoyees:    DOCUMENTS RETURNED: ...................................................... ...................................................................

*Zuruckgesandte Schriftstucke:* Returned documents: .....................................................................

Le cas echeant, les documents justificatifs de 1'execution:   IN APPROPRIATE CASES, DOCUMENTS ESTABLISHING THE SERVICE:

*Gegebenenfalls Erledigungsstucke:*        If appropriate, the documents proving service was done:

Fait a / le     DONE AT / THE     **Signature et/ou cachet**

*Ausgefertigt in  /  am Fatto a / il .*   SIGNATURE AND/OR STAMP

Lugano, 25.08.2025. . . . . . . . . . . . . . . . . . .   *Unterschrift und/oder Stempel*

Signature and/or stamp



**1) Rayer les mentions inutiles DELETE IF INAPPROPRIATE**   *Unzutreffende streichen*   delete unnecessary annotations

[Stamp Of Ticino Canton Appeals Court]

**RACCOMANDATA**

ti

Palazzo di giustizia
Via Pretorio 16
6901 Lugano

telefono
fax

Repubblica e Cantone
del Ticino

**Tribunale d'appello**
**Rogatorie internazionali**
**6901 Lugano**

Funzionario/a
incaricato/a

Email

L. Celeste Ingalls - Crowe Foreign Services
733 SW Vista Avenue
US-97205 Portland
(Stati Uniti d'America)

Nostro rif.
342/2025

Vostro rif.
--

Lugano
25 agosto 2025

**Domanda rogatoriale di notifica atti a Electra Trade SA, Paradiso**
Conferma di notifica - confirmation de notification - confirmation of service - Zustellungsbestätigung

Gentili Signore, Egregi Signori,

trasmettiamo l'unito atto debitamente notificato al destinatario in data 16 agosto 2025.

Distinti saluti.

Per il Presidente del Tribunale d'appello
Salvatore Zedda, segretario



<u>Allegati</u>: atti di ritorno + attestazione di ricevuta

*Exhibit 2*

| Attestation | CERTIFICATE | *Zustellungszeugnis* | Attestazione |

**L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,**
THE UNDERSIGNED AUTHORITY HAS THE HONOUR TO CERTIFY, IN CONFORMITY WITH ARTICLE 6 OF THE CONVENTION,
*Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,*
L'autorità sottoscritta si pregia attestare in conformità all'art. 6 di detta Convenzione,

1.  **que la demande a été exécutée[1])**     THAT THE DOCUMENT HAS BEEN SERVED[1])
    *dass das Ersuchen erledigt worden ist[1])*   che la domanda è stata eseguita[1])
    **- le (date)** - THE (DATE) - *am (Datum)*   - il (data)      16.08.2025 ..................................
    - **à (localité, rue, numéro)** - AT (PLACE, STREET, NUMBER)   6900 Paradiso, Riva Paradiso – Palazzo Mantegazza..........
    - *in (Ort, Strasse, Nummer)* - a (località, via, numero)
    - **dans une des formes suivantes prévues à l'article 5:**   - IN ONE OF THE FOLLOWING METHODS AUTHORISED BY ARTICLE 5:
    - *in einer der folgenden Formen nach Artikel 5:*   - in una delle seguenti forme previste dall'articolo 5:
a)  **- selon les formes légales (article 5, alinéa premier, lettre a)[1]).**
    - IN ACCORDANCE WITH THE PROVISIONS OF SUB-PARAGRAPH (A) OF THE FIRST PARAGRAPH OF ARTICLE 5 OF THE CONVENTION[1]).
    - *in einer der gesetzlichen Formen (Art. 5 Abs. 1 Bst. a)[1]).*
    - secondo le forme di legge (art. 5 comma 1 lett. a)[1]).
b)  ~~- selon la forme particulière suivante[1]);~~
    ~~- IN ACCORDANCE WITH THE FOLLOWING PARTICULAR METHOD[1]);~~   .........................................................
    ~~- in der folgenden besonderen Form[1]);~~   .........................................................
    ~~- secondo la forma particolare seguente[1]);~~   .........................................................
c)  ~~- par remise simple[1]).~~   ~~- BY DELIVERY TO THE ADDRESSEE, WHO ACCEPTED IT VOLUNTARILY[1])~~
    ~~- durch einfache Übergabe[1]);~~   ~~- mediante semplice consegna[1]).~~

**Les documents mentionnés dans la demande ont été remis à:**
THE DOCUMENTS REFERRED TO IN THE REQUEST HAVE BEEN DELIVERED TO:
*Die in dem Ersuchen erwähnten Schriftstücke sind übergeben worden an:*
I documenti di cui alla domanda sono stati consegnati a:
- **(Identité et qualité de la personne):**  (IDENTITY AND DESCRIPTION OF   Ricci Henry ...............................................
- *(Name und Stellung der Person):*  - (identità e qualità della persona).
- **liens de parenté, de subordination ou autres, avec le destinataire de l'acte:**   Destinatario in persona/amministratore unico
- RELATIONSHIP TO THE ADDRESSEE (FAMILY, BUSINESS OR OTHER):   ..............................................
- *Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:*   ..............................................
- rapporto di parentela, di subordinazione od altro, con il destinatario dell'atto:   ..............................................

**2. que la demande n'a pas été exécutée, en raison des faits suivants[1]):**
THAT THE DOCUMENT HAS NOT BEEN SERVED, BY REASON OF THE FOLLOWING FACTS[1]):
*dass das Ersuchen aus folgenden Gründen nicht erledigt werden konnte[1]:*
che la domanda non è stata eseguita, per i seguenti motivi[1]):

**Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint[1]).**
IN CONFORMITY WITH THE SECOND PARAGRAPH OF ARTICLE 12 OF THE CONVENTION, THE APPLICANT IS REQUESTED TO PAY OR REIMBURSE THE EXPENSES DETAILED IN THE ATTACHED STATEMENT[1]).
*Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten[1])*
In conformità all'articolo 12 comma 2 di detta Convenzione, il richiedente è pregato di pagare o rimborsare le spese indicate dettagliatamente nella memoria allegata[1]).

**Annexes:** ANNEXES:   *Beilagen:*   Allegati:   .........................................................

**Pièces renvoyées:**   DOCUMENTS RETURNED:   .........................................................
*Zurückgesandte Schriftstücke:*  Atti restituiti:

**Le cas échéant, les documents justificatifs de l'exécution:**   IN APPROPRIATE CASES, DOCUMENTS ESTABLISHING THE SERVICE:
*Gegebenenfalls Erledigungsstücke:*   Se del caso, gli atti che ne comprovano l'esecuzione:
..........................................................................................................
..........................................................................................................
..........................................................................................................
..........................................................................................................
..........................................................................................................

**Fait à / le**   DONE AT / THE   **Signature et/ou cachet**
                                     SIGNATURE AND/OR STAMP
*Ausgefertigt in / am   Fatto a / il*
Lugano, 25.08.2025 ...........................   *Unterschrift und/oder Stempel*

                                     Firma e/o timbro
1)   **Rayer les mentions inutiles**   DELETE IF INAPPROPRIATE   *Unzutreffendes streichen*   Cancellare le annotazioni inutili



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        122685769 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# JUDGE KYLE CARTER

125th JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002

10/01/2025

DEAR COUNSEL AND/OR PRO SE PARTIES:

OUR COURT RECORDS INDICATE THAT DUE TO INACTIVITY THE REFERENCED CASE
IS ELIGIBLE FOR DISMISSAL FOR WANT OF PROSECUTION BECAUSE EITHER NO
SERVICE HAS BEEN ACCOMPLISHED OR NO ANSWER HAS BEEN FILED FOR ALL ACTIVE
PARTIES LISTED AS NAMED DEFENDANTS IN THE CASE.  THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION UNLESS ONE OF THE FOLLOWING IS
ACCOMPLISHED PRIOR to December 15, 2025, AT 8:00 A.M.

1. A FINAL DEFAULT JUDGMENT IS SIGNED FOR ALL ACTIVE PARTIES
WHO ARE LISTED AS NAMED DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) IN THIS CASE BEFORE THE ABOVE DISMISSAL DATE.
Cases with Interlocutory Default judgments are not final and are subject
to DISMISSAL FOR WANT OF PROSECUTION. In cases where DEFENDANTS have
been disposed of by nonsuit, summary judgment or other dispositive
motion and have remaining named DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) that have not been served, filed answers, or had
default judgments taken against them, are subject to DISMISSAL FOR WANT
OF PROSECUTION. Please call the clerks at (832) 927-2550 to set your
default for an oral hearing. Defaults must be set on the oral docket.

2. AN ANSWER IS FILED for all active parties listed as named Defendant
in the case, OR

3.  A VERIFIED MOTION TO RETAIN AND PROPOSED ORDER IS FILED ON OR
BEFORE: December 15, 2025.  IF YOU HAVE ANY CONCERN YOU ARE REQUIRED
TO FILE A MOTION TO RETAIN. FAILURE TO FILE A MOTION TO RETAIN WILL BE
DEEMED AS NON-OPPOSITION TO DISMISSAL FOR WANT OF PROSECUTION.  Do not
set Motions to Retain for submission as they will be considered by the
court prior to dismissal.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE
Trial COORDINATOR MELISSA TORRES AT: Melissa_torres@justex.net or
(832) 927-2553. Please go to www.HCDistrictclerk.com to view the file.

PLEASE TAKE NOTICE THIS NOTICE OF DISMISSAL IS NOT A SETTING FOR AN ORAL
HEARING

KYLE CARTER

JUDGE, 125TH DISTRICT COURT

CASE - 202505979        FILED - 20250128        COURT - 125th
TYPE - OTHER INJURY OR DAMAGE
QUIJANO, MELVIN VS ELECTRA TRADING SA

2

ELECTRA TRADING SA
RIVA PARADISO 09
PALAZZO
6900 PARADISO

JCVG01

Certified Document Number: 122940670 - Page 1 of 2

# JUDGE KYLE CARTER
## 125th JUDICIAL DISTRICT COURT
## CIVIL COURTS BUILDING
## HOUSTON, TEXAS 77002

10/01/2025

DEAR COUNSEL AND/OR PRO SE PARTIES:

OUR COURT RECORDS INDICATE THAT DUE TO INACTIVITY THE REFERENCED CASE
IS ELIGIBLE FOR DISMISSAL FOR WANT OF PROSECUTION BECAUSE EITHER NO
SERVICE HAS BEEN ACCOMPLISHED OR NO ANSWER HAS BEEN FILED FOR ALL ACTIVE
PARTIES LISTED AS NAMED DEFENDANTS IN THE CASE.  THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION UNLESS ONE OF THE FOLLOWING IS
ACCOMPLISHED PRIOR to December 15, 2025, AT 8:00 A.M.

1. A FINAL DEFAULT JUDGMENT IS SIGNED FOR ALL ACTIVE PARTIES
WHO ARE LISTED AS NAMED DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) IN THIS CASE BEFORE THE ABOVE DISMISSAL DATE.
Cases with Interlocutory Default judgments are not final and are subject
to DISMISSAL FOR WANT OF PROSECUTION. In cases where DEFENDANTS have
been disposed of by nonsuit, summary judgment or other dispositive
motion and have remaining named DEFENDANTS (including COUNTER-DEFENDANTS
and CROSS-DEFENDANTS) that have not been served, filed answers, or had
default judgments taken against them, are subject to DISMISSAL FOR WANT
OF PROSECUTION. Please call the clerks at (832) 927-2550 to set your
default for an oral hearing. Defaults must be set on the oral docket.

2. AN ANSWER IS FILED for all active parties listed as named Defendant
in the case, OR

3.  A VERIFIED MOTION TO RETAIN AND PROPOSED ORDER IS FILED ON OR
BEFORE: December 15, 2025.  IF YOU HAVE ANY CONCERN YOU ARE REQUIRED
TO FILE A MOTION TO RETAIN. FAILURE TO FILE A MOTION TO RETAIN WILL BE
DEEMED AS NON-OPPOSITION TO DISMISSAL FOR WANT OF PROSECUTION.  Do not
set Motions to Retain for submission as they will be considered by the
court prior to dismissal.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE
Trial COORDINATOR MELISSA TORRES AT: Melissa_torres@justex.net or
(832) 927-2553. Please go to www.HCDistrictclerk.com to view the file.

PLEASE TAKE NOTICE THIS NOTICE OF DISMISSAL IS NOT A SETTING FOR AN ORAL
HEARING

KYLE CARTER

JUDGE, 125TH DISTRICT COURT

CASE - 202505979        FILED - 20250128      COURT - 125th
TYPE - OTHER INJURY OR DAMAGE
QUIJANO, MELVIN VS ELECTRA TRADING SA

24067333

KULDEEP S. BRAR
1 RIVERWAY, SUITE 1741
HOUSTON, TX 77056

JCVG01



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        122940670 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/21/2025 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108352445
By: Kerrylone Asberry
Filed: 11/21/2025 3:45 PM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD | § | HARRIS COUNTY, TEXAS |
| (AMERICA) LLC, HAPAG-LLOYD AG, | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD., CAI INTERNATIONAL INC., and | § | |
| ANGELO-EASTERN (GERMANY) GmbH, | § | |
| *Defendants.* | | |

## **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Melvin Quijano ("Plaintiff"), in the above styled and numbered cause and files this his First Amended Petition against Defendant Electra Trading SA ("Electra Trading"), Defendant Hapag-Lloyd (America) LLC ("Hapag-Lloyd America"), Defendant Hapag-Lloyd AG ("Hapag-Lloyd AG"), Defendant Textainer Equipment Management Ltd. ("Textainer Equipment"), Defendant CAI International Inc. ("CAI International"), and Defendant Angelo-Eastern (Germany) GmbH ("Angelo-Eastern"), and for cause of action would show the Court as follows:

I.
Discovery

1.    Plaintiff intends to conduct discovery pursuant to Level 3. *See* Tex. R. Civ. P. 190.4.

II.
Parties and Service

2.    Plaintiff is an individual residing in Harris County, Texas.

1

3.    Defendant Electra Trading SA is an international company doing business in the State of Texas and has already been served in this lawsuit.

4.    Defendant Hapag-Lloyd (America) LLC is a foreign limited liability company doing business in the State of Texas and may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5.    Defendant Hapag-Lloyd AG is an international company domiciled in Germany doing business in the state of Texas. Hapag-Lloyd AG may be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by issuing a citation via Germany's designated Central Authority: Bundesamt für Justiz, 53094 Bonn, Germany.

6.    Defendant Textainer Equipment Management Ltd. is a foreign company doing business in the state of Texas with its principal place of business located at 650 California St., 16th Floor, San Francisco, California. Textainer Equipment Management Ltd. is a non-resident as that term is used in Chapter 17, subchapter C of the Texas Civil Practices and Remedies Code but has not designated or maintained a registered agent in Texas. Accordingly, service may be effected through the Texas Secretary of State.

7.    Defendant CAI International Inc. is a foreign company doing business in the State of Texas and may be served through its registered agent, Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th St., Ste. 620, Austin, Texas 78701.

8.    Defendant Angelo-Eastern (Germany) GmbH is an international company domiciled in Germany and doing business in the state of Texas. Angelo-Eastern (Germany) GmbH may be served pursuant to the Hague Convention on the Service Abroad of Judicial and

Certified Document Number: 12383062 - Page 2 of 12

Extrajudicial Documents in Civil or Commercial Matters by issuing a citation via Germany's designated Central Authority: Bundesamt für Justiz, 53094 Bonn, Germany.

<div align="center">

III.
Jurisdiction and Venue

</div>

9.      Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $1,000,000.00 but not more than $5,000,000.00, within the jurisdictional limits of this Court.

10.     Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because a substantial part of the events or omissions giving rise to the lawsuit occurred here.

<div align="center">

IV.
Facts

</div>

11.     On May 7, 2024, Plaintiff was working at the Port of Houston unloading shipping containers for eventual transport of their contents to the warehouse of his employer, Access World (USA) LLC ("Access World").

12.     On that date, three freight containers arrived aboard the M/V *TEMPANOS* through the Port of Houston after ocean carriage with Hapag-Lloyd America and Hapag-Lloyd AG (collectively, the "**Hapag-Lloyd Defendants**") (BMOU2728682, TEMU1788593, and CAIU2931600).

13.     The *M/V TEMPANOS* is owned and operated/managed by Angelo-Eastern, which was responsible for discharging the three freight containers from the vessel to the marine terminal at the Port of Houston. Upon information and belief, as part of the discharge operations, Angelo-Eastern was responsible for coordinating with terminal operators and ensuring that proper cargo documentation and handling information accompanied the containers during the transfer from vessel to terminal.

Certified Document Number: 123830362 - Page 3 of 12

14.     The Hapag-Lloyd Defendants acted as the contracting ocean carrier for the shipment and controlled whether the containers would be released from the marine terminal. As such, they had a duty to exercise reasonable care before accepting containers for ocean carriage and before deciding to release freight containers from the marine terminal for pickup and to withhold or, at a minimum, warn downstream handlers of any unloading hazard associated with the container.

15.     In the ordinary course of his duties, Plaintiff unsealed and carefully opened the left door of one of the containers. Immediately upon cracking the door, unsecured cargo/wooden material released from inside the container and propelled forward onto Plaintiff's head and face, causing him to fall to the ground and lose consciousness, and resulting in severe injuries.

16.     Electra Trading, Textainer Equipment, and CAI International owned the three freight containers at issue.

17.     At this time, it is unknown which of the three containers Plaintiff was unloading when the incident occurred.

18.     Electra Trading, Textainer Equipment, or CAI International owned the subject container that Plaintiff was unloading when the incident occurred. Upon information and belief, the owner of the subject container packed or caused it to be packed and sealed before tender to the carrier but failed to properly secure the cargo, creating a non-obvious unloading hazard. The dangerous condition was latent and not open and obvious to Plaintiff before opening the container.

Certified Document Number: 12383362 - Page 4 of 12

V.

Causes of Action

Count 1: Negligence against the Container Owner Defendants (Electra Trading, Textainer Equipment, and CAI International)

19.    All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

20.    Upon information and belief, Electra Trading, Textainer Equipment, and CAI International (hereinafter, the "**Container Owner Defendants**") were responsible for the packing and sealing of the containers—whether performed directly or through agents and contractors—and had exclusive access to and/or control over their interior conditions before tender to the carrier.

21.    The Container Owner Defendants owed a duty of ordinary care so that the freight container could be safely unloaded by downstream handlers. This includes duties to maintain the shipping container in a reasonably safe condition for packing and unloading; to properly pack, brace, and secure cargo in the container; to conduct a reasonable inspection to identify and correct hazardous conditions created by packing/securement before sealing the container; and to warn carriers and downstream handlers of non-apparent hazards.

22.    The Container Owner Defendants knew or should have known that the cargo within the subject container was not properly secured, as they either had direct knowledge from their own packing operations or should have discovered the condition through reasonable supervision and inspection of packing performed on their behalf.

23.    The Container Owner Defendants breached these duties by, among other things, failing to properly pack, brace, and secure the cargo or failing to adequately supervise packing operations performed on their behalf; failing to ensure the cargo could be safely unloaded; failing

5

to reasonably inspect the container before sealing; and failing to adequately warn of a non-apparent hazard.

24.     The Container Owner Defendants' negligence proximately caused Plaintiff's injuries and damages.

<u>Count 2: Negligence against the Hapag-Lloyd Defendants</u>

25.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

26.     The Hapag-Lloyd Defendants, as the contracting ocean carrier, had a duty to exercise reasonable care before accepting containers for ocean carriage and before deciding to release freight containers from the marine terminal for pickup and to withhold or, at a minimum, warn downstream handlers of any unloading hazard associated with the container.

27.     The Hapag-Lloyd Defendants breached their duty of ordinary care by, upon information and belief, failing to require or verify proper container load certifications, cargo securing documentation, or other documentation regarding safe handling and unloading before accepting the containers for ocean carriage, and by releasing the subject container from the marine terminal without ensuring that adequate handling and safety information was provided to downstream handlers.

28.     The Hapag-Lloyd Defendants' negligence proximately caused Plaintiff's injuries and damages.

29.     In the alternative, to the extent the Hapag-Lloyd Defendants or their agents opened, resealed, or inspected the container prior to release from the marine terminal, the Hapag-Lloyd Defendants owed a duty to exercise reasonable care in that undertaking and not to increase the risk

Certified Document Number: 123830362 - Page 6 of 12

of harm. The Hapag-Lloyd Defendants breached that duty by negligently performing that undertaking, and such negligence proximately caused Plaintiff's injuries.

<div align="center">Count 3: Negligence against Angelo-Eastern</div>

30.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

31.     Angelo-Eastern owned and operated/managed the M/V *TEMPANOS* and was responsible for discharging the subject freight container from the vessel at the Port of Houston. As a vessel owner and operator, Angelo-Eastern owed a duty under general maritime law to exercise proper care in the discharge of cargo so as not to create or increase a risk of injury to foreseeable downstream handlers. This includes duties to ensure cargo is discharged in a reasonably safe condition, to protect cargo and handlers during the discharge process, and to communicate any known hazards associated with the cargo to terminal operators and downstream handlers.

32.     Upon information and belief, Angelo-Eastern breached these duties by failing to ensure that proper cargo documentation and handling information for the subject freight container was verified during discharge operations and communicated to terminal operators and downstream handlers. Angelo-Eastern further breached its duty by discharging and releasing a freight container containing unsecured cargo that created a dangerous condition for downstream handlers without providing adequate warning of this hazard.

33.     Angelo-Eastern's breaches of its duties proximately caused Plaintiff's injuries and damages.

<div align="center">Count 4: Negligence Against Hapag-Lloyd Defendants Under the LHWCA (Alternative Claim)</div>

34.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

<div align="center">7</div>

35.     This claim is pleaded in the alternative to Count 2. To the extent Plaintiff's injuries are governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.*, Plaintiff asserts a claim under § 905(b).

36.     The Hapag-Lloyd Defendants, as the contracting ocean carriers for the shipment aboard the M/V *TEMPANOS*, owed Plaintiff duties under the LHWCA, including: (i) the duty to turn over cargo in a condition allowing handlers to work with reasonable safety; (ii) the duty to warn of latent hazards about which the vessel knew or should have known; (iii) the duty to exercise reasonable care in areas under the vessel's active control; and (iv) the duty to intervene if the vessel has actual knowledge work is being performed dangerously.

37.     The Hapag-Lloyd Defendants breached their turnover duty and duty to warn by releasing the subject freight container from the marine terminal without ensuring it was in a safe condition for unloading and without warning of the latent hazard created by unsecured cargo. Upon information and belief, the Hapag-Lloyd Defendants knew or should have known of this hazard through documentation provided by the shipper, cargo manifests, or their role in accepting and controlling the release of containers yet failed to warn Plaintiff or other handlers. The hazard was not obvious or apparent from external observation of the sealed container.

38.     The Hapag-Lloyd Defendants' breach of their duties proximately caused Plaintiff's injuries and damages.

Count 5: Negligence Against Angelo-Eastern Under the LHWCA (Alternative Claim)

39.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

40.     This claim is pleaded in the alternative to Count 3. To the extent Plaintiff's injuries are governed by the LHWCA, 33 U.S.C. § 901 *et seq.*, Plaintiff asserts a claim under § 905(b).

Certified Document Number: 12383062 - Page 8 of 12

41.    Angelo-Eastern, as owner and operator of the M/V *TEMPANOS*, owed Plaintiff duties under the LHWCA, including: (i) the duty to turn over cargo in a condition allowing handlers to work with reasonable safety; (ii) the duty to warn of latent hazards about which the vessel knew or should have known; (iii) the duty to exercise reasonable care in areas under the vessel's active control; and (iv) the duty to intervene if the vessel has actual knowledge work is being performed dangerously.

42.    Angelo-Eastern breached its turnover duty and duty to warn by failing to turn over the subject freight container in a safe condition for unloading and by failing to warn of the latent hazard created by unsecured cargo inside the container. Upon information and belief, Angelo-Eastern knew or should have known of this hazard through cargo manifests, load documentation, or communications with the shipper or carrier yet failed to warn Plaintiff or other handlers. The hazard was not obvious or apparent from external observation of the sealed container.

43.    Angelo-Eastern's breaches of its duties proximately caused Plaintiff's injuries and damages.

## VI.
## Damages

44.    As a direct and proximate cause of Defendants' above-described conduct, Plaintiff suffered serious injuries and incurred the following damages in an unliquidated amount to be determined by a jury:

   a.    Reasonable and necessary medical expenses incurred in the past;

   b.    Reasonable and necessary medical expenses that, in reasonable probability, will be incurred in the future;

   c.    Physical pain and suffering in the past;

   d.    Physical pain and suffering in the future;

   e.    Physical impairment in the past;

Certified Document Number: 123830362 - Page 9 of 12

Certified Document Number: 12383036.2 - Page 10 of 12

f.   Physical impairment that, in all reasonable probability, will be suffered in the future;

g.   Loss of earning capacity in the past;

h.   Loss of earning capacity that, in all reasonable probability, will be suffered in the future;

i.   Mental anguish in the past; and

j.   Mental anguish that, in all reasonable probability, will be suffered in the future.

VII.
Demand for Jury Trial

45.     Plaintiff hereby demands a jury trial and has tendered the requisite fee when filing his original petition.

VIII.
Notice of Initial Disclosures

46.     Pursuant to Tex. R. Civ. P. 194.2, the parties are required to exchange initial disclosures—the information and documents required under Tex. R. Civ. P. 194.2(b)—without a request within 30 days after the first answer is filed.

47.     For a party that is served or joined in the lawsuit after the first answer is filed, initial disclosures are due 30 days after service of the citation and petition.

48.     The discovery period does not begin until the initial disclosures are due.

IX.
Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melvin Quijano respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the

legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

<div align="center">Respectfully submitted,</div>

**SUITS & BOOTS INJURY LAWYERS**

By: _____

**Kip Brar**
Texas State Bar No. 24067333
*Kip.Brar@callthesuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@callthesuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@callthesuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@callthesuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 - Phone
(713) 583-8289 – Fax

**FOGELMAN & VAN FLATERN, LLP**

Alvaro "Al" Silverio
Texas State Bar No. 24108236
Al@fvlawfirm.com
Service: eservice@fvlawfirm.com
3101 Bee Cave Road, Ste 301
Austin, TX 78746
(512) 956-4789 – Phone
(512) 956-9290 – Fax

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jasmin Alvarez on behalf of Kuldeep Brar
Bar No. 24067333
jasmin.alvarez@callthesuits.com
Envelope ID: 108352445
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Petition
Status as of 11/21/2025 4:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 11/21/2025 3:45:29 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 11/21/2025 3:45:29 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 11/21/2025 3:45:29 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        123830362 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



12/1/2025 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108545416
By: Kerrylone Asberry
Filed: 12/1/2025 9:49 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's First Amended Original Petition

**FILE DATE:** 11/21/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Angelo-Eastern (Germany) GmbH

Address of Service: Raboisen 28

City, State & Zip: 20095 Hamburg, Germany

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☐ **Citation**      ☐ **Citation by Posting**      ☐ **Citation by Publication**      ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**      Newspaper_____

☐ **Temporary Restraining Order**      ☐ **Precept**      ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**      ☐ **Capias** (not by E-Issuance)      ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**      ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**      ☑ **Hague Convention ($16.00)**      ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)      ☐ **Injunction**      ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____      ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
☐ **CONSTABLE**          *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**          used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**          Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____      Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Kip Brar          Bar # or ID   24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123922533 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/1/2025 9:49:17 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 108545416
By: ASBERRY, KERRYLONE L
Filed: 12/1/2025 9:49:17 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's First Amended Original Petition

**FILE DATE:** 11/21/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** CAI International Inc.

Address of Service: 211 East 7th Street, Ste. 620

City, State & Zip: Austin, TX 78701

Agent (if applicable) Corporation Services Company d/b/a CSC Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☑ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**   ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____       **(No Service Copy Fees Charged)**
☐ **CONSTABLE**          *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**      used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar          Bar # or ID  24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905

Certified Document Number: 123922535 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123922535 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

12/1/2025 9:49:17 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 108545416
By: ASBERRY, KERRYLONE L
Filed: 12/1/2025 9:49:17 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's First Amended Original Petition

**FILE DATE:** 11/21/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Hapag Lloyd AG

Address of Service: Ballindamm 25

City, State & Zip: D-20095 Hamburg, Germany

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper_____
- [ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**  [ ] **Capias** (not by E-Issuance)  [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**  [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**  [x] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)  [ ] **Injunction**  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**
- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note*: The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar   Bar # or ID 24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        123922536 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/1/2025 9:49:17 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 108545416
By: ASBERRY, KERRYLONE L
Filed: 12/1/2025 9:49:17 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2025-05979      **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's First Amended Original Petition

**FILE DATE:** 11/21/2025     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Hapag Lloyd (America) LLC

Address of Service: 1999 Bryan St., Ste. 900

City, State & Zip: Dallas, TX 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [☑] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper** _____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____   [☑] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by CONSTABLE**   used to retrieve the E-issuance Service Documents.
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**   Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar    Bar # or ID 24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        123922537 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/1/2025 9:49:17 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 108545416
By: ASBERRY, KERRYLONE L
Filed: 12/1/2025 9:49:17 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:**  Plaintiff's First Amended Original Petition

**FILE DATE:** 11/21/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Textainer Equipment Management Ltd.

Address of Service:  650 California St., 16th Floor

City, State & Zip: San Francisco, CA 94108

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**    [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [x] **Secretary of State Citation ($12.00)**    [ ] **Capias** (not by E-Issuance)    [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**    [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [ ] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)    [ ] **Injunction**    [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**
- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note:* The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Kip Brar          Bar # or ID  24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123922539 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2025 9:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108596739
By: Kerrylone Asberry
Filed: 12/2/2025 9:21 AM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD | § | HARRIS COUNTY, TEXAS |
| (AMERICA) LLC, HAPAG-LLOYD AG, | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD., CAI INTERNATIONAL INC., and | § | |
| ANGLO-EASTERN (GERMANY) GmbH, | § | |
| *Defendants.* | | |

## **PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Melvin Quijano ("Plaintiff"), in the above styled and numbered cause and files this his Second Amended Petition against Defendant Electra Trading SA ("Electra Trading"), Defendant Hapag-Lloyd (America) LLC ("Hapag-Lloyd America"), Defendant Hapag-Lloyd AG ("Hapag-Lloyd AG"), Defendant Textainer Equipment Management Ltd. ("Textainer Equipment"), Defendant CAI International Inc. ("CAI International"), and Defendant Anglo-Eastern (Germany) GmbH ("Anglo-Eastern"), and for cause of action would show the Court as follows:

I.
Discovery

1.    Plaintiff intends to conduct discovery pursuant to Level 3. *See* Tex. R. Civ. P. 190.4.

II.
Parties and Service

2.    Plaintiff is an individual residing in Harris County, Texas.

1

3. Defendant Electra Trading SA is an international company doing business in the State of Texas and has already been served in this lawsuit.

4. Defendant Hapag-Lloyd (America) LLC is a foreign limited liability company doing business in the State of Texas and may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5. Defendant Hapag-Lloyd AG is an international company domiciled in Germany doing business in the state of Texas. Hapag-Lloyd AG may be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by issuing a citation via Germany's designated Central Authority: Bundesamt für Justiz, 53094 Bonn, Germany.

6. Defendant Textainer Equipment Management Ltd. is a foreign company doing business in the state of Texas with its principal place of business located at 650 California St., 16th Floor, San Francisco, California. Textainer Equipment Management Ltd. is a non-resident as that term is used in Chapter 17, subchapter C of the Texas Civil Practices and Remedies Code but has not designated or maintained a registered agent in Texas. Accordingly, service may be effected through the Texas Secretary of State.

7. Defendant CAI International Inc. is a foreign company doing business in the State of Texas and may be served through its registered agent, Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th St., Ste. 620, Austin, Texas 78701.

8. Defendant Anglo-Eastern (Germany) GmbH is an international company domiciled in Germany and doing business in the state of Texas. Anglo-Eastern (Germany) GmbH may be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Certified Document Number: 123949259 - Page 2 of 12

Documents in Civil or Commercial Matters by issuing a citation via Germany's designated Central

Authority: Bundesamt für Justiz, 53094 Bonn, Germany.

<div align="center">

III.
Jurisdiction and Venue

</div>

9.      Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $1,000,000.00

but not more than $5,000,000.00, within the jurisdictional limits of this Court.

10.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code §

15.002(a)(1) because a substantial part of the events or omissions giving rise to the lawsuit

occurred here.

<div align="center">

IV.
Facts

</div>

11.      On May 7, 2024, Plaintiff was working at the Port of Houston unloading shipping

containers for eventual transport of their contents to the warehouse of his employer, Access World

(USA) LLC ("Access World").

12.      On that date, three freight containers arrived aboard the M/V *TEMPANOS* through

the Port of Houston after ocean carriage with Hapag-Lloyd America and Hapag-Lloyd AG

(collectively, the "**Hapag-Lloyd Defendants**") (BMOU2728682, TEMU1788593, and

CAIU2931600).

13.      The *M/V TEMPANOS* is owned and operated/managed by Anglo-Eastern, which

was responsible for discharging the three freight containers from the vessel to the marine terminal

at the Port of Houston. Upon information and belief, as part of the discharge operations, Anglo-

Eastern was responsible for coordinating with terminal operators and ensuring that proper cargo

documentation and handling information accompanied the containers during the transfer from

vessel to terminal.

<div align="center">3</div>

14.     The Hapag-Lloyd Defendants acted as the contracting ocean carrier for the shipment and controlled whether the containers would be released from the marine terminal. As such, they had a duty to exercise reasonable care before accepting containers for ocean carriage and before deciding to release freight containers from the marine terminal for pickup and to withhold or, at a minimum, warn downstream handlers of any unloading hazard associated with the container.

15.     In the ordinary course of his duties, Plaintiff unsealed and carefully opened the left door of one of the containers. Immediately upon cracking the door, unsecured cargo/wooden material released from inside the container and propelled forward onto Plaintiff's head and face, causing him to fall to the ground and lose consciousness, and resulting in severe injuries.

16.     Electra Trading, Textainer Equipment, and CAI International owned the three freight containers at issue.

17.     At this time, it is unknown which of the three containers Plaintiff was unloading when the incident occurred.

18.     Electra Trading, Textainer Equipment, or CAI International owned the subject container that Plaintiff was unloading when the incident occurred. Upon information and belief, the owner of the subject container packed or caused it to be packed and sealed before tender to the carrier but failed to properly secure the cargo, creating a non-obvious unloading hazard. The dangerous condition was latent and not open and obvious to Plaintiff before opening the container.

Certified Document Number: 123949259 - Page 4 of 12

V.

Causes of Action

Count 1: Negligence against the Container Owner Defendants (Electra Trading, Textainer Equipment, and CAI International)

19.     All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

20.     Upon information and belief, Electra Trading, Textainer Equipment, and CAI International (hereinafter, the "**Container Owner Defendants**") were responsible for the packing and sealing of the containers—whether performed directly or through agents and contractors—and had exclusive access to and/or control over their interior conditions before tender to the carrier.

21.     The Container Owner Defendants owed a duty of ordinary care so that the freight container could be safely unloaded by downstream handlers. This includes duties to maintain the shipping container in a reasonably safe condition for packing and unloading; to properly pack, brace, and secure cargo in the container; to conduct a reasonable inspection to identify and correct hazardous conditions created by packing/securement before sealing the container; and to warn carriers and downstream handlers of non-apparent hazards.

22.     The Container Owner Defendants knew or should have known that the cargo within the subject container was not properly secured, as they either had direct knowledge from their own packing operations or should have discovered the condition through reasonable supervision and inspection of packing performed on their behalf.

23.     The Container Owner Defendants breached these duties by, among other things, failing to properly pack, brace, and secure the cargo or failing to adequately supervise packing operations performed on their behalf; failing to ensure the cargo could be safely unloaded; failing

5

Certified Document Number: 123949259 - Page 5 of 12

to reasonably inspect the container before sealing; and failing to adequately warn of a non-apparent hazard.

24.    The Container Owner Defendants' negligence proximately caused Plaintiff's injuries and damages.

<u>Count 2: Negligence against the Hapag-Lloyd Defendants</u>

25.    All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

26.    The Hapag-Lloyd Defendants, as the contracting ocean carrier, had a duty to exercise reasonable care before accepting containers for ocean carriage and before deciding to release freight containers from the marine terminal for pickup and to withhold or, at a minimum, warn downstream handlers of any unloading hazard associated with the container.

27.    The Hapag-Lloyd Defendants breached their duty of ordinary care by, upon information and belief, failing to require or verify proper container load certifications, cargo securing documentation, or other documentation regarding safe handling and unloading before accepting the containers for ocean carriage, and by releasing the subject container from the marine terminal without ensuring that adequate handling and safety information was provided to downstream handlers.

28.    The Hapag-Lloyd Defendants' negligence proximately caused Plaintiff's injuries and damages.

29.    In the alternative, to the extent the Hapag-Lloyd Defendants or their agents opened, resealed, or inspected the container prior to release from the marine terminal, the Hapag-Lloyd Defendants owed a duty to exercise reasonable care in that undertaking and not to increase the risk

Certified Document Number: 123949259 - Page 6 of 12

of harm. The Hapag-Lloyd Defendants breached that duty by negligently performing that undertaking, and such negligence proximately caused Plaintiff's injuries.

<div align="center">Count 3: Negligence against Anglo-Eastern</div>

30.    All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

31.    Anglo-Eastern owned and operated/managed the M/V *TEMPANOS* and was responsible for discharging the subject freight container from the vessel at the Port of Houston. As a vessel owner and operator, Anglo-Eastern owed a duty under general maritime law to exercise proper care in the discharge of cargo so as not to create or increase a risk of injury to foreseeable downstream handlers. This includes duties to ensure cargo is discharged in a reasonably safe condition, to protect cargo and handlers during the discharge process, and to communicate any known hazards associated with the cargo to terminal operators and downstream handlers.

32.    Upon information and belief, Anglo-Eastern breached these duties by failing to ensure that proper cargo documentation and handling information for the subject freight container was verified during discharge operations and communicated to terminal operators and downstream handlers. Anglo-Eastern further breached its duty by discharging and releasing a freight container containing unsecured cargo that created a dangerous condition for downstream handlers without providing adequate warning of this hazard.

33.    Anglo-Eastern's breaches of its duties proximately caused Plaintiff's injuries and damages.

<div align="center">Count 4: Negligence Against Hapag-Lloyd Defendants Under the LHWCA (Alternative Claim)</div>

34.    All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

<div align="center">7</div>

Certified Document Number: 123949259 - Page 7 of 12

35. This claim is pleaded in the alternative to Count 2. To the extent Plaintiff's injuries are governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.*, Plaintiff asserts a claim under § 905(b).

36. The Hapag-Lloyd Defendants, as the contracting ocean carriers for the shipment aboard the M/V *TEMPANOS*, owed Plaintiff duties under the LHWCA, including: (i) the duty to turn over cargo in a condition allowing handlers to work with reasonable safety; (ii) the duty to warn of latent hazards about which the vessel knew or should have known; (iii) the duty to exercise reasonable care in areas under the vessel's active control; and (iv) the duty to intervene if the vessel has actual knowledge work is being performed dangerously.

37. The Hapag-Lloyd Defendants breached their turnover duty and duty to warn by releasing the subject freight container from the marine terminal without ensuring it was in a safe condition for unloading and without warning of the latent hazard created by unsecured cargo. Upon information and belief, the Hapag-Lloyd Defendants knew or should have known of this hazard through documentation provided by the shipper, cargo manifests, or their role in accepting and controlling the release of containers yet failed to warn Plaintiff or other handlers. The hazard was not obvious or apparent from external observation of the sealed container.

38. The Hapag-Lloyd Defendants' breach of their duties proximately caused Plaintiff's injuries and damages.

Count 5: Negligence Against Anglo-Eastern Under the LHWCA (Alternative Claim)

39. All facts and allegations contained in the preceding paragraphs are incorporated herein by reference.

40. This claim is pleaded in the alternative to Count 3. To the extent Plaintiff's injuries are governed by the LHWCA, 33 U.S.C. § 901 *et seq.*, Plaintiff asserts a claim under § 905(b).



Certified Document Number: 123949259 - Page 8 of 12

41.     Anglo-Eastern, as owner and operator of the M/V *TEMPANOS*, owed Plaintiff duties under the LHWCA, including: (i) the duty to turn over cargo in a condition allowing handlers to work with reasonable safety; (ii) the duty to warn of latent hazards about which the vessel knew or should have known; (iii) the duty to exercise reasonable care in areas under the vessel's active control; and (iv) the duty to intervene if the vessel has actual knowledge work is being performed dangerously.

42.     Anglo-Eastern breached its turnover duty and duty to warn by failing to turn over the subject freight container in a safe condition for unloading and by failing to warn of the latent hazard created by unsecured cargo inside the container. Upon information and belief, Anglo-Eastern knew or should have known of this hazard through cargo manifests, load documentation, or communications with the shipper or carrier yet failed to warn Plaintiff or other handlers. The hazard was not obvious or apparent from external observation of the sealed container.

43.     Anglo-Eastern's breaches of its duties proximately caused Plaintiff's injuries and damages.

VI.
Damages

44.     As a direct and proximate cause of Defendants' above-described conduct, Plaintiff suffered serious injuries and incurred the following damages in an unliquidated amount to be determined by a jury:

    a.  Reasonable and necessary medical expenses incurred in the past;

    b.  Reasonable and necessary medical expenses that, in reasonable probability, will be incurred in the future;

    c.  Physical pain and suffering in the past;

    d.  Physical pain and suffering in the future;

    e.  Physical impairment in the past;

Certified Document Number: 123949259 - Page 9 of 12

Certified Document Number: 123949259 - Page 10 of 12

  f. Physical impairment that, in all reasonable probability, will be suffered in the future;

  g. Loss of earning capacity in the past;

  h. Loss of earning capacity that, in all reasonable probability, will be suffered in the future;

  i. Mental anguish in the past; and

  j. Mental anguish that, in all reasonable probability, will be suffered in the future.

## VII.
## Demand for Jury Trial

45. Plaintiff hereby demands a jury trial and has tendered the requisite fee when filing his original petition.

## VIII.
## Notice of Initial Disclosures

46. Pursuant to Tex. R. Civ. P. 194.2, the parties are required to exchange initial disclosures—the information and documents required under Tex. R. Civ. P. 194.2(b)—without a request within 30 days after the first answer is filed.

47. For a party that is served or joined in the lawsuit after the first answer is filed, initial disclosures are due 30 days after service of the citation and petition.

48. The discovery period does not begin until the initial disclosures are due.

## IX.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melvin Quijano respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the

legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**SUITS & BOOTS INJURY LAWYERS**

By: _____
**Kip Brar**
Texas State Bar No. 24067333
*Kip.Brar@callthesuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@callthesuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@callthesuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@callthesuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 - Phone
(713) 583-8289 – Fax

**FOGELMAN & VAN FLATERN, LLP**

**Alvaro "Al" Silverio**
Texas State Bar No. 24108236
*Al@fvlawfirm.com*
Service: *eservice@fvlawfirm.com*
3101 Bee Cave Road, Ste 301
Austin, TX 78746
(512) 956-4789 – Phone
(512) 956-9290 – Fax

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jasmin Alvarez on behalf of Kuldeep Brar
Bar No. 24067333
jasmin.alvarez@callthesuits.com
Envelope ID: 108596739
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Second Amended Petition
Status as of 12/2/2025 1:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 12/2/2025 9:21:12 AM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 12/2/2025 9:21:12 AM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 12/2/2025 9:21:12 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   <u>December 29, 2025</u>

Certified Document Number:        <u>123949259 Total Pages:  12</u>

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2025 9:21:12 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108596739
By: ASBERRY, KERRYLONE L
Filed: 12/2/2025 9:21:12 AM

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's Second Amended Original Petition

**FILE DATE:** 12/02/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Anglo-Eastern (Germany) GmbH

Address of Service: Raboisen 28

City, State & Zip: 20095 Hamburg, Germany

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**    [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**    [ ] **Capias** (not by E-Issuance)    [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**    [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [x] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)    [ ] **Injunction**    [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**

- [x] **E-Issuance by District Clerk**
       **(No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Kip Brar          Bar # or ID   24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        123949260 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2025 4:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108634584
By: Kerrylone Asberry
Filed: 12/2/2025 4:47 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979      **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's Second Amended Original Petition

**FILE DATE:** 12/2/2025      Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** CAI International Inc.

Address of Service: 211 East 7th Street, Ste. 620

City, State & Zip: Austin, TX 78701

Agent (if applicable) Corporation Services Company d/b/a CSC Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☑ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari** ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP (phone)** _____    ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____      **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar    Bar # or ID   24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123970233 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2025 4:47:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108634584
By: ASBERRY, KERRYLONE L
Filed: 12/2/2025 4:47:32 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2025-05979          **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's Second Amended Original Petition

**FILE DATE:** 12/2/2025          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Hapag Lloyd (America) LLC

Address of Service: 1999 Bryan St., Ste. 900

City, State & Zip: Dallas, TX 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☑ **Citation**    ☐ **Citation by Posting**    ☐ **Citation by Publication**    ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**    Newspaper_____
- ☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**    ☐ **Highway Commission/Texas Department of Transportation ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____
- ☑ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
- ☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- ☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar          Bar # or ID  24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123970235 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

12/2/2025 4:47:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108634584
By: ASBERRY, KERRYLONE L
Filed: 12/2/2025 4:47:32 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2025-05979     **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's Second Amended Original Petition

**FILE DATE:** 12/2/2025     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Hapag Lloyd AG

Address of Service: Ballindamm 25

City, State & Zip: D-20095 Hamburg, Germany

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**  Newspaper_____
- [ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**  [ ] **Capias** (not by E-Issuance)  [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**  [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**  [x] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)  [ ] **Injunction**  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____  [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____      **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**      *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by CONSTABLE**      used to retrieve the E-issuance Service Documents.
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**      Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar     Bar # or ID 24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123970234 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2025 4:47:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108634584
By: ASBERRY, KERRYLONE L
Filed: 12/2/2025 4:47:32 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2025-05979    **CURRENT COURT:** 125th Judicial District

**Name(s) of Documents to be served:** Plaintiff's Second Amended Original Petition

**FILE DATE:** 12/2/2025    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Textainer Equipment Management Ltd.

Address of Service: 650 California St., 16th Floor

City, State & Zip: San Francisco, CA 94108

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**    [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [x] **Secretary of State Citation ($12.00)**    [ ] **Capias** (not by E-Issuance)    [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**    [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [ ] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)    [ ] **Injunction**    [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____    [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney** at: _____    **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kip Brar    Bar # or ID   24067333

Mailing Address: 600 Bering Dr., Ste. 2000, Houston, TX 77057

Phone Number: 713-955-1905



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123970236 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

12/3/2025 5:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108689786
By: Alyssa Henderson
Filed: 12/3/2025 5:12 PM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 125TH JUDICIAL DISTRICT |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD | § | |
| (AMERICA) LLC, HAPAG-LLOYD AG, | § | HARRIS COUNTY, TEXAS |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD., CAI INTERNATIONAL INC., and | § | |
| ANGLO-EASTERN (GERMANY) GmbH, | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Melvin Quijano, and files this Motion to Retain Case on Docket and respectfully shows the Court as follows:

I.

BACKGROUND

1.     Plaintiff originally filed suit against Defendant Electra Trading SA.  Electra is located in Switzerland, a signatory to the Hague Convention, requiring service through the Hague Service Convention.

2.     To provide additional assistance with some of the international and maritime issues involved in this case, Plaintiff hired the undersigned counsel, who made an appearance in this case on or about August 5, 2025.

3.     Service through the Hague Convention was finally effectuated on Electra on or about August 16, 2025. Proof of service was filed with the Court on September 17, 2025. Electra has yet to file an answer or appear, though its representatives have reached out to Plaintiff's counsel.

4.      After extensive investigation, including public record requests to various port authorities, Plaintiff's counsel identified additional parties responsible for Plaintiff's injuries.

5.      On November 21, 2025, Plaintiff filed his First Amended Petition adding Defendants, Hapag-Lloyd (America) LLC, Hapag-Lloyd AG, Textainer Equipment Management Ltd., CAI International Inc, and Angelo-Eastern (Germany) GmbH, in this Court.

6.      On December 2, 2025, Plaintiff filed his Second Amended Petition to correct the name of defendant Angelo-Eastern (Germany) GmbH to Anglo-Eastern (Germany) GmbH.

7.      Two of the newly added Defendants, Hapag-Lloyd AG and Anglo-Eastern (Germany) GmbH, are located in Germany and service upon them must comply with the Hague Service Convention. The three other newly added defendants will be served in Texas and California once updated citations are issued.

8.      Plaintiff has been working with a process server in order to complete service, including service via the Hague Service Convention.

## II.
## SERVICE ABROAD REQUIRED

9.      Much like the original Defendant Electra, two of the newly added Defendants reside in Germany, and so service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rules of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

10.     Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Germany's designated Central Authority which differs depending on the canton where the Defendants are located.

11.     These steps are already underway or are being initiated.

## III.

<u>REQUEST TO RETAIN CASE ON THE COURT'S DOCKET</u>

12.    Plaintiff respectfully requests that the Court retain this case on its docket and give Plaintiff time to effectively serve the newly added Defendants. Once service is complete, Plaintiff will promptly proceed with litigation, including pursuing default judgments where appropriate.

13.    Delay in this matter to date is solely the result of dealing with international issues and parties, and is not the result of delay or inaction by Plaintiff or his counsel.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order retaining this case on its docket and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**SUITS & BOOTS INJURY LAWYERS**

**Kip Brar**
Texas State Bar No. 24067333
*Kip.Brar@callthesuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@callthesuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@callthesuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@callthesuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 – Phone
(713) 583-8289 – Fax

**FOGELMAN & VAN FLATERN, LLP**

**Alvaro "Al" Silverio**
Texas State Bar No. 24108236
*Al@fvlawfirm.com*
Service: *eservice@fvlawfirm.com*
3101 Bee Cave Road, Ste 301
Austin, TX 78746
(512) 956-4789 – Phone
(512) 956-9290 – Fax

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108689786
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion to Retain Case on Docket
Status as of 12/4/2025 8:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 12/3/2025 5:12:43 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 12/3/2025 5:12:43 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 12/3/2025 5:12:43 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        123983496 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/3/2025 5:12:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108689786
By: HENDERSON, ALYSSA A
Filed: 12/3/2025 5:12:43 PM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO,<br> *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 125TH JUDICIAL DISTRICT |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD<br>(AMERICA) LLC, HAPAG-LLOYD AG,<br>TEXTAINER EQUIPMENT MANAGEMENT<br>LTD., CAI INTERNATIONAL INC., and<br>ANGLO-EASTERN (GERMANY) GmbH,<br> *Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET PENDING SERVICE</u>

On this day, the Court considered Plaintiff's request to retain this case on the docket pending completion of service of process, including international service of process under the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that this case shall remain on the Court's active docket to allow Plaintiff to complete service upon Defendants, including the two Defendants, Hapag Lloyd AG and Anglo-Eastern (Germany) GmbH, which must be served pursuant to the Hague Service Convention

FURTHERMORE, IT IS ORDERED that the Plaintiff shall provide periodic status reports with the Court every 90 days regarding the process of service efforts until such time as service is perfected or further order of the Court.

SIGNED this ____ day of _____, 2025.

<br>

_____
JUDGE PRESIDING



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        123983497 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/5/2025 10:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108759253
By: Alyssa Henderson
Filed: 12/5/2025 10:02 AM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | |
| | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD | § | HARRIS COUNTY, TEXAS |
| (AMERICA) LLC, HAPAG-LLOYD AG, | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD., CAI INTERNATIONAL INC., and | § | |
| ANGLO-EASTERN (GERMANY) GmbH, | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS
SERVER PURSUANT TO CHAPTER I, ARTICLE 3 OF THE HAGUE SERVICE
CONVENTION (GERMANY)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Melvin Quijano, and files this Motion for Appointment of

International Process Server Pursuant to Chapter I, Article 3 of the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague

Service Convention"), and respectfully shows the Court as follows:

I.
PARTIES AND JURISDICTION

1.    Plaintiff has filed his Second Amended Petition against Defendants, Hapag-Lloyd AG and

Anglo-Eastern (Germany) GmbH ("Defendants"), in this Court.

2.    Defendants are located in Germany, a signatory to the Hague Service Convention.

3.    Plaintiff has been working with a process server in order to complete service via the Hague

Service Convention.

4.    This Court has jurisdiction over the subject matter and the parties.

II.

## SERVICE ABROAD REQUIRED

5.      Because Defendants reside in Germany, service of process must be effectuated pursuant to the Hague Service Convention, in compliance with Texas Rules of Civil Procedure 108a and Texas Civil Practice and Remedies Code § 17.044(b).

6.      Under Chapter I, Article 3 of the Hague Service Convention, service abroad is initiated by transmitting the request for service to Germany's designated Central Authority which differs depending on the canton where the Defendant is located.

### III.

### REQUEST FOR APPOINTMENT

7.      Plaintiff respectfully requests that this Court appoint Crowe Foreign Services, or any competent person authorized to prepare, transmit, and forward the request to the appropriate German Central Authority, in accordance with Chapter I, Article 3 of the Hague Service Convention and the specific procedural requirements of Germany.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order appointing Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 97205, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Convention to prepare, transmit, and effectuate service of process on Defendants Hapag-Lloyd AG and Anglo-Eastern (Germany) GmbH, through the appropriate German Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**SUITS & BOOTS INJURY LAWYERS**

By: _____

**Kip Brar**
Texas State Bar No. 24067333
*Kip.Brar@callthesuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@callthesuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@callthesuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@callthesuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 – Phone
(713) 583-8289 – Fax

**FOGELMAN & VAN FLATERN, LLP**

**Alvaro "Al" Silverio**
Texas State Bar No. 24108236
*Al@fvlawfirm.com*
Service: *eservice@fvlawfirm.com*
3101 Bee Cave Road, Ste 301
Austin, TX 78746
(512) 956-4789 – Phone
(512) 956-9290 – Fax

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108759253
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention (Germany)
Status as of 12/5/2025 1:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 12/5/2025 10:02:48 AM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 12/5/2025 10:02:48 AM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 12/5/2025 10:02:48 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        124015219 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/5/2025 10:02:48 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108759253
By: HENDERSON, ALYSSA A
Filed: 12/5/2025 10:02:48 AM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO,<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT |
| V. | § <br> § <br> § | 125TH JUDICIAL DISTRICT |
| ELECTRA TRADING SA, HAPAG-LLOYD (AMERICA) LLC, HAPAG-LLOYD AG, TEXTAINER EQUIPMENT MANAGEMENT LTD., CAI INTERNATIONAL INC., and ANGLO-EASTERN (GERMANY) GmbH,<br>*Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § | HARRIS COUNTY, TEXAS |

**ORDER GRANTING PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF INTERNATIONAL PROCESS SERVER**

On this day, the Court considered Plaintiff's request for the Appointment of International Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that Crowe Foreign Services, 733 SW Vista Avenue, Portland, Oregon 972025, and its agents, as the authority and judicial officer or any competent person authorized under the Hague Service Convention, is hereby appointed and authorized to prepare, transmit, ad effectuate service of process on Defendants, Hapag-Lloyd AG and Anglo-Eastern (Germany) GmbH, through the appropriate German Central Authority pursuant to Chapter I, Article 3 of the Hague Service Convention.

SIGNED this ____ day of _____, 202___.

_____
JUDGE PRESIDING

Certified Document Number: 124015220 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        124015220 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/3/2025 5:12:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108689786
By: HENDERSON, ALYSSA A
Filed: 12/3/2025 5:12:43 PM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | |
| | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ELECTRA TRADING SA, HAPAG-LLOYD | § | HARRIS COUNTY, TEXAS |
| (AMERICA) LLC, HAPAG-LLOYD AG, | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD., CAI INTERNATIONAL INC., and | § | |
| ANGLO-EASTERN (GERMANY) GmbH, | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO RETAIN CASE ON DOCKET
PENDING SERVICE**

On this day, the Court considered Plaintiff's request to retain this case on the docket pending completion of service of process, including international service of process under the Hague Service Convention. The Court, after reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that this case shall remain on the Court's active docket to allow Plaintiff to complete service upon Defendants, including the two Defendants, Hapag Lloyd AG and Anglo-Eastern (Germany) GmbH, which must be served pursuant to the Hague Service Convention

FURTHERMORE, IT IS ORDERED that the Plaintiff shall provide periodic status reports with the Court every 90 days regarding the process of service efforts until such time as service is perfected or further order of the Court.

SIGNED this _____ day of _____, 2025.

Signed:
12/5/2025

_____

JUDGE PRESIDING



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:         124016072 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/8/2025 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108849476
By: Alyssa Hende
Filed: 12/8/2025 3:42 PM

Receipt Number: 1051412
Tracking Number: 74582719

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202505979

| | |
|---|---|
| PLAINTIFF: QUIJANO, MELVIN | In the 125th Judicial |
| vs. | District Court of |
| DEFENDANT: ELECTRA TRADING SA | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: CAI INTERNATIONAL INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

(DBA CSC LAWYERS INCORPORATING SERVICE COMPANY)

211 E 7TH ST STE 620

AUSTIN TX 78701

    Attached is a copy of PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION.

This instrument was filed on December 2, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 5, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: KERRYLONE ASBERRY

Issued at request of:
BRAR, KULDEEP S.
1 RIVERWAY, SUITE 1741
HOUSTON, TX  77056
832-453-3775
Bar Number: 24067333

Tracking Number: 74582719

CAUSE NUMBER: 202505979

PLAINTIFF: QUIJANO, MELVIN                    In the 125th

    vs.                                    Judicial District Court

DEFENDANT: ELECTRA TRADING SA                 of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____        _____

                            _____ of _____

County, Texas
_____    By: _____
        Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                            _____
                                    Notary Public

## CAUSE NUMBER: 2025-05979

**MELVIN QUIJANO**
**PLAINTIFF**

**VS.**

**ELECTRA TRADING SA, HAPAG-LLOYD**        **IN THE 125TH JUDICIAL DISTRICT**
**(AMERICA), LLC, HAPAG-LLOYD AG,**         **COURT OF HARRIS COUNTY, TEXAS**
**TEXTAINER EQUIPMENT MANAGEMENT**
**LTD., CAI INTERNATIONAL INC., AND**
**ANGLO-EASTERN (GERMANY) GMBH**
**DEFENDANT**

## DECLARATION OF SERVICE

My name is **ANDREW SWATZELL**. I am over the age of eighteen (18), I am not a party to this case and, as a disinterested person, I have no interest in the outcome of this case. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A.

ON **Monday December 08, 2025 AT 08:45 AM - , CITATION, PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION** came to hand for service upon **CAI INTERNATIONAL INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (DBA CSC LAWYERS INCORPORATING SERVICE COMPANY)**.

On **Monday December 08, 2025** at **01:05 PM**- The above named documents were hand delivered to: **CAI INTERNATIONAL INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (DBA CSC LAWYERS INCORPORATING SERVICE COMPANY) @ 211 E 7TH ST., STE. 620, AUSTIN, TX 78701**, by delivering to Mak Hayes, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                              DECLARATION

"My name is **ANDREW SWATZELL,** I am over the age of Eighteen, my business address is  1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A., and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Travis County, State of Texas on Monday December 08, 2025**

**PSC#18592 EXP. 09/30/26**
Declarant; Appointed in accordance with State Statutes.

2025.12.1106373

efile@courtrecords.com



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        124052857 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/8/2025 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108828176
By: Alyssa Hende
Filed: 12/8/2025 11:29 AM

Receipt Number: 1051412
Tracking Number: 74582722

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202505979

| | |
|---|---|
| PLAINTIFF: QUIJANO, MELVIN | In the 125th Judicial |
| vs. | District Court of |
| DEFENDANT: ELECTRA TRADING SA | Harris County, Texas |

<div align="center">CITATION</div>

THE STATE OF TEXAS
County of Harris

TO: HAPAG-LLOYD (AMERICA) LLC BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION.

This instrument was filed on December 2, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 5, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: KERRYLONE ASBERRY

Issued at request of:
BRAR, KULDEEP S.
1 RIVERWAY, SUITE 1741
HOUSTON, TX  77056
832-453-3775
Bar Number: 24067333

Tracking Number: 74582722

CAUSE NUMBER: 202505979

| | |
|---|---|
| PLAINTIFF: QUIJANO, MELVIN | In the 125th |
| vs. | Judicial District Court |
| DEFENDANT: ELECTRA TRADING SA | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock ____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____          _____

_____ of _____

County, Texas

_____          By: _____
            Affiant                                          Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____
                        Notary Public

Certified Document Number: 124044475 - Page 2 of 3

**CAUSE NUMBER: 2025-05979**

**MELVIN QUIJANO**
**PLAINTIFF**

**VS.**

**ELECTRA TRADING SA, HAPAG-LLOYD**          **IN THE 125TH JUDICIAL DISTRICT**
**(AMERICA), LLC, HAPAG-LLOYD AG,**          **COURT OF HARRIS COUNTY, TEXAS**
**TEXTAINER EQUIPMENT MANAGEMENT**
**LTD., CAI INTERNATIONAL INC., AND**
**ANGLO-EASTERN (GERMANY) GMBH**
**DEFENDANT**

**DECLARATION OF SERVICE**

My name is **MAURICIO SEGOVIA**. I am over the age of eighteen (18), I am not a party to this case and, as a disinterested person, I have no interest in the outcome of this case. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1301 E. Bardin Rd. #182919 , Arlington  TX , 76096, U.S.A.

ON **Monday December 08, 2025 AT 08:45 AM -** , CITATION, PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION came to hand for service upon **HAPAG-LLOYD (AMERICA) LLC BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Monday December 08, 2025** at **09:52 AM**- The above named documents were hand delivered to: **HAPAG-LLOYD (AMERICA) LLC BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**, by delivering to William Miller, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                    DECLARATION

"My name is **MAURICIO SEGOVIA,** I am over the age of Eighteen, my business address is  1301 E. Bardin Rd. #182919 , Arlington  TX , 76096, U.S.A.**,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Monday December 08, 2025**

**PSC#1689 EXP. 08/31/26**
Declarant; Appointed in accordance with State Statutes.

2025.12.1106370

efile@courtrecords.com

Certified Document Number: 124044475 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        124044475 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

12/8/2025 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108849873
By: Alyssa Henderson
Filed: 12/8/2025 3:46 PM

CAUSE NO. 202505979

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

1051412

TRACKING NO: 74582723

| Plaintiff: | In The 125th Judicial District |
| QUIJANO, MELVIN | Court of Harris County, TX |
| vs. | |
| Defendant: | |
| ELECTRA TRADING SA | Houston, Texas |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:   TEXTAINER EQUIPMENT MANAGEMENT LTD BY SERVING THROUGH THE TEXAS SECRETARY OF STATE P O
BOX 12079 AUSTIN TEXAS 78701-2079 FORWARD TO:650 CALIFORNIA ST 16TH FLOOR SAN FRANCISCO CA
94108
                ,

      Attached is a copy of PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION.

This instrument was filed on December 2, 2025 in the above cited cause number and court.
The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
   This citation was issued on December 5, 2025, under my hand and seal of said court.

Issued at the request of:
BRAR, KULDEEP S.
1 RIVERWAY, SUITE 1741
HOUSTON, TX  77056
832-453-3775
Bar Number: 24067333



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By:

Certified Document Number: 124052935 - Page 1 of 3

Tracking Number: 74582723

CAUSE NUMBER: 202505979

PLAINTIFF: QUIJANO, MELVIN                    In the 125th
    vs.                                        Judicial District Court of
DEFENDANT: ELECTRA TRADING SA                 Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____,
20_____.                              Executed                              at
Address)_____ in
_____ County at o'clock ____.M. on the _____ day of
_____,            20_____,            by            Summoning            the
_____ Delivering to
_____in person a corporation By leaving in the
principal office during office hours_____ of the
said_____ a true copy of this notice, together with
accompanying copy of _____To certify which I
affix my hand officially this _____day of _____, 20____.

Fees $_____

_____        By_____
       Affiant                                        Deputy
On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___

_____
                            Notary Public

## CAUSE NUMBER: 2025-05979

**MELVIN QUIJANO**
**PLAINTIFF**

**VS.**

**ELECTRA TRADING SA, HAPAG-LLOYD**          **IN THE 125TH JUDICIAL DISTRICT**
**(AMERICA), LLC, HAPAG-LLOYD AG,**          **COURT OF HARRIS COUNTY, TEXAS**
**TEXTAINER EQUIPMENT MANAGEMENT**
**LTD., CAI INTERNATIONAL INC., AND**
**ANGLO-EASTERN (GERMANY) GMBH**
**DEFENDANT**

### DECLARATION OF SERVICE

My name is **ANDREW SWATZELL**. I am over the age of eighteen (18), I am not a party to this case and, as a disinterested person, I have no interest in the outcome of this case. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A.

ON **Monday December 08, 2025 AT 08:45 AM - , TWO COPIES OF CITATION (SECRETARY OF STATE NON-RESIDENT) (SECRETARY OF THE STATE OF TEXAS), PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION, $55 JURISDICTIONAL FEE** came to hand for service upon **TEXTAINER EQUIPMENT MANAGEMENT LTD BY SERVING THE TEXAS SECRETARY OF STATE.**

On **Monday December 08, 2025** at **02:07 PM**- The above named documents were hand delivered to: **TEXTAINER EQUIPMENT MANAGEMENT LTD BY SERVING THE TEXAS SECRETARY OF STATE @ 1019 BRAZOS STREET, AUSTIN, TX 78701**, by delivering to Venita Moss, designated agent authorized to accept service.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                    DECLARATION

"My name is **ANDREW SWATZELL,** I am over the age of Eighteen, my business address is  1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A., and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Travis County, State of Texas on Monday December 08, 2025**

**PSC#18592 EXP. 09/30/26**
Declarant; Appointed in accordance with State Statutes.

                                              2025.12.1106376

efile@courtrecords.com



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 29, 2025

Certified Document Number:        124052935 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/5/2025 10:02:48 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 108759253
By: HENDERSON, ALYSSA A
Filed: 12/5/2025 10:02:48 AM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO,<br>*Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 125TH JUDICIAL DISTRICT |
| | § § | |
| ELECTRA TRADING SA, HAPAG-LLOYD<br>(AMERICA) LLC, HAPAG-LLOYD AG,<br>TEXTAINER EQUIPMENT MANAGEMENT<br>LTD., CAI INTERNATIONAL INC., and<br>ANGLO-EASTERN (GERMANY) GmbH,<br>*Defendants.* | § § § § § § § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S MOTION FOR THE
## APPOINTMENT OF INTERNATIONAL PROCESS SERVER

On this day, the Court considered Plaintiff's request for the Appointment of International

Process Server Pursuant to Chapter I, Article 3 of the Hague Service Convention. The Court after

reviewing the Motion, finds that it should be GRANTED.

IT IS THEREFORE ORDERED that Crowe Foreign Services, 733 SW Vista Avenue,

Portland, Oregon 972025, and its agents, as the authority and judicial officer or any competent

person authorized under the Hague Service Convention, is hereby appointed and authorized to

prepare, transmit, ad effectuate service of process on Defendants, Hapag-Lloyd AG and Anglo-

Eastern (Germany) GmbH, through the appropriate German Central Authority pursuant to Chapter

I, Article 3 of the Hague Service Convention.

SIGNED this _____ day of _____, 202___.

Signed:
12/10/2025

_____
JUDGE PRESIDING

Certified Document Number: 124103951 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 29, 2025

Certified Document Number:        124103951 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/23/2026 5:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110434696
By: Jimmy Rodriguez
Filed: 1/23/2026 5:43 PM

<div style="text-align:center">

**CAUSE NO: 2025-05979**

</div>

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | 125th JUDICIAL DISTRICT |
| HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) GMBH, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY |

<div style="text-align:center">

**HAPAG-LLOYD (AMERICA), LLC'S
ORIGINAL ANSWER AND VERIFIED DENIAL
SUBJECT TO SPECIAL APPEARANCE**

</div>

TO THE HONORABLE COURT:

Subject to its Special Appearance, Defendant Hapag-Lloyd (America), LLC ("Hapag-Lloyd") files its Original Answer and Verified Denial to Plaintiff Melvin Quijano's ("Quijano" or "Plaintiff") Second Amended Original Petition ("Petition"), and in support thereof represents as follows:

<div style="text-align:center">

**I.   GENERAL DENIAL**

</div>

1.   Pursuant to Texas Rule of Civil Procedure 92, Hapag-Lloyd generally denies the allegations in the Petition and demands strict proof thereof by a preponderance of the evidence in accordance with Texas law.  Hapag-Lloyd also reserves the right to plead further and in greater particularity as the case progresses should such be indicated.

<div style="text-align:center">

**II.   VERIFIED DENIAL**

</div>

2.   Subject to and without waiving the foregoing General Denial, Defendant Hapag-Lloyd (America), LLC specifically denies as follows:

3.      Under Texas Rule of Civil Procedure 93, Defendant Hapag-Lloyd denies (1) that it was the carrier or contracted for the ocean carriage of the containers numbered TEMU1788593, BMOU2728682, CAIU2931600, TGCU20901082, carried pursuant to sea waybill no. HLCUBU3240307179; (2) that it owned, operated, maintained, controlled, or provided crew for the M/V TEMPANOS or the M/V AS STINE, and (3) that it was involved in, controlled and/or directed the packing or any inspections of the containers in question and/or the operations at the terminal in Houston as Plaintiff alleges in Paragraphs 12-14; 25-29; and 34-38 of the Petition.   Consequently, Hapag-Lloyd (America), LLC is not a proper party to this litigation. Accordingly, there is a defect of the parties.  The verification, attached hereto, verifies this plea.

### III. DEFENSES

4.      Subject to, and without waiver of its general denial, Hapag-Lloyd pleads the following additional defenses, some of which may be affirmative defenses, and others that relate to the elements of Plaintiff's cause(s) of action.  By pleading these defenses, Hapag-Lloyd does not assume the burden of proof on any defenses for which it would not otherwise have the burden of proof under Texas law.

5.      The Plaintiff filed this action in a forum contrary to the terms of a contractual forum selection agreement and cannot maintain his claims against Hapag-Lloyd.  Both Texas state and federal law recognize forum selection agreements as presumptively valid and regularly enforce them.  The claims against Hapag-Lloyd in the instant matter should be dismissed without prejudice, so that Plaintiff may refile in the forum specified in that agreement.

6.      Plaintiff has failed to state a cause of action and/or right of action against Hapag-Lloyd upon which relief can be granted.

Certified Document Number: 124775964 - Page 2 of 10

7.     Hapag-Lloyd denies all liability and represents that it is free from fault, negligence, or other culpable conduct that caused the alleged damages and injuries complained of in the Petition.  Hapag-Lloyd further denies that it or any persons or property for whom or which it may be responsible is liable to any extent.

8.     At all times relevant hereto, Hapag-Lloyd complied with all applicable laws, regulations, and standards.

9.     Hapag-Lloyd did not breach or violate any legal duties allegedly owed to Plaintiff.

10.     Plaintiff's alleged injuries were caused by and were the result of the negligent or intentional acts or omissions, and/or the breaches of duty of care of Plaintiff and/or third parties and/or instrumentalities over which Hapag-Lloyd exercised no right of control and for which Hapag-Lloyd has no legal responsibility.

11.     Hapag-Lloyd had no knowledge of any condition that caused Plaintiff's alleged accident/injuries and could not have known of any such condition by exercise of reasonable care.

12.     The alleged accident and injuries complained of were the result of new and independent superseding cause(s) beyond the control of Hapag-Lloyd.

13.     Hapag-Lloyd avers that it could not and did not foresee the risks of any damages and/or injuries to Plaintiff as alleged in the Petition.

14.     Hapag-Lloyd did not employ Plaintiff or otherwise control or direct the work of Plaintiff at the time of the events alleged in the Petition.

15.     Hapag-Lloyd asserts all available defenses to it under the general maritime law of the United States and the Longshore and Harbor Workers' Compensation Act.

Certified Document Number: 124775964 - Page 3 of 10

16.     Hapag-Lloyd had no control over the subject vessel, its equipment, gear, captain, crew, or conditions, and thus cannot be liable to Plaintiff.

17.     Hapag-Lloyd had no control over the relevant containers' packing/stuffing or the preparation of the cargo contained therein for shipment, and was not involved in inspecting the contents of/cargo contained in the relevant containers, and thus cannot be liable to Plaintiff.

18.     Hapag-Lloyd alleges there is no claim for negligence, as it had no actual or constructive notice of any alleged dangerous or hazardous conditions, situations, equipment, or gear.

19.     Hapag-Lloyd alleges there is no claim for negligence because any alleged dangerous or hazardous conditions, situations, or equipment were open and obvious, and thus Hapag-Lloyd had no duty to warn of same.

20.     Hapag-Lloyd's liability is limited pursuant to any applicable contracts.

21.     Hapag-Lloyd avers that Plaintiff was contributorily negligent and/or that the incident and/or resulting injuries were caused by the fault of Plaintiff, all of which are pled in bar, diminution, or mitigation of any recovery by Plaintiff herein.

22.     In the alternative, Hapag-Lloyd avers that Plaintiff's injuries were caused by the negligence and fault of others for whom Hapag-Lloyd is not legally responsible.

23.     In the alternative, Hapag-Lloyd avers that Plaintiff's injuries were a result of an unavoidable accident.

24.     The physical condition of which Plaintiff claims was and is due, in whole or in part, to pre-existing and/or subsequently occurring bodily condition(s), which are unrelated to the alleged incident and occurrence sued upon herein, the nature and extent of which are not the

Certified Document Number: 124775964 - Page 4 of 10

responsibility of Hapag-Lloyd. In the alternative, Hapag-Lloyd is entitled to a credit or offset for all damages attributable to any pre-existing conditions.

25.     Hapag-Lloyd avers that if Plaintiff is entitled to recover from Hapag-Lloyd, which is specifically denied, Plaintiff's recovery is barred and/or reduced in proportion to the percentages of fault attributable to Plaintiff and/or other persons or entities to whom a percentage of fault is attributed and for whom Hapag-Lloyd is not responsible.

26.     Subject to and without waiving any other defense, should Hapag-Lloyd be held liable to Plaintiff in any respect, Hapag-Lloyd pleads for indemnity or pro rata, comparative or percentage contribution and/or offset in negligence, strict liability, or under such other theory at law or in equity as may be grounds for liability against any and all other persons and concerns, including but not limited to Plaintiff. Hapag-Lloyd reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

27.     Additionally, and alternatively, Hapag-Lloyd requests that Plaintiff's recovery, if any, be reduced by an amount equal to all sums or consideration paid or provided to Plaintiff by other persons or concerns, by reason of the events and/or occurrences made the subject of this suit, and/or that Plaintiff's recovery be reduced by the percentage of causation or fault attributable to Plaintiff and/or all other persons or concerns involved in the accident.

28.     Hapag-Lloyd also reserves the right to seek a credit for any amounts paid by way of settlement to Plaintiff by any other party, entity, or individual.

29.     Plaintiff has no claim for exemplary or punitive damages. Alternatively, if Hapag-Lloyd is found liable for exemplary damages, those damages must be capped pursuant to

Certified Document Number: 124775964 - Page 5 of 10

general maritime law, state law, and/or the Due Process Clause of the United States and Texas Constitutions.

30.     As a further defense, should it be necessary, Hapag-Lloyd invokes the limitations contained in TEX. CIV. PRAC. & REM. CODE § 18.091 as to any claim by Plaintiff for loss of earnings or loss of earning capacity.  In accordance with Section 18.091, Hapag-Lloyd demands that evidence presented by Plaintiff to establish either loss of earnings or loss of earning capacity be presented in the form of a net loss after reduction for income taxes.

31.     As a further defense, Hapag-Lloyd invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105 as a limitation on recoverable medical or health care expenses.

32.     Hapag-Lloyd specifically reserves the right to amend and supplement its answer, verified denial, and affirmative Defenses and/or to file incidental demands, third-party actions, counter-claims, and cross-claims as further information and facts become available.

## IV. EXEMPLARY DAMAGES CAP

33.     If exemplary damages are awarded to Plaintiff, which is denied, Hapag-Lloyd intends to invoke the cap in the Damages Act, Texas Civil Practice & Remedies Code Chapter 41, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution, all of which restrict and limit Plaintiff's claim for exemplary damages.

## V. RULE 193.7 NOTICE

34.     Pursuant to Tex. R. Civ. P. § 193.7, Hapag-Lloyd serves notice on Plaintiff and any additional parties that may be joined that Hapag-Lloyd may offer, as authenticated evidence during trial of this lawsuit, all documents and other things produced by the parties or any third parties through written discovery in this matter.

-6-

## VI. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Hapag-Lloyd (America), LLC prays that this Original Answer and Verified Denial be deemed good and sufficient, and that after due proceedings, Plaintiff Melvin Quijano's Second Amended Original Petition be dismissed, with prejudice, with judgment rendered against Plaintiff and exonerating Defendant Hapag-Lloyd (America), LLC from any liability herein, and with Defendant Hapag-Lloyd (America), LLC being awarded its costs of court and all other relief to which it may be entitled, in equity or at law.

Respectfully Submitted,

**LISKOW & LEWIS**

*/s/David L. Reisman*
David L. Reisman
State Bar No. 24039691
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

and

Alma F. Shields
State Bar No. 24069800
Jonas S. Patzwall
State Bar No. 24122915
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: jspatzwall@liskow.com

**ATTORNEYS FOR DEFENDANT**
**HAPAG-LLOYD (AMERICA), LLC**

Certified Document Number: 124775964 - Page 7 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Hapag-Lloyd (America), LLC's Original Answer and Verified Denial is being served on all counsel of record on January 23, 2025, by electronic filing and/or electronic mail.

/s/Jonas S. Patzwall
Jonas S. Patzwall

Certified Document Number: 124775964 - Page 8 of 10

-8-

CAUSE NO: 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | HARRIS COUNTY |
| HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) GMBH, | § | |
| | § | |
| Defendants. | § | 125th JUDICIAL DISTRICT |

## VERIFICATION

| | |
|---|---|
| STATE OF GEORGIA | § |
| | § |
| COUNTY OF DEKALB | § |

"My name is Luis Andres Marin.  I am a person of the full age of majority, a resident of the State of Georgia, and I am capable of making this verification.  I am a Senior Manager for Hapag-Lloyd (America), LLC.  I have reviewed Defendant Hapag-Lloyd (America), LLC's Original Answer and Verified Denial.  The factual statements contained in Paragraphs 2-3 therein are within my personal knowledge and are true and correct."

I declare under penalty of perjury that the foregoing is true and correct.

Executed in DeKalb County, State of Georgia, on the 23th day of January, 2026.

_____
Luis  Marin

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Esmeralda Moreno on behalf of David Latham Reisman
Bar No. 24039691
emoreno@liskow.com
Envelope ID: 110434696
Filing Code Description: Answer/ Response / Waiver
Filing Description: Hapag-Lloyd (America), LLC's Original Answer and Verified Denial Subject to Special Appearance
Status as of 1/27/2026 8:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alma F.Shields | | AShields@liskow.com | 1/23/2026 5:43:38 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 1/23/2026 5:43:38 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 1/23/2026 5:43:38 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 1/23/2026 5:43:38 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 1/23/2026 5:43:38 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 1/23/2026 5:43:38 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 1/23/2026 5:43:38 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2026

Certified Document Number:        124775964 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/23/2026 5:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110434581
By: Jimmy Rodriguez
Filed: 1/23/2026 5:40 PM

Certified Document Number: 124775862 - Page 1 of 12

## CAUSE NO: 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | 125th JUDICIAL DISTRICT |
| HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) GMBH, | § | |
| | § | |
| **Defendants.** | § | HARRIS COUNTY |

---

## HAPAG-LLOYD (AMERICA), LLC'S
## SPECIAL APPEARANCE

---

TO THE HONORABLE COURT:

Pursuant to Texas Rule of Civil Procedure 120a, nonresident Defendant Hapag-Lloyd (America), LLC ("Hapag-Lloyd America") files this Special Appearance contesting the Court's personal jurisdiction over it. This Special Appearance is filed prior to any other plea, pleading, or motion on behalf of Hapag-Lloyd America. Hapag-Lloyd America makes this Special Appearance to object to the entire proceeding and all claims made against it by Plaintiff Melvin Quijano's ("Quijano" or "Plaintiff") and in support thereof would show the following:

### I.    BACKGROUND

This is a personal injury case concerning Plaintiff's claims for negligence against defendants, Electra Trading SA ("Electra"); Textainer Equipment Management Ltd. ("Textainer"); CAI International Inc. ("CAI"); Anglo-Eastern (Germany) GmbH ("Anglo-Eastern"); Hapag-

Lloyd AG; and Hapag-Lloyd America.[1]  The lawsuit relates to an alleged May 7, 2024 accident that Plaintiff claims occurred at a Access World (USA) LLC ("Access World") warehouse at the Port of Houston.[2]  Plaintiff alleges that he carefully opened a shipping container for unloading and was injured by unsecured cargo falling towards him.[3]

Plaintiff cannot identify the specific container he opened but alleges that the container vessel *M/V TEMPANOS,* owned, operated, and managed by Anglo-Eastern, arrived in Houston and offloaded three containers identified as BMOU2728682, TEMU1788593, and CAIU2931600 (hereinafter, the "Containers").[4] According to Plaintiff's Second Amended Original Petition, one of the named Containers was involved in the accident and caused his injuries.[5]  While Plaintiff makes no specific jurisdictional allegations regarding Hapag-Lloyd America, Plaintiff alleges that Hapag-Lloyd America and Hapag-Lloyd AG acted as the contracting ocean carriers for the shipment of the Containers to Houston.[6]  Electra, Textainer, and CAI are alleged to have been the owners of the Containers.[7]

Critically, the Containers were carried under Hapag-Lloyd AG's Sea Waybill no. HLCUBU3240307179 ("Sea Waybill").[8]  The Sea Waybill is the contract governing the ocean carriage of the Containers.  That Sea Waybill was issued on March 18, 2024 by Hapag-Lloyd Argentina SRL as agent on behalf of the carrier, Hapag-Lloyd AG (not Hapag-Lloyd America),

---

[1] Plaintiff's Second Amended Original Petition ("Petition"), at ¶¶3-8.

[2] *Id.* at ¶11.

[3] *Id.* at ¶15.

[4] *Id.* at ¶¶12-17.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] A true and correct copy thereof, together with the incorporated Sea Waybill Terms and Conditions, is being submitted with the Declaration of Luis Andres Marin, attached hereto as **Exhibit A**.

and identifies the Containers.[9]  The Sea Waybill and the incorporated terms and conditions further identify the ocean carrier for the shipment as Hapag-Lloyd AG.[10]  Notably, Hapag-Lloyd America does not appear on the face of the Sea Waybill, and the terms and conditions clearly state that the carrier under the Sea Waybill "means the party named on page 2 of this Sea Waybill," which is Hapag-Lloyd AG.[11]  Hapag-Lloyd America did not serve as the ocean carrier and had no involvement in arranging the shipment of the Containers.[12]

Finally, for the purpose of personal jurisdiction, Hapag-Lloyd America is not a Texas resident as it is not organized under the laws of and does not have its principal place of business in Texas; rather, it is a limited liability company organized under the laws of Delaware with a principal place of business at 3 Ravinia Drive, Suite 1600, in Atlanta, Georgia 30346.[13]

## II.    STANDARD OF REVIEW

The limits of personal jurisdiction in Texas are established by its long-arm statute, which authorizes the exercise of jurisdiction only where "[c]onsistent with federal and state due process standards." *Am. Type Culture Collection v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (referencing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 2336 (Tex. 1991).  To satisfy the constitutional requirements of due process, a nonresident defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *Marchand*, 83 S.W.3d at 795.

---

[9] Exhibit A, Declaration of Marin, at ¶7.

[10] *Id.* at ¶7; Ex. 1 to Declaration of Marin.

[11] *Id.* at ¶7; Ex. 1 to Declaration of Marin.

[12] *Id.* at ¶8.

[13] See Ex. A at ¶4.

Certified Document Number: 124775862 - Page 3 of 12

The minimum-contacts analysis requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (internal quotation marks omitted)). The case law establishes that: (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of a third party; (2) the contacts must be purposeful, not random, attenuated, or fortuitous; and (3) the defendant must seek a benefit, advantage, or profit from its availment of the forum. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 559 (Tex. 2018).

However, Texas courts require a two-step analysis where minimum contacts serve as a threshold constitutional requirement, but courts must then determine whether those contacts support either specific or general jurisdiction. *See, e.g., TV Azteca v. Ruiz*, 490 S.W.3d 29, 37-55 (Tex. 2016) ("minimum contacts may create either general or specific personal jurisdiction"); *Parex Res., Inc. v. ERG Res., LLC*, 427 S.W.3d 407 (Tex. App.—Houston [14th Dist.] 2014), *aff'd sub nom. Searcy v. Parex Res., Inc.*, 496 S.W.3d 58 (Tex. 2016) ("Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either specific jurisdiction or general jurisdiction").

For the Court to exercise general jurisdiction over Hapag-Lloyd America based on the existing contacts, it must find that Hapag-Lloyd America's "affiliations with [Texas] are so continuous and systematic as to render it essentially at home [in Texas]." *Old Republic*, 549 S.W.3d 550, 565 (Tex. 2018) (citing *Daimler v. Bauman*, 571 U.S. 117, 127 (2014) (additional citation and quotation marks omitted)). The test for general jurisdiction is a "high bar" and much more "demanding" than the minimum contacts analysis applied in connection with specific jurisdiction. *Id*.

Certified Document Number: 124775862 - Page 4 of 12

To exercise specific jurisdiction over Hapag-Lloyd America, the Court must find that Hapag-Lloyd America's purposeful contacts with Texas are substantially connected to the operative facts of Plaintiff's claims or form the basis of the claims. *Id.* at 559–60. The Plaintiff's claims "must arise out of or relate to the [Hapag-Lloyd America]'s contacts" with Texas. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (cleaned up) (quoting *Daimler*, 571 U.S. at 127)). However, when the analysis shows that the contacts are insufficient to meet the requirements of either general or specific jurisdiction, the courts do not consider the fair-play-and-substantial-justice requirement. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, n. 10 (Tex. 2010); *Counter Intelligence, Inc. v. Calypso Waterjet Sys., Inc.*, 216 S.W.3d 512 (Tex. App.—Dallas 2007, pet. denied) ("Because we have concluded [defendant] did not have the required minimum contacts with Texas, we need not consider this issue.").

Under the Texas long-arm statute, a plaintiff has the initial burden to plead sufficient factual allegations to confer jurisdiction. *Kelly*, 301 S.W.3d 653, 658 (Tex. 2010). If the plaintiff pleads a sufficient basis for jurisdiction, the burden shifts to the nonresident defendant to "negate all potential bases for jurisdiction pled by the plaintiff." *Old Republic*, 549 S.W.3d at 559. Although Hapag-Lloyd America has some contacts with Texas, none relate to the subject matter at issue in this lawsuit, and Hapag-Lloyd America's contacts do not render it at home in Texas. Therefore, this Court lacks personal jurisdiction over Hapag-Lloyd America and all claims against it should therefore be dismissed.

## III.     ARGUMENT AND AUTHORITIES

### A. This Court lacks general jurisdiction over Hapag-Lloyd America because it is not "at home" in Texas.

The United States Supreme Court has clarified that general jurisdiction is appropriate only in a corporation's place of incorporation, principal place of business, or in an "exceptional case."

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021); *PetroSaudi Oil Services Ltd. v. Hartley*, 617 S.W.3d 116 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The same is applied to limited liability companies like Hapag-Lloyd America. *Ascentium Capital LLC v. Hi-Tech the Sch. of Cosmetology Corp.*, 558 S.W.3d 824, 828 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (internal citation omitted).

Plaintiff makes no specific jurisdictional allegations regarding either specific or general jurisdiction. The only jurisdictional allegation made by Plaintiff is that Hapag-Lloyd America is that Hapag-Lloyd America is "doing business in the State of Texas."[14]  That allegations is conclusory and wholly insufficient. For this reason alone, the motion should be granted. Even if the court credited the conclusory allegation, the undisputed facts show that this Court does not have general jurisdiction over Hapag-Lloyd America because Hapag-Lloyd America is not incorporated in Texas and does not have its principal place of business in Texas,[15] and that this is not an exceptional case in which Hapag-Lloyd America's affiliations with Texas are so substantial as to render it at home in Texas.

Although Hapag-Lloyd America maintains one of its total of nine regional sales offices in the United States in Houston, Texas, at 16825 Northchase Dr, Suite 1600, Houston, Texas 77060,[16] the law is clear that merely maintaining a sales office in a State is insufficient to subject a party to the *general* jurisdiction of that State.  *See Alenia Spazio, S.p.A. v. Reid,* 130 S.W.3d 201 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("having an office in the forum state does not require a finding of general jurisdiction…the significance of this contact depends on the type and

---

[14] Plaintiff's Petition, at ¶4.

[15] Hapag-Lloyd America is a limited liability company organized under the laws of Delaware with a principal place of business at 3 Ravinia Drive, Suite 1600, in Atlanta, GA 30346.  See Ex. A at ¶4.

[16] See Ex. A at ¶9.

Certified Document Number: 124775862 - Page 6 of 12

nature of office maintained..."); *Garcia Hamilton & Associates, L.P. v. RBC Capital Markets, LLC*, 466 F. Supp. 3d 692 (S.D. Tex. 2020) (holding that while having offices in Austin, Dallas, Houston, and San Antonio and employing nearly 250 employees there would have constitute continuous and systematic contacts sufficient to satisfy general jurisdiction under the prevailing standard before *Daimler*, the "exceptional case" following *Daimler* requires more.); *Nunes v. NBC Universal Media, LLC*, 582 F. Supp. 3d 387, 396 (E.D. Tex. 2022) (holding that a limited liability company organized under Delaware law with its principal place of business in New York and with "corporate and retail offices and agents throughout Texas, including in Austin, Dallas, Dallas-Fort Worth, El Paso, Houston, McAllen[,] and San Antonio" was not subject to general jurisdiction in Texas since its contacts with Texas fell "far short of establishing a surrogate principal place of business requisite of an exceptional case."); *PetroSaudi Oil Services Ltd. v. Hartley*, 617 S.W.3d 116 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (finding general jurisdiction, but only where a company incorporated in the Cayman Islands with a principal place of business in London was set up to run its business (a single drillship) from an office in Houston so that "the work performed in the Houston office was integral to the operation of the vessel, the success of which was the focus of PetroSaudi's business.").

　　　　Hapag-Lloyd America's sales office in Houston is one of many, does not handle any managerial or corporate functions, and had no role with regard to the Container shipment at issue in this case.[17]  The case law is clear that the type of contacts Hapag-Lloyd America has through its sales office do not rise to the level of an exceptional case that would render the company "at home" in Texas.  This Court lacks general jurisdiction over Hapag-Lloyd America.

---

[17] See Ex. A at ¶¶9,10-11.

Certified Document Number: 124775862 - Page 7 of 12

**B.  This Court lacks specific jurisdiction over Hapag-Lloyd America because Plaintiffs' claims do not arise from or relate to any contacts between Hapag-Lloyd America and Texas.**

Texas courts cannot exercise specific jurisdiction over a nonresident defendant such as Hapag-Lloyd America, unless the plaintiff's litigation results from injuries that are alleged to arise from or relate to the defendant's contacts with Texas. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 156 (Tex. 2013); *TV Azteca*, 490 S.W.3d at 52.  The defendant's acts must have a substantial connection with the operative facts of the litigation. *Old Republic*, 549 S.W.3d at 559–60; *TV Azteca*, 490 S.W.3d at 52.  This Court does not have specific jurisdiction over Hapag-Lloyd America, because Plaintiff's cause of action does not arise from or relate to Hapag-Lloyd America's contacts with Texas.

Plaintiff's only allegations with relevance to specific jurisdiction over Hapag-Lloyd America are that it (and Hapag-Lloyd AG) allegedly acted as the contracting ocean carrier for the shipment of the Containers to Houston.[18]  Plaintiff appears to assert that because of its role as ocean carrier of the Containers, Hapag-Lloyd America was responsible for any issue with the Containers resulting in Plaintiff's injury.  While these allegations, if true (which they are not), may suffice to subject Hapag-Lloyd America to the Court's specific jurisdiction, the evidence demonstrates that these allegations are incorrect.

First, Hapag-Lloyd America was not the ocean carrier.  The Containers were carried under Hapag-Lloyd AG's Sea Waybill, which governs the ocean carriage of the Containers and which was issued on behalf of the carrier, Hapag-Lloyd AG (not Hapag-Lloyd America).[19]  The Sea Waybill and the incorporated terms and conditions identify the ocean carrier for the shipment as

---

[18] See Plaintiff's Petition at ¶¶12-17.

[19] See Ex. A at ¶6-7.

Certified Document Number: 124775862 - Page 8 of 12

Hapag-Lloyd AG (not Hapag-Lloyd America).[20]

Second, Hapag-Lloyd America did not have a separate contract related to the Containers and was not otherwise involved in arranging the shipment or the packing of the Containers.[21]

And, finally, while it is true that Hapag-Lloyd America has a sales office in Texas, no Hapag-Lloyd America employee at that location had any role or involvement in arranging the shipment or the packing of the Containers at issue in this case.[22]

Plaintiff is unable to support that his injuries arise from or relate to Hapag-Lloyd America's contacts with Texas—in fact, Hapag-Lloyd America had no involvement in arranging the shipment of the Containers, did not pack/stuff the Containers, did not serve as the ocean carrier, and did not have a contract related to the shipment or packing of the Containers—and, accordingly, Hapag-Lloyd America's contacts are not substantially connected to the operative facts of the litigation. *See, e.g., Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569 (Tex. 2007) (although nonresident defendant purposefully availed itself of Texas forum by advertising and soliciting customers for out-of-state rafting trips, contacts did not substantially relate to plaintiff's suit, which was for negligence based on personal injury in Arizona). Plaintiff's bare and conclusory allegations are insufficient and contradicted by the Declaration of Mr. Marin submitted herewith and Plaintiff cannot present evidence to the contrary. *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 129 (Tex. App.—Dallas 2021, no pet.); *see also Alexander v. Greenwood Hall, Inc.*, No. 4:18-cv- 04540, 2019 WL 12336300, at *7 (S.D. Tex. Aug. 14, 2019) ("As pleaded, Plaintiffs' jurisdictional allegations premised on [defendant's] ties to [the forum] are conclusory,

---

[20] *Id.* at ¶7.

[21] *Id.* at ¶8, 10-11.

[22] *Id.*

-9-

Certified Document Number: 124775862 - Page 9 of 12

provide no specific claims upon which to attach jurisdiction, and are unreliable. Accordingly, the Court considers [defendant's] sworn declarations when they contradict these conclusory allegations."). This Court lacks specific jurisdiction over Hapag-Lloyd America. The submitted evidence negates all bases of personal jurisdiction alleged by Plaintiff, and dismissal is appropriate.[23]

## I.  CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Hapag-Lloyd (America), LLC, respectfully requests that this Court grant its Special Appearance and dismiss the claims against it for lack of personal jurisdiction, and that the Court grant such other and further relief, both at law and in equity, both general and specific, to which Defendant Hapag-Lloyd (America), LLC may be justly entitled.

Respectfully Submitted,

**LISKOW & LEWIS**

*/s/David L. Reisman*
David L. Reisman
State Bar No. 24039691
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

and

Alma F. Shields
State Bar No. 24069800
Jonas S. Patzwall
State Bar No. 24122915
1001 Fannin, Suite 1800
Houston, Texas 77002

---

[23] Because Plaintiff clearly fails to establish either specific or general jurisdiction, this Court need not consider whether exercising jurisdiction over Hapag-Lloyd America would offend fair play and substantial justice. See *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, n. 10 (Tex. 2010); *Counter Intelligence, Inc. v. Calypso Waterjet Sys., Inc.*, 216 S.W.3d 512 (Tex. App.—Dallas 2007, pet. denied).

Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: jspatzwall@liskow.com

**ATTORNEYS FOR DEFENDANT
HAPAG-LLOYD (AMERICA), LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of Hapag-Lloyd (America), LLC's Special Appearance is being

served on all counsel of record on January 23, 2025, by electronic filing and/or electronic mail.

*/s/Jonas S. Patzwall*
Jonas S. Patzwall

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Esmeralda Moreno on behalf of David Latham Reisman
Bar No. 24039691
emoreno@liskow.com
Envelope ID: 110434581
Filing Code Description: No Fee Documents
Filing Description: Hapag-Lloyd (America), LLC's Special Appearance
Status as of 1/27/2026 8:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kip Brar | | Kip.Brar@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 1/23/2026 5:40:04 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 1/23/2026 5:40:04 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 1/23/2026 5:40:04 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 1/23/2026 5:40:04 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 1/23/2026 5:40:04 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 1/23/2026 5:40:04 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 1/23/2026 5:40:04 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        124775862 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**CAUSE NO: 2025-05979**

| | | |
|---|---|---|
| **MELVIN QUIJANO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | **125th JUDICIAL DISTRICT** |
| **HAPAG-LLOYD AG;** | § | |
| **TEXTAINER EQUIPMENT** | § | |
| **MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY) GMBH,** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY** |

---

## DECLARATION OF LUIS ANDRES MARIN

Pursuant to United States Code 28 U.S.C. § 1746, I, Luis Andres Marin, do hereby declare under penalty of perjury that the following information is based on my personal knowledge and my review of relevant documents and is true and correct to the best of my knowledge and belief:

1.    I am a Senior Manager at Hapag-Lloyd (America) LLC ("Hapag-Lloyd America") and submit this declaration in support of Hapag-Lloyd America's Special Appearance in this action.

2.    I am a person of the full age of majority, a resident of the State of Georgia, and I am capable of making this Declaration.  My business address is 3 Ravinia Drive, Suite 1600, in Atlanta, GA 30346.

3.    In the course of my duties as the Senior Manager for Hapag-Lloyd America, I am familiar with Hapag-Lloyd America's business operations, including its involvement in ocean carriage and the shipment of containers in international trade.

4.    Hapag-Lloyd America is a Delaware company with its principal place of business at 3 Ravinia Drive, Suite 1600, in Atlanta, Georgia 30346.

5.    Based on Plaintiff Melvin Quijano's Second Amended Original Petition, this lawsuit allegedly arises from personal injuries suffered by  Melvin Quijano when he opened one of three containers identified as containers nos. BMOU2728682, TEMU1788593, and CAIU2931600 (hereinafter, the "Containers").

6.      I reviewed Hapag-Lloyd AG's Sea Waybill no. HLCUBU3240307179 ("Sea Waybill"). A true and correct copy thereof, together with the incorporated Sea Waybill Terms and Conditions is attached hereto as **Exhibit 1**.

7.      The Sea Waybill is the contract governing the ocean carriage of the Containers, which are referenced therein, to Houston, Texas.  It was issued on March 18, 2024 by Hapag-Lloyd Argentina SRL as agent on behalf of the carrier, Hapag-Lloyd AG, and identifies the Containers.  The Sea Waybill and the incorporated terms and conditions further identify the ocean carrier for the shipment as Hapag-Lloyd AG.  See Ex. 1.

8.      Hapag-Lloyd America did not serve as the ocean carrier, did not have a separate contract related to the shipment or packing of the Containers, and was not involved in arranging the shipment of the Containers.

9.      Hapag-Lloyd America operates one of its nine regional sales offices at 16825 Northchase Dr, Suite 1600, Houston, Texas 77060, and others in Boston, Chicago, Detroit, East Brunswick, Miani, Oakland, and Los Angeles.

10.     Hapag-Lloyd America's regional sales office in Houston does not handle any managerial or corporate functions for Hapag-Lloyd America.

11.     Hapag-Lloyd America's regional sales office in Houston had no role or involvement with regard to the shipments or packing of the Containers carried under the Sea Waybill at issue in this case.

12.     I have reviewed Defendant Hapag-Lloyd America's Special Appearance.  The factual statements contained therein are within my personal knowledge and are true and correct.


Executed in DeKalb County, State of Georgia, on the  23 th day of January, 2026.


_____
Luis Marin

Certified Document Number: 124775863 - Page 2 of 10

EXHIBIT
1

Carrier: Hapag-Lloyd Aktiengesellschaft, Hamburg     **Sea Waybill**     Multimodal Transport or Port to

**Shipper:**
ALUAR ALUMINIO ARGENTINO SAIC
MARCELO T. DE ALVEAR 590 PISO:03
BUENOS AIRES BUENOS AIRES
1058 ARGENTINA

# Hapag-Lloyd

| Carrier's Reference: | SWB-No.: | Page: |
|---|---|---|
| 61603310 | HLCUBU3240307179 | 2 / 3 |

**Export References:**

**Consignee:**
ACCESS WORLD USA LLC
5515 AMERIPORT PARKWAY
SUITE B, BAYTOWN TEXAS 77523, USA
TEL: +1 (832)817-3025
EMAIL:
TRAFFIC.HOUSTON@ACCESSWORLD.COM

**Forwarding Agent:**

**Notify Address** (Carrier not responsible for failure to notify):
LIVINGSTON INTERNATIONAL
6340 CENTER DRIVE BLDG. 7 SUITE 102
NORTFOLK, VIRGINIA 23502
PH: 757-446-1500-EMAIL DOCS TO:
USCST31@LIVINGSTONINTL.COM

**Consignee's Reference:**

**Place of Receipt:**

**Vessel(s):**                    **Voyage-No.:**
AS STINE                         409N

**Place of Delivery:**

**Port of Loading:**
PUERTO MADRYN, ARGENTINA

**Port of Discharge:**
HOUSTON, TX, UNITED STATES

| Container Nos., Seal Nos.; Marks and Nos. | Number and Kind of Packages, Description of Goods | Gross Weight: | Measurement: |
|---|---|---|---|
| ALSO NOTIFY : | ACCESS WORLD USA LLC<br>5515 AMERIPORT PARKWAY<br>SUITE B, BAYTOWN TEXAS 77523, USA<br>TEL: +1 (832)817-3025 -EMAIL:<br>TRAFFIC.HOUSTON@ACCESSWORLD.COM | | |
| | 1 CONT. 20'X8'6" GENERAL PURPOSE CONT. SLAC* | | |
| TEMU   1788593<br>SEAL:<br>BAA05787 | 11 BUNDLES<br>WHITE | 25981,000<br>KGM | 17,490<br>MTQ |
| | 1 CONT. 20'X8'6" GENERAL PURPOSE CONT. SLAC* | | |
| BMOU   2728682<br>SEAL:<br>BAA05788 | 11 BUNDLES<br>WHITE | 25994,000<br>KGM | 17,490<br>MTQ |

**Shipper's declared Value** [see clause 7(2) and 7(3)]

**Above Particulars as declared by Shipper. Without responsibility or warranty as to correctness by Carrier** [see clause 11]

| Total No. of Containers received by the Carrier: | Packages received by the Carrier: |
|---|---|
| 4 | |

RECEIVED by the Carrier from the Shipper in apparent good order and condition (unless otherwise noted herein) the total number or quantity of Containers or other packages or units indicated in the box opposite entitled "Total No. of Containers/ Packages received by the Carrier" for Carriage subject to all the terms and conditions hereof (INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE HEREOF AND THE TERMS AND CONDITIONS OF THE CARRIER'S APPLICABLE TARIFF) from the Place of Receipt or the Port of Loading, whichever is applicable, to the Port of Discharge or the Place of Delivery, whichever is applicable. In accepting this Sea Waybill the Merchant expressly accepts and agrees to all its terms and conditions whether printed, stamped or written, or otherwise incorporated, notwithstanding the non-signing of this Sea Waybill by the Merchant.

**Movement:**              **Currency:**
FCL/FCL                      USD

| Charge | Rate | Basis | aWt/Vol/Val | P/C | Amount |
|---|---|---|---|---|---|
| | | | | | |

**Place and date of issue:**
BUENOS AIRES        18.MAR.2024

**Freight payable at:**
MONTEVIDEO, URUGU

**FOR ABOVE NAMED CARRIER**
**HAPAG-LLOYD ARGENTINA SRL**
**(AS AGENT)**

| Total Freight Prepaid | Total Freight Collect | Total Freight |
|---|---|---|
| 12506.00 | 80.00 | 12586.00 |

*Sea Waybill · Not Negotiable*

Hapag-Lloyd Aktiengesellschaft, Hamburg

 **Hapag-Lloyd**

**Page 3 / 3**

SWB-No. HLCUBU3240307179

```
-------------------------------------------------------------------
Cont/Seals/Marks  Packages/Description of Goods      Weight  Measure
                  1 CONT. 20'X8'6" GENERAL PURPOSE CONT. SLAC*
CAIU  2931600     11 BUNDLES                       25991,000   17,490
SEAL:             WHITE                                  KGM      MTQ
BAA05789

                  1 CONT. 20'X8'6" GENERAL PURPOSE CONT. SLAC*
TGCU  2091082     11 BUNDLES                       25986,000   17,490
SEAL:             WHITE                                  KGM      MTQ
BAA05971          ALUMINUM BILLETS, ALLOY 6005,
                  WITH 7'' DIAM X 5,800 MM LONG
                  WOODEN PACKING:
                  TREATED AND CERTIFIED
                  TOTAL GROSS WEIGHT
                  103.952 KGS
                  TOTAL NET WEIGHT
                  103.201 KGS
                  BUNDLES 44
                  PE: 24047EC01000934M
                  NCM: 7601.20.00
                  COLOR: WHITE

*SLAC = Shipper's Load, Stow, Weight and Count

                  TARE WEIGHT      GROSS VOLUME
BMOU  2728682     2220,000 KGM      17,490 MTQ
CAIU  2931600     2200,000 KGM      17,490 MTQ
TEMU  1788593     2100,000 KGM      17,490 MTQ
TGCU  2091082     2130,000 KGM      17,490 MTQ

SHIPPED ON BOARD, DATE : 18.MAR.2024
PORT OF LOADING: PUERTO MADRYN, ARGENTINA
VESSEL NAME: AS STINE VOYAGE: 409N

FREIGHT PREPAID

CHARGE                 RATE BASIS  W/M/V CURR    PREPAID      COLLECT
-------------------------------------------------------------------
THC ORIGIN             416,00 CTR    1 USD      1664,00
CARR. SECURITY FEE      15,00 CTR    1 USD        60,00
MARINEFUEL RECOVER     338,00 CTR    1 USD      1352,00
SEC.MANIF.DOCUMENT      38,00 BIL    1 USD        38,00
DOCUMENT FEE            52,00 BIL    1 USD        52,00
SEALING CHARGE ORI      12,00 CTR    1 USD        48,00
EQUIPM.MAINTEN.FEE      20,00 CTR    1 USD                      80,00
LUMPSUM                               USD      9292,00
```

Certified Document Number: 124775863 - Page 4 of 10

Sea Waybill • Not Negotiable
Sea Waybill • Not Negotiable

**1. Definitions**

"BIMCO" means the Baltic and International Maritime Council.

"Carriage" means the whole or any part of the operations and services undertaken by Carrier in respect of the Goods covered by this Sea Waybill.

"Carrier" means the party named on page 2 of this Sea Waybill.

"Container" means any container, trailer, transportable tank, flat, or any similar article used to consolidate Goods and any connected equipment, includes all charges payable to Carrier in accordance with the applicable tariff and this Sea Waybill.

"Freight" means all charges payable to Carrier in accordance with the applicable tariff and this Sea Waybill.

"Goods" means the whole or any part of the cargo received from the shipper and includes any equipment or Container not supplied by or on behalf of Carrier.

"Hague Rules" means the International Convention for the Unification of Certain Rules relating to Bills of Lading of 1924 only.

"Hague-Visby Rules" means the Hague Rules including the Visby amendments of 1968 and the amendments by the Protocol of 1979.

"Merchant" includes the booking party, the shipper and consignee, holder of the Sea Waybill, the person to whom the data has been forwarded as provided for in clause 2 (2) and the receiver of the Goods.

"Servants or Agents" includes the owners, managers and operators of any Vessel other than Carrier, master, officers and crew of the Vessel(s), charterers, slot and space charterers, the Vessel, all underlying carriers, bailees, direct and indirect subcontractors, stevedores, terminal and groupage operators, road and rail transport operators, or any other party employed by or on behalf of Carrier, or whose services or equipment have been used to perform this contract whether in direct contractual privity with Carrier or not.

"US COGSA" means the US Carriage of Goods by Sea Act 1936.

"Vessel" means any vessel (including but not limited to a main line vessel, feeder ship, barge or any other means of conveyance by water used for the carriage of the goods under this Sea Waybill.

"VGM" means the verified gross mass obtained by one of the permissible methods pursuant to ch. VI, part A, reg. 2 paragraph 4 of SOLAS 1974 (as amended from time to time) and the applicable regulations of the State of the loading port.

**2. General Conditions**

(1) This Sea Waybill is issued for a contract of Carriage which is not covered by a Bill of Lading or similar document or title.

(2) A signed Sea Waybill is returned to the shipper and a copy of it is applied as an input source document to a computerized system for data transmission of particulars as described on page 2 hereof to the country of destination. Upon receipt of the data so transmitted, Carrier or its agent in the country of destination will forward such data to the consignee and notify party.

(3) Carrier shall not be liable for any loss or damage or delay to or in connection with the Goods or any consequential or indirect damage to Merchant arising unintentionally from erroneous input into the computer system or from wrongful data transmission.

(4) This contract of Carriage shall be subject to German law which would have been compulsorily applicable if a Bill of Lading rather than a Sea Waybill had been issued.

(5) The terms and conditions of Carrier's applicable tariff are incorporated herein, including but not limited to the terms and conditions relating to demurrage and detention. The provisions relevant to the applicable tariff can be acquired from Carrier or its agents upon request. Carrier's standard tariff can be accessed online at www.hapag-lloyd.com. In the case of any inconsistency between this Sea Waybill and the applicable tariff, this Sea Waybill shall prevail.

**3. Right of Control, Delivery of Goods**

(1) The shipper shall be the only party entitled to give Carrier instructions in relation to the contract of Carriage. Shipper shall be entitled to change the name of the consignee at any time up to the consignee claiming delivery of the Goods after their arrival at destination, provided it gives Carrier unambiguous notice in writing, on any time after other means acceptable to Carrier, and thereby undertaking to indemnify Carrier against any additional expense caused thereby.

(2) (a) The Goods mentioned on page 2 will be delivered after payment of Freight of other charges to the consignee, or to such person who identifies itself as being a representative of the consignee, and such delivery shall constitute due performance of this contract.

(b) Carrier shall be under no liability for wrong delivery if it can prove that it has exercised reasonable care to ascertain that the party claiming delivery is in fact entitled.

**4. Sub-Contracting and Indemnity**

(1) Carrier shall be entitled to sub-contract on any terms whatsoever the whole or any part of the Carriage, including but not limited to loading, unloading, storing and warehousing.

(2) Merchant hereby agrees that no Servants or Agents are, or shall be deemed to be liable with respect to the Goods or the Carriage as Carrier, bailee or otherwise, and agrees not to file any claim against any Servant and Agent seeking to impose liability in connection with the Carriage. If any claim is made against any of the Servants or Agents, Merchant shall indemnify Carrier against all consequences thereof. Without prejudice to the foregoing, all rights, exemptions, defenses, and limitations of and exoneration from liability provided by law or by these Terms and Conditions, including the jurisdiction clause, shall be available to every Servant or Agent and Vessel which shall be entitled to enforce same against Merchant.

(3) The provisions of Clause 4 (2) shall extend to claims of whatsoever nature against other persons chartering space on the carrying Vessel.

**5. Carrier's Responsibility**

(1) Port-to-Port Shipment

(a) When loss or damage has occurred to the Goods between the time of loading on the Vessel and the time of discharge from the Vessel, the responsibility of Carrier shall be determined in accordance with German law making the Hague Rules compulsorily applicable. The BIMCO Paramount Clause General shall be incorporated herein.

(b) However, in the event that this Sea Waybill covers a shipment from or to the USA, US COGSA shall govern and apply from loading the Goods on the Vessel until discharge. US COGSA shall also be applicable during all times before the Goods are loaded on or after they are discharged from the Vessel.

(c) Carrier shall not be responsible for any fault of its personnel and of the Vessel's crew (as defined in § 478 German Commercial Code) in cases of damage or loss caused by fire or explosion on board the Vessel or caused by the navigation or management of the Vessel, in the latter case save for damage or loss caused when executing measures which were predominantly taken in the interest of the Goods ("Error in Navigation and Fire Defenses").

(d) Carrier shall not be responsible for any fault of other persons involved in the navigation or management of the Vessel, in particular pilots on board of the Vessel or the crew of a tug boat assisting the Vessel, in cases of damage or loss caused by the navigation or the management of the Vessel, save for damage or loss caused when executing measures which were predominantly taken in the interest of the Goods.

(e) Prior to loading and after discharge Carrier is not deemed to have custody of the Goods. Carrier is not responsible for acts or omissions of a terminal operator to which the Goods were submitted.

(f) Unless notice of loss or damage be given in writing to Carrier or its agent at the port of discharge before or at the time of the removal of the Goods into the custody of the person entitled to delivery thereof under the contract of Carriage, or, if the loss or damage is not apparent, within three (3) days, such removal shall be prima facie evidence of the delivery by Carrier as described in this Sea Waybill and any such loss or damage which may have occurred to the Goods shall be deemed to be due to circumstances which are not the responsibility of Carrier. The notice must clearly specify the damage. Notwithstanding the aforesaid, if a Container has been delivered to Merchant, Merchant must prove that the damage to or loss of the Goods did not occur during the period after delivery, when the Container was in the custody of Merchant.

(g) Compensation shall be calculated by reference to the value of the Goods at the place and the time they are delivered to Merchant, or at the place and the time they should have been delivered. For the purpose of determining the extent of Carrier's liability for loss of or damage to the Goods, the sound value of the Goods is agreed to be the invoice value plus Freight and insurance if paid.

(2) Multimodal Transport

(a) If the place of damage to or loss of the Goods is known, the responsibility of Carrier is determined by the law which applies to this leg of Carriage except in cases which are governed by Clause 5 (2) (d) below.

(b) If it is established that loss or damage occurred during the port-to-port leg the "Error in Navigation and Fire Defenses" as per Clause 5 (1) (b) apply.

(c) If it is established that loss or damage occurred during the port-to-port leg, Clause 5 (1) (c) shall apply.

(d) In the event that part of the multimodal transport involves a shipment to or from the USA, US COGSA shall govern and apply from loading the Goods on the Vessel until discharge. US COGSA shall also be applicable during all times before loading and after discharge of the Goods from the Vessel.

(e) With respect to road Carriage between countries in Europe liability shall be determined in accordance with the Convention on the Contract for the International Carriage of Goods by Road (CMR), dated May 19, 1956; and during rail Carriage between countries in Europe according to the International Agreement on Railway Transport (CIM), dated February 25, 1961 or any amendments to this Convention or Agreement.

(f) When it is established that the place of damage to or loss of the Goods or the part of the discharge occurred before or at the time of the removal of the Goods into the custody of the person entitled to delivery thereof under the contract of Carriage, or, if the loss or damage is not apparent within seven (7) days, such removal shall be prima facie evidence of the delivery by Carrier as described in this Sea Waybill and any such loss or damage which may have occurred to the Goods shall be deemed to be due to circumstances which are not the responsibility of Carrier. The notice must clearly specify the damage. Notwithstanding the aforesaid, if a Container has been delivered to Merchant, Merchant must prove that the damage to or loss of the Goods did not occur during the period after delivery, when the Container was in the custody of Merchant.

(g) Compensation shall be calculated by reference to the value of the Goods at the time they were delivered to Carrier for Carriage.

(h) **IN THE EVENT THAT THE LAW WHICH IS APPLICABLE UNDER CLAUSE 5 (2) (a) IS NOT MANDATORY AND PROVIDES FOR LIABILITY EXCEEDING 2 SDRs PER KILO, THE MAXIMUM LIABILITY SHALL BE 2 SDRs PER KILO OF THE GROSS WEIGHT OF THE GOODS LOST OR DAMAGED. SDRs MEANS SPECIAL DRAWING RIGHTS AS DEFINED BY THE INTERNATIONAL MONETARY FUND. THIS SUB-SECTION (h) DOES NOT APPLY IF THE LOSS OR DAMAGE TO THE GOODS OCCURRED ON A SEA LEG.**

(i) **IF THE STAGE OF THE CARRIAGE DURING WHICH LOSS OR DAMAGE OCCURRED IS NOT KNOWN, CARRIER'S MAXIMUM LIABILITY SHALL IN NO EVENT WHATSOEVER AND HOWSOEVER ARISING EXCEED 2 SDRs PER KILO OF GROSS WEIGHT OF THE GOODS LOST OR DAMAGED.**

(j) **CARRIER SHALL NOT BE ENTITLED TO THE BENEFIT OF THE LIMITATION OF LIABILITY PROVIDED FOR IN CLAUSE 5 (2) (h) AND (i) IF IT IS PROVED THAT THE DAMAGE**

RESULTED FROM AN ACT OR OMISSION OF CARRIER OR ITS SERVANTS OR AGENTS DONE WITH INTENT TO CAUSE DAMAGE, OR RECKLESSLY AND WITH KNOWLEDGE THAT DAMAGE WOULD PROBABLY RESULT.

(k) Subject to the applicable restrictions in statutory law and international conventions, Carrier shall not be liable for damage caused by error in navigating or handling the Vessel, including errors caused by the arrangement of a group of tugs or pushers.

(3) Change of Destination by Merchant

In the event that Merchant requests Carrier to deliver the Goods at a port or place other than the port of discharge or the place of delivery originally designated in this Sea Waybill and Carrier in its absolute discretion agrees to such request, such further Carriage will be undertaken on the basis that the Sea Waybill Terms and Conditions are to apply to such Carriage as if the ultimate destination agreed with Merchant had been entered on page 2 of this Sea Waybill as the port of discharge or place of delivery.

**6. Time for Suit**

In any event, Carrier shall be discharged from all liability in respect of loss of or damage to the Goods, non-delivery, mis-delivery, delay or any other loss or damage connected or related to the Carriage unless suit is brought within one (1) year after delivery of the Goods or the date when the Goods should have been delivered.

**7. Sundry Liability Provisions**

(1) Hague Rules/Hague-Visby Rules

Without prejudice to Clause 5 (2) hereof, in the event that suit is brought in a court other than the court as provided for in Clause 24, and Clause 24 is not enforced by Carrier or the court, then (a) if this Sea Waybill has been issued in a country where the Hague-Visby Rules are compulsorily applicable, Carrier's liability shall not exceed 2 SDRs per kilo of the gross weight or 666.67 SDR per package of the Goods lost or damaged, whichever is higher, or (b) if this Sea Waybill has been issued in a country in which the Hague Rules apply, Carrier's liability shall not exceed GBP 100 per package or unit.

(2) US COGSA

Notwithstanding Clause 7(1), if the Sea Waybill covers a shipment to or from the US, and suit is brought in a court other than as provided for in Clause 24, and Clause 24 is not enforced by Carrier or the court, then US COGSA shall apply. The provisions of US COGSA shall also govern during all times before the Goods are loaded on and after they are discharged from the Vessel. Carrier's maximum liability in respect to the Goods shall not exceed USD 500 per package or, where the Goods are not shipped in packages, USD 500 per customary freight unit unless the nature and value of the Goods has been declared by Merchant and inserted in writing on page 2 of the Sea Waybill and said Merchant shall have paid the applicable ad valorem freight rate set forth in Carrier's tariff.

(3) Shipper's declared value

Merchant agrees and acknowledges that Carrier has no knowledge of the value of the Goods and that compensation higher than that provided for herein may not be claimed unless the nature and value of such Goods have been declared by Merchant, agreed to by Carrier and inserted into the Sea Waybill before shipment. In addition the applicable ad valorem Freight rate as set out in Carrier's tariff must be paid. Any partial loss or damage shall be adjusted pro rata on the basis of such declared value. If the declared value is higher than the actual value, Carrier shall in no event be liable to pay compensation higher than the net invoice value of the Goods plus Freight and insurance if paid. Any references, when shown on page 2 of this Sea Waybill, to letters of credit, import licenses, sales contracts, invoices or order numbers and/or details of any contract to which Carrier is not a party shall not be regarded as a declaration of value.

(4) Limitation of Liability

It is hereby agreed by Merchant that Carrier qualifies as a person entitled to limit liability under any Convention or Act pertaining to limitation of liability on maritime claims, whichever is applicable. Carrier may be the ship-owner, charterer (including a slot- or space charterer), manager or operator of the Vessel, or salve rendering services in connection with salvage operations. If any claims are made against the Servants or Agents, they are entitled to avail themselves of the same limitation available to Carrier.

(5) Delay

(a) Unless expressly agreed, Carrier does not undertake that the Goods shall arrive at the port of discharge or place of delivery at any particular time or to meet any particular market or use, and Carrier shall not be liable for any direct, indirect or consequential loss or damage caused by delay.

(b) If Carrier will nevertheless be considered liable for loss or damage resulting from delay, such liability shall not exceed three (3) times the Freight.

(c) Sub-section (b) shall not apply if the law governing a particular loss or damage resulting from delay provides for a lower limitation amount.

(d) Cl. 7 (5) (a) and (b) shall not apply if the delay was caused by Carrier or its Servants or Agents with the intention to cause damage, or recklessly and with knowledge that such damage would probably result.

(6) Scope of Application and Exclusions

(a) The rights, defenses, immunities, exemptions, limitations and liberties of whatsoever nature provided for in this Sea Waybill or under statute shall apply in any action against Carrier for loss or damage or delay, howsoever occurring and whether the action be founded in contract or in tort.

(b) Save as otherwise provided herein, Carrier shall in no circumstances whatsoever and howsoever arising be liable for direct or indirect or consequential loss or damage or loss of business or profits, unless it is established that Carrier himself acted with the intent to cause damage, or recklessly and with knowledge that damage would probably result.

**8. Shipper-Packed Containers**

If a Container has not been packed by or on behalf of Carrier:

(1) Carrier shall not be liable for loss of or damage to the Goods caused by:

(a) the manner in which the Container has been packed; or

(b) the unsuitability of the Goods for Carriage in the Container supplied or

(c) the unsuitability or defective condition of the Container or the incorrect setting of any refrigeration controls or ventilation settings thereof, provided that, if the Container has been supplied by or on behalf of Carrier, this unsuitability or defective condition would have been apparent upon inspection by Merchant at or prior to the time when the Container was packed; or

(d) packing refrigerated Goods that are not at the correct temperature for Carriage.

(2) Merchant shall indemnify Carrier against any loss, damage, liability or expense whatsoever and howsoever arising, caused by one or more matters referred to in Clause 8 (1).

(3) With regard to temperature- or atmosphere-controlled Goods, Carrier shall be deemed to have fulfilled its obligations under the contract of Carriage and shall have no liability whatsoever if such Goods are carried in a range of plus or minus 2.5 degrees Celsius with regard to any temperature indicated on page 2 of this Sea Waybill. The term "apparent good order and condition" when used in this Sea Waybill with reference to the Goods which require refrigeration does not mean that the Goods when received were verified by Carrier as being at the temperature on page 2 of this Sea Waybill. Where a temperature is indicated Carrier undertakes that the Container is equipped to maintain the temperature set by Merchant. Merchant remains responsible for the consequences of any temperature irregularities, including but not limited to the Goods being at the wrong temperature at the port of origin, which may be a critical factor, and the failure to set the proper stuffing(-) prior to receipt or after delivery by Carrier.

(4) Container with Goods packed by Merchant shall be delivered to Carrier with an intact security seal in place, and the seal number provided to Carrier by Merchant. In the event the Container is not so sealed, Carrier reserves the right, at Merchant's expense, to return the Container to Merchant for resealing, or to affix a seal.

**9. Inspection of Goods**

Carrier or any Servant or Agent or any other person authorized by Carrier shall be entitled, but under no obligation, to open any Container or package at any time and to inspect the Goods. If, by order of the authorities at any place, a Container has to be opened for the Goods to be inspected, Carrier will not be liable for any loss or damage incurred as a result of such opening, unpacking, inspection or repacking. Carrier shall be entitled to recover the costs of such opening, unpacking, inspection and repacking from Merchant.

**10. Carriage Affected by Condition of Goods**

If it appears at any time that, due to their condition, the Goods cannot safely or properly be carried further or without incurring additional expense or taking any measure(s) in relation to the Container or the Goods, Carrier may, without notice to Merchant, take any measure(s) and/or incur any additional reasonable expense to carry or to dispose of the Goods and/or abandon the Carriage and/or store them ashore or afloat, under cover or in the open, at any place, whichever Carrier, in its absolute discretion, considers most appropriate, which abandonment, storage, sale or disposal shall be deemed to constitute due delivery under this Sea Waybill. Merchant shall indemnify Carrier against any additional expense so incurred.

**11. Description of the Goods and High Value Cargo**

(1) The Shipper warrants to Carrier that the particulars relating to the Goods as set out on page 2 have been checked by the shipper on receipt of this Sea Waybill and that such particulars, and any other particulars furnished by or on behalf of the shipper, are adequate and correct. The shipper also warrants that the Goods are lawful Goods and contain no contraband.

(2) Carrier is neither prepared to enter into a contract of Carriage nor to issue a Sea Waybill regarding High Value Cargo without Carrier's prior written consent to perform such a carriage. High Value Cargo shall consist of Goods with an invoice value of USD 2,000,000 or above. Carrier shall be discharged from all liability in respect of loss or damage to such Goods, non-delivery, or any other loss connected or related to the Carriage in case of failure to declare any High Value Cargo and seek Carrier's said consent.

**12. Merchant's Responsibility**

(1) All persons coming within the definition of Merchant shall be jointly and severally liable to Carrier for the fulfilment of all obligations and warranties undertaken by Merchant either in this Sea Waybill, or required by law. Merchant shall indemnify Carrier against all claims, losses, damages, expenses, fines, costs and attorneys fees, arising or resulting from any breach of these obligations and warranties.

(2) It is the sole responsibility of the shipper to provide Carrier electronically or by any other means as agreed by the parties with the VGM of each Container prior to the deadline stipulated by Carrier for submission (VGM cut-off time). If VGM is not provided in time by the shipper or its representative, Carrier shall be under no obligation to commence or continue Carriage of that Container.

(a) Carrier may store/re-weigh or return the Container to Shipper or its representative in its discretion for Merchant's account if VGM is not provided in time.

(b) Any demurrage and storage fees resulting from these obligations shall be for Merchant's account.

(c) Merchant shall also be liable for any resulting expenses, fines, delay, loss or damage. Merchant shall comply with all regulations or requirements of customs, ports and/or other authorities, including but not limited to those relating to VGM, and shall bear and pay all duties, taxes, fines, imposts, or losses (including Freight for any additional Carriage undertaken) incurred or suffered by reason of any failure to so comply, or by reason of any illegal, incorrect, or insufficient weighing, marking, number or addressing of the Goods or Containers or the discovery of any drug, narcotics, stowaways or other illegal substances within

Containers packed by Merchant or inside Goods supplied by Merchant, or stamp duty imposed by any country, and shall indemnify Carrier in respect thereof.

(4) If Containers supplied by or on behalf of Carrier are unpacked at Merchant's premises, Merchant is responsible for returning the empty Containers (free of any dangerous goods placards, labels or markings), with interiors brushed and clean, to the point or place designated by Carrier, its Servants or Agents, within the time prescribed. Should a Container not be returned within the time prescribed in the tariff, Merchant shall be liable for the detention, loss or expenses which may arise from such non-return.

**13. ISPS Code**

(1) Merchant shall comply with the requirements of the ISPS Code. If Carrier is held liable by any State Authority or any other third party Merchant shall indemnify and hold Carrier harmless from any damages resulting from the violation of the ISPS Code by Merchant.

(2) Merchant undertakes to pay Carrier any costs or expenses whatsoever arising out of or related to security regulations or measures required by the port facility or any relevant authority in accordance with the ISPS Code in relation to Merchant's Goods.

(3) Carrier is entitled to deviate the Vessel to a different port and to unload the Goods there if the authorities in the port of discharge have increased their level of security according to the ISPS Code after the Goods have been loaded.

(4) Merchant undertakes to compensate any costs and expenses suffered by Carrier because of a delay of the Vessel resulting from a violation of the ISPS Code by Merchant.

**14. Freight**

(1) Freight shall be deemed fully earned on receipt of the Goods by Carrier and shall be paid and nonreturnable in any event.

(2) Freight has been calculated and shall be paid on the basis of particulars furnished by or on behalf of the shipper. If the particulars furnished by or on behalf of the shipper are incorrect, liquidated damages shall be paid to Carrier, in accordance with the applicable tariff.

(3) All Freight shall be paid without any set-off or counterclaim unless the claim is not in dispute or confirmed by final court decision.

(4) If Merchant fails to pay the Freight when due, it shall be liable for all costs, liquidated damages in accordance with the applicable tariff and in particular interest which accrues until payment.

**15. Lien**

Carrier shall have a lien on the Goods and any documents relating thereto for all sums payable by Merchant to Carrier under this or any other contract and for general average and/or salvage contributions, to whomsoever due. Carrier may exercise its lien at any time and in any place at its sole discretion, whether the contractual Carriage is completed or not. Carrier's lien shall extend to cover the cost and attorneys fees of recovering any sums due. Carrier shall have the right to sell the Goods at public or private sale at the expense and without notice to Merchant. If the proceeds of this sale fail to cover the whole amount due, Carrier is entitled to recover the deficit from Merchant.

**16. Optional Stowage and Deck Cargo**

(1) The Goods may be packed by Carrier in Containers and consolidated with other goods in Containers.

(2) Goods, whether or not packed in Containers, may be carried on deck or under deck without notice to Merchant and Carrier shall not be required to note on the Sea Waybill any statement of on-deck Carriage. All such Goods whether carried on deck or under deck, shall participate in general average and the Carriage of such Goods is subject to all terms and conditions of the Sea Waybill.

**17. Methods and Routes of Carriage**

(1) Carrier may at any time and without notice to Merchant:

(a) use any means of Carriage or storage whatsoever, including the utilization of railway, road vehicle or inland river services;

(b) transfer the Goods from one conveyance to another, including but not limited to transshipping or carrying on another Vessel or conveyance or by any other means of transport than that named on page 2;

(c) unpack and remove Goods which have been packed into a Container and forward them in a Container or otherwise;

(d) proceed by any route in its discretion (whether or not the nearest or most direct or customary or advertised route), at any speed, and proceed to or stay at any place or port whatsoever, once or more often and in any order;

(e) load or unload the Goods at any place or port (whether or not such port is named on page 2 as the Port of Loading or Port of Discharge) and store the Goods temporarily at any place or port whatsoever, once or more often and/or

(f) comply with any orders or recommendations given by any government or authority.

(2) The liberties set out in this Clause 17 may be invoked by Carrier for any purpose whatsoever, whether or not connected with the Carriage of the Goods, including loading or unloading other Goods, bunkering, undergoing repairs, adjusting instruments, picking up or landing any persons. Anything done in accordance with Clause 17 (1) or any delay arising therefrom shall be deemed to be: (i) within the contractual Carriage and shall not be a deviation; and (ii) to fall within the contractual Carriage and any additional Freight, storage and all other expenses incurred by or on behalf of Carrier, all of which shall be due and owing from Merchant, and Carrier shall have a lien on the Goods for the same.

**18. Matters Affecting Performance**

If at any time the Carriage is or is likely to be affected by any hindrance, risk, danger, delay, difficulty or disadvantage of any kind including but not limited to labour disruption such as strike and lock-out, war, civil commotion, political unrest, piracy, act of terrorism and threat thereof and howsoever arising (even though the circumstances giving rise to such hindrance, risk, danger, delay, difficulty or disadvantage existed at the time this contract was entered into or when the Goods were received for the Carriage), then Carrier (whether or not the Carriage is commenced) may, at its sole discretion and without prior notice to Merchant, either:

(1) carry the Goods to the contracted port of discharge or place of delivery, whichever is applicable, by an alternative route to that indicated on page 2 of this Sea Waybill or that which is usual for Goods consigned to that port of discharge or place of delivery and shall be entitled to charge such additional Freight; or

(2) suspend the Carriage of the Goods and store them ashore or afloat and endeavor to forward them as soon as reasonably possible and shall be entitled to charge such storage costs and additional Freight; or

(3) abandon the Carriage of the Goods and place them at Merchant's disposal at any place or port which Carrier may deem safe and convenient, whereupon the responsibility of Carrier in respect of such Goods shall cease. Merchant shall pay any additional costs of the Carriage to, and delivery and storage at, such place or port.

**19. Dangerous Goods**

(1) No Goods which are or may become dangerous, inflammable or damaging (including radio-active materials), shall be tendered to Carrier for Carriage without its express consent in writing, and without the Container as well as the Goods themselves being distinctly marked on the outside so as to indicate the nature and character of any such Goods and so as to comply with any applicable laws, regulations or requirements. If such Goods are delivered to Carrier without such written consent and/or marking, or if in the opinion of Carrier the Goods are or are liable to become of a dangerous, inflammable or damaging nature, they may at any time be destroyed, disposed of, abandoned, or rendered harmless without compensation to Merchant.

(2) Merchant warrants that the Goods are sufficiently packed in compliance with all laws or regulations and requirements with regard to the nature of the Goods.

(3) Whether or not Merchant was aware of the nature of the Goods, Merchant shall indemnify Carrier against all claims, losses, damages or expenses, costs and fees, including attorneys fees, arising in consequence of the Carriage of such Goods.

(4) Nothing contained in this Clause shall deprive Carrier of any of its rights provided for else-where.

**20. Notification and Delivery**

(1) Carrier shall not be obliged to give any notification of the arrival of the Goods to Merchant hereunder.

(2) Merchant shall take delivery of the Goods within the time provided for in Carrier's applicable tariff.

(3) (a) If Merchant fails to do so, Merchant shall either nominate an alternative receiver or accept a return shipment or organize the cargo disposal, failing which Merchant shall indemnify Carrier for all losses arising out of Merchant's refusal to receive the Goods. Furthermore, Carrier may store the Goods or part thereof ashore or afloat, uncovered or in the open, at the sole risk of Merchant. Such storage shall constitute due delivery hereunder, and thereupon the liability of Carrier in respect of the Goods stored as aforesaid shall wholly cease.

(b) Merchant shall be responsible for the costs of such storage, as well as detention and demurrage.

(3) If Merchant fails to take delivery of the Goods within thirty days of delivery becoming due under Clause 20 (2), or if in the opinion of Carrier they are likely to deteriorate, decay, become worthless or incur charges whether for storage or otherwise in excess of their value, Carrier may, without prejudice to any other rights which it may have against Merchant, without notice and without sell, destroy or dispose of the Goods and apply any proceeds of sale in reduction of the sums due to Carrier from Merchant.

(4) Without prejudice to an earlier termination by virtue of law or any other clause of this Sea Waybill, the responsibility of Carrier shall cease and the Goods shall be considered to be delivered at their own risk and expense in every respect when taken into the custody of customs or other authorities.

**21. General Average & Salvage**

General average to be adjusted at any currency at any place selected by Carrier and according to the York/Antwerp Rules 1994. Any claims or disputes relating to general average shall exclusively be subject to the laws and jurisdictions set out in Clause 24. The BIMCO New Jason Clause is hereby expressly incorporated and obtainable from Carrier or its agents upon request.

**22. Both-to-Blame Collision**

The BIMCO Both-to-Blame Collision Clause is hereby incorporated into this Sea Waybill and obtainable from Carrier or its agents upon request.

**23. Validity and Carrier's Data Protection Policy**

(1) In the event that anything herein contained is inconsistent with any applicable international convention or national law which cannot be departed from by private contract, the provisions hereof shall to the extent of such inconsistency but not further be null and void. Unless otherwise specifically agreed in writing between Merchant and Carrier, the terms and conditions of this Sea Waybill supersede any prior agreements between Merchant and Carrier.

(2) Carrier's Data Protection Policy may be viewed at www.hlag.com.

**24. Law and Jurisdiction**

Except as otherwise provided specifically herein any claim, dispute, suit or proceeding arising under this Sea Waybill and/or the contract between Carrier and the Merchant shall be governed by German law and determined exclusively in the Hamburg courts. Carrier shall have the option to file a suit against Merchant's place in business.

**Carrier:** Hapag-Lloyd Aktiengesellschaft, Hamburg                    Multimodal Transport or Port to Port Shipment

# Sea Waybill

**Hapag-Lloyd**

**Shipper:**

| | |
|---|---|
| **Carrier's Reference:** | **SWB-No.:** | **Page:** |

**Export References:**

**Consignee:**

**Forwarding Agent:**

**Notify Address** (Carrier not responsible for failure to notify):

**Consignee's Reference:**

**Place of Receipt:**

**Vessel(s):**                    **Voyage-No.:**

**Place of Delivery:**

**Port of Loading:**

**Port of Discharge:**

| Container Nos., Seal Nos.; Marks and Nos. | Number and Kind of Packages, Description of Goods | Gross Weight: | Measurement: |
|---|---|---|---|

SAMPLE NOT VALID

Shipper's declared Value [see clause 7(2) and 7(3)]

Above Particulars as declared by Shipper. Without responsibility or warranty as to correctness by Carrier [see clause 11]

| Total No. of Containers received by the Carrier: | Packages received by the Carrier: |
|---|---|

RECEIVED by the Carrier from the Shipper in apparent good order and condition (unless otherwise noted herein) the total number or quantity of Containers or other packages or units indicated in the box opposite entitled "Total No. of Containers/ Packages received by the Carrier" for Carriage subject to all the terms and conditions hereof (INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE HEREOF AND THE TERMS AND CONDITIONS OF THE CARRIER'S APPLICABLE TARIFF) from the Place of Receipt or the Port of Loading, whichever is applicable, to the Port of Discharge or the Place of Delivery, whichever is applicable. In accepting this Sea Waybill the Merchant expressly accepts and agrees to all its terms and conditions whether printed, stamped or written, or otherwise incorporated, notwithstanding the non-signing of this Sea Waybill by the Merchant.

| Movement: | | Currency: |
|---|---|---|

| Charge | Rate | Basis | aWt/Vol/Val | P/C | Amount |
|---|---|---|---|---|---|

Place and date of issue:

Freight payable at:

| Total Freight Prepaid | Total Freight Collect | Total Freight |
|---|---|---|

90147346  L.V. 06/16

Sea Waybill · Not Negotiable

Sea Waybill · Not Negotiable



# Internet Sea Waybill Transmission Agreement

between

_____          "User"

and

**Hapag-Lloyd Aktiengesellschaft, Ballindamm 25, 20095 Hamburg, Germany**     "HLAG"

The provisions of this Agreement shall be applicable for the printing of a Sea Waybill ("SWB") via the Internet at the User's premises.

## § 1    General Requirements

1.1    In order to print SWBs via the Internet ("Remote Printing"), the User has to first obtain the permission of HLAG. Upon execution of this Agreement and application, HLAG shall assign the User a login ID and password. The login ID and password shall be held strictly confidential.

1.2    HLAG bears no obligation to permit the User to participate in Remote Printing.

1.3    The User understands that the transmission of SWBs via the Internet and the general use of the Internet medium involves risks and agrees to bear such risks, particularly those caused by interference of unauthorised parties.

## § 2    Issuance of HLAG Sea Waybills

2.1    The User agrees to the transmission of SWBs by way of electronic data traffic via the Internet. HLAG shall transmit the relevant data of each SWB to the User for the booked and accepted cargo received for shipment/shipped together with the electronically-prepared SWB form in Adobe Acrobat Portable Document Format (PDF) without any signature. The User shall bear the obligation of printing out onto paper the respective data without undue delay and without making any changes to the data.

2.2    The User shall keep the transmitted SWB on file as paper. The User shall not store a copy of the transmitted SWB in his workstation. If it is under technical reasons necessary to store a copy as file the User shall not make any changes to the transmitted data. Once the User has printed the transmitted data the User shall immediately delete the stored copy.

2.3    Each transmitted SWB may only be requested and used once by the User. Only the SWB available for download from the HLAG homepage shall be deemed as the final, legally binding version.

2.4    The electronic SWB is only available in Adobe Acrobat Portable Document Format (PDF) to the User for transmission. If it is not requested within four weeks of being made available, a transmission will no longer be possible due to technical reasons; a claim for the issuance of an SWB shall expire.

2.5    A User request for the issuance of an SWB in a manner other than via the Internet must first have the agreement of HLAG.

Certified Document Number: 124775863 - Page 7 of 10



**§ 3     User's Obligations**

3.1     The User shall ensure that its Internet terminal equipment and server work properly. The User may not raise claims against HLAG based on a malfunctioning or non-functioning of the User's Internet terminal equipment or server.

3.2     The User shall ensure that the login ID and the password are held strictly confidential at all times and that only authorised persons may use them. The User shall notify HLAG immediately upon knowledge or suspicion of the use or disclosure of the login ID and/or of the password to unauthorised parties. The User shall further notify HLAG in the event of suspicion of use by unauthorised parties of the communication facilities for data traffic with HLAG.

3.3     The User shall provide or procure at its own expense terminal communication equipment, printers, software, telecommunications and other hardware necessary for electronic data exchange with HLAG on the above mentioned basis.

**§ 4     HLAGs Obligations**

4.1     HLAG shall notify the User immediately if it reasonably and strongly suspects that unauthorised parties are using the User's terminal communications equipment or communicating with HLAG under the User's login ID or password. In such a case, HLAG shall be further entitled to stop transmission of data to the User immediately. The bar shall be removed as soon as the grounds for suspicion have been dispelled.

4.2     If the User's terminal communication equipment is disrupted HLAG shall transmit the SWB by different means, i.e. by fax.

4.3     HLAG shall ensure that no unauthorised parties can manipulate the HLAG`s SWBs through HLAG's terminal communication facilities.

**§ 5     Time Limitations**
5.1     Planned standstill periods affecting the electronic exchange of messages shall be notified to the other contracting party in good time.

5.2     Unplanned standstill periods (e.g. owing to interference) shall also be notified, if   possible, to the other contracting party immediately.

**§ 6     Acknowledgement of Receipt**

6.1     HLAG is entitled but not obligated to demand a separate confirmation of receipt of the SWB from the User. In such a case, the confirmation shall be sent immediately. HLAG may determine the means of transmission of the User's confirmation of receipt (fax, telex, Internet).

**§ 7     Legal Validity of Electronically Exchanged Data, Probative Value**

7.1     Neither party may assert that the sent data and received documents are legally invalid simply because they were produced and transmitted or called up electronically. This Agreement, however, shall apply only to the transmission of SWB data, including the SWB form.

June 2016

Certified Document Number: 124775863 - Page 8 of 10



7.2    The parties agree that the electronic documents which are transmitted under this Agreement shall have the same conclusive value as written documents. Therefore, the parties undertake not to dispute the probative value of the electronic documents under this Agreement before arbitration courts, courts of ordinary jurisdiction or out of court.

**§ 8    Transmission Risk, Liability**

8.1    The User shall bear the burden of proof for any inaccuracy of the data received by HLAG.

8.2    The User shall bear the risk of any inference by third parties with the data exchange affecting the accuracy of the received data. Both parties shall record all messages electronically in such a manner that they are complete, chronological, identifiable, protected from manipulation and safe from being deleted or overwritten. At the request of the other party, the contents of the recording must be made readable and available within a reasonable period of time.

8.3    HLAG's liability arising out of and in connection with this Agreement is limited to damage to the User's property caused intentionally or by gross negligence. Claims for indirect damages caused by the negligence of HLAG or its employees or agents are hereby excluded.

**§ 9    HLAG Terms and Conditions of Business**

9.1    Shipments shall be governed by HLAG's respective special terms and conditions of business; in particular the "Sea Waybill Terms and Conditions" attached which form part of this contract (see Annex 1).

9.2    Communication via the Internet shall be governed by the "TERMS AND CONDITIONS OF THE USE OF THE WEBSITE OF HAPAG-LLOYD AKTIENGESELLSCHAFT AND ITS GROUP COMPANIES" which can be viewed on www.hapag-lloyd.com Legal terms.

**§ 10    Term, Termination**

10.1    This Agreement shall take effect on the date of its signing.

10.2    The parties herewith acknowledge and agree that the Agreement shall run for an indefinite period of time. Each party shall have the right to terminate the Agreement upon thirty (30) days period of notice to the other party. The notice must be given in writing. The validity of the individual contract shall not be affected by the termination of this Agreement.

**§ 11    Choice of Law, Place of Jurisdiction**

11.1    This Agreement shall be governed by the laws of Germany.

11.2    If the User is a merchant, the courts of Hamburg shall have exclusive jurisdiction over claims arising from and in connection with this Agreement. In case HLAG intends to sue the User HLAG shall have also the option to file a suit at the Users place of business.

Certified Document Number: 124775863 - Page 9 of 10

June 2016



### § 12  Miscellaneous

12.1  Notices of termination, subsidiary agreements, supplements and amendments of this Agreement shall be made in writing.

12.2  Should any provision of this Agreement be or become invalid in whole or in part, the legal validity of the other provisions of this Agreement shall not be affected. The invalid provision shall be replaced by a provision, the economic result of which corresponds or comes as close as possible to the purpose pursued by the invalid provision.

**Hapag-Lloyd**

_____
(Place)

_____
(Date)

_____
Hapag-Lloyd Aktiengesellschaft

_____
(Or "For ………… as agent")

_____
(Print Name)

**Customer**

_____
(Place)

_____
(Date)

_____
(Full Name of Customer)

_____
(Signature)

_____
(Print Name)

_____
(Position / Status)

Certified Document Number: 124775863 - Page 10 of 10

June 2016



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        124775863 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/5/2026 4:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110920517
By: Alyssa Henderson
Filed: 2/5/2026 4:18 PM

Cause No. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; HAPAG-LLOYD, | § | HARRIS COUNTY, TEXAS |
| (AMERICA), LLC; HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD.; CAI INTERNATIONAL, INC.; and | § | |
| ANGLO-EASTERN (GERMANY) GMBH | § | |
| | § | |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

## CAI INTERNATIONAL, INC.'S SPECIAL APPEARANCE

NOW COMES, Defendant, CAI International, Inc. ("CAI"), pursuant to Texas Rule of Civil Procedure 120a, and files this Special Appearance contesting the Court's personal jurisdiction over it in this action. By this Special Appearance, CAI appears for the limited purpose of objecting to lack of personal jurisdiction over CAI and to seek dismissal of the claims against it by Plaintiff Melvin Quijano. This Special Appearance is filed before any other plea, pleading or motion by CAI.

## INTRODUCTION AND BACKGROUND

1.      Plaintiff filed his personal-injury action on January 28, 2025, against Electra Trading SA. Ten months later, Plaintiff filed his First Amended Petition, adding CAI and other defendants to the case. In the live Second Amended Petition, Plaintiff alleges that he opened an improperly packed shipping container in the course of his employment and was injured by unsecured cargo as it fell out of the container.

2.      Plaintiff identifies three containers that he alleges could be the container he opened but cannot identify the specific container in question. Of the three containers he identifies, CAI is owner of one: BMOU2728682. *See* Exhibit A – Affidavit of James Reiser. Container number

CAIU2931600 is owned by a CAI subsidiary, Container Applications Limited ("CAI Barbados"), and is not owned by Defendant CAI. *Id.* Though CAI owns container BMOU2728682 (the "Container"), it was not in possession of the Container at the time of the incident. Rather, the Container was leased to Defendant Hapag-Lloyd AG ("Hapag-Lloyd") under BIMCO Standard Container Lease Agreement dated January 1, 2016 (the "Lease Agreement"). *Id.* Pursuant to the Lease Agreement, CAI was not responsible for packing or securing cargo or sealing the Container after possession, custody and control of the Container was turned over to Hapag-Lloyd. *Id.* Because CAI had no involvement in the incident at issue and had no control over any of the containers, the Court lacks specific personal jurisdiction over CAI.

3.      CAI is a Delaware corporation with its principal place of business in California. CAI does not maintain offices or operations in Texas, though it recently hired a single remote, non-executive employee, who resides in Texas. *Id.* Some of CAI's leased equipment may be leased to entities that end up using equipment in Texas (such as Hapag-Lloyd), but CAI has no involvement or interest in the use of its equipment once it has been leased, except for its return at lease termination. *Id.* CAI has contracts with various third-party depots in Texas to receive CAI containers returned in Texas at lease expiration but does not itself operate any such facilities and maintains similar agreements with depots in many other states. Because CAI has no continuous and systematic relationship with Texas, the Court lacks general personal jurisdiction over CAI.

4.      As shown above and herein, CAI is not subject to personal jurisdiction in Texas and the claims against it must therefore be dismissed.

## STANDARD OF REVIEW

5.      Texas Rule of Civil Procedure 120a provides that "a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property

is not amenable to process issued by the courts of this State." Tex. R. Civ. P. 120a. Where, as here, a defendant is not a Texas resident, Texas courts may only assert personal jurisdiction over a defendant if both of the following requirements are met: "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010).

6.      Texas' long arm statute extends Texas courts' personal jurisdiction to the reaches of federal constitutional due process. *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 885 (Tex. 2017). Under the Fourteenth Amendment's Due Process Clause, "jurisdiction is proper if a nonresident defendant established 'minimum contacts' with Texas and maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940)). The Texas Supreme Court has instructed that "[t]he purpose of the minimum-contacts analysis is to protect the defendant from being haled into court when its relationship with Texas it too attenuated to support jurisdiction." *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).

7.      "Texas courts exercise personal jurisdiction over a nonresident defendant that 'does business' in Texas." *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 403 (Tex.App.— Houston [1st Dist.] 2011) (citing Tex. Civ. Prac. & Rem. Code § 17.042). Texas "statute lists three activities that constitute 'doing business' in Texas: (1) contracting with a Texas resident when either party is to perform the contract in whole or in part in Texas; (2) committing a tort in whole or in part in Texas; and (3) recruiting Texas residents for employment inside or outside of Texas." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 17.042). However, these statutes do not override the U.S. Supreme Court's holding in *Daimler AG* that general jurisdiction only exists when a

Certified Document Number: 124981772 - Page 3 of 12

corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG Bauman*, 571 U.S. 117, 128, 134 S.Ct. 746, 755 (2014).

8.    Plaintiff "bears the initial burden of pleading jurisdictional facts sufficient to bring [CAI] within the provisions of the Texas long-arm statute." *Id.* (citing *Kelly*, 301 S.W.3d at 658). To establish jurisdiction over CAI, Plaintiff "must plead a 'connection between [CAI's] alleged wrongdoing and the forum state.'" *Id.* (quoting *Kelly*, 301 S.W.3d at 658). In short, Plaintiff must plead that CAI committed a tortious act in Texas. *Id.* (citing *Kelly*, 301 S.W.3d at 659).

9.    Personal jurisdiction can be negated "on either a factual or legal basis." *Id.* (citing *Kelly*, 301 S.W.3d at 659). This means showing either that CAI has no contacts with Texas or that CAI's contacts with Texas as alleged "fall short of purposeful availment or that traditional notions of fair play and substantial justice are offended by the exercise of jurisdiction." *Id.* (citing *Kelly*, 301 S.W.3d at 659).

## ARGUMENT AND AUTHORITY

10.    To satisfy the minimum contacts test, a defendant must "'purposefully avail' itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of [Texas'] laws." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A defendant's actions "must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Importantly, CAI, "is not subject to jurisdiction here if its Texas contacts are random, fortuitous, or attenuated. Nor can a[CAI] be haled into a Texas court for the unilateral acts of a third party." *Id.* (citing *Guardian Royal Exch. Assur., Ltd. v. English China Slays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). When evaluating minimum contacts, courts consider the quality

Certified Document Number: 124981772 - Page 4 of 12

and nature of same, rather than the number. *Waterman*, 355 S.W.3d at 404 (citing *Trigeant Holdings, Ltd. v. Jones*, 183 S.W.3d 717, 725 (Tex.App.—Houston [1st Dist.] 2005)).

11.    A defendant's minimum contacts can serve to support either general or specific personal jurisdiction. *See id.* Specific jurisdiction may exist "when the cause of action arises from or is related to purposeful activities within the state." *Kumon North America, Inc. v. Ngoc Vinh Nguyen*, No. 14-18-639-CV, 2020 WL 3527615, at * 3 (Tex.App.—Houston [14th Dist.] Jun. 30, 2020) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013)). Thus, Specific jurisdiction "is proper when the contacts proximately result from actions by the defendant that create a substantial connection with the forum state." *Id.* (citing *Moncrief*, 414 S.W.3d at 151).

12.    "The minimum contacts analysis involved when general jurisdiction is asserted is more demanding than when a plaintiff asserts specific jurisdiction." *Waterman*, 355 S.W.3d at 404 (citing *Coleman*, 83 S.W.3d at 807). General jurisdiction may exist if a defendant's contacts are "continuous and systematic, even if the cause of action did not arise out of or relate to the defendant's conduct with the forum." *Waterman*, 355 S.W.3d at 404 (citing *Glatty v. CMS Viron Corp.*, 177 S.W.3d 438, 447 (Tex.App.—Houston [1st Dist] 2005)). To satisfy this demanding standard, "usually, the defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general in personal jurisdiction." *Id.* (quoting *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 168 (Tex. 2007)). Significantly, the Texas Supreme Court has held that:

> ***Daimler* makes clear that general jurisdiction is only present when a defendant not only has continuous and systematic contacts with the forum state, but also has these kinds of contacts to such an extent that they render it essentially at home in that state.** The general jurisdiction inquiry, as applied to a corporate defendant, is not limited to simply whether its principal place of business is the forum state, or whether the forum state is its state of incorporation. That is, continuous and systematic contacts, taken alone, are not enough to confer general

jurisdiction over a defendant—such a formulation of the test is "unacceptably grasping."

*Searcy v. Parex Resources, Inc.,* 496 S.W.3d 58, 72-73 (Tex. 2016).

## I.    Plaintiff Has Not Alleged Sufficient Jurisdictional Facts to Support a Finding of Personal Jurisdiction over CAI

13.    Plaintiff has failed to shoulder his burden to plead facts sufficient to establish jurisdiction over CAI. Plaintiff conclusorily pleads that CAI "is a foreign company doing business in the State of Texas," but offers no facts to support this allegation. Second Amend. Pet. ¶ 7.

14.    As to general personal jurisdiction, Plaintiff fails to allege facts showing CAI conducts continuous and systematic business in Texas to render it at home in in this State.  Plaintiff does not state what kind of business he alleges CAI carries out in Texas, the extent of such alleged business, how any such alleged business is either continuous and systematic or related to his personal injury claim, or renders CAI at home in Texas. Indeed, Plaintiff does not allege that CAI maintains an office or offices in Texas, or that CAI markets or sells products in Texas. Simply put, Plaintiff has completely failed to allege that CAI is engaged in activities extensive enough to confer personal jurisdiction or that it has engaged in a "pattern of continuing and systematic activity." *Coleman*, 83 S.W.3d at 809. Thus, Plaintiff has failed to meet his burden to plead sufficient jurisdictional facts to support a finding of general personal jurisdiction.

15.    Plaintiff's allegations also fall short of the less stringent standard for specific personal jurisdiction. Plaintiff readily concedes he does not know which container he was opening when he was allegedly injured, instead bringing in three defendants who may or may not have owned the relevant container. Plaintiff's cast of such a broad net over defendant he *knows* were not involved in the case is a clear misuse of the legal process and grossly insufficient to haul out-of-state defendants into Texas. Despite not knowing which container he alleges to have been improperly packed, Plaintiff conclusorily pleads that whoever owned the container "packed or

Certified Document Number: 124981772 - Page 6 of 12

caused it to be packed and sealed before tender to the carrier but failed to properly secure the cargo, creating a non-obvious unloading hazard." *Id.* ¶ 18. Even looking past Plaintiff's concession that he does not actually know who owned the relevant container, Plaintiff's assertion that a container's owner is necessarily responsible for its packing is nothing but an unsupported—and factually incorrect—inference. Plaintiff's conclusory leap from container ownership to responsibility for container packing is not supported by any facts that could tie ownership—the only alleged involvement with Texas—to the alleged injury. As such, Plaintiff has failed to meet his burden to plead jurisdictional facts to support a finding of specific personal jurisdiction.

16.    CAI has negated personal jurisdiction on a legal basis by establishing that, even taking the alleged jurisdictional facts as true, CAI's contacts with Texas fall short of purposeful availment and that traditional notions of fair play and substantial justice would be offended by the exercise of jurisdiction over CAI. *See Waterman*, 355 S.W.3d at 404 (citing *Kelly*, 301 S.W.3d at 659).

## II.    CAI is Not Subject to Personal Jurisdiction in Texas Because it Lacks Minimum Contacts with Texas

17.    Plaintiff has failed to allege sufficient jurisdictional facts to support a finding of personal jurisdiction over CAI, meriting dismissal from this action. Nonetheless, CAI also negates personal jurisdiction on the factual basis by producing evidence showing that it does not have sufficient contacts with Texas to support the exercise of jurisdiction over it. *See id.*

### a.    *CAI is Not Subject to Specific Personal Jurisdiction*

18.    Plaintiff alleges he was injured when he was unloading a shipping container at the Port of Houston. Thus, to find specific personal jurisdiction over CAI, Plaintiff's claim must arise from or relate to CAI's "purposeful activities" in Texas. *See Kumon North America*, 2020 WL

3527615, at * 3. Such is not the case here as CAI's limited activities in Texas had no relationship to the facts at issue.

19.     CAI owns and leases shipping containers for use by its customers in global commerce, including carriage aboard container ships and drayage movements at terminals where those ships call. *See* Ex. A ¶ 5. As lessor of the containers, CAI does not contract for carriage of the containers to any location. *Id.* Rather, it is the lessees to whom CAI leases its containers that are in full possession and control of the containers at all times. *Id.* It is the lessees who are responsible for maintenance and repair of the containers leased to them, as well as for any packaging and stowing of cargo. *Id.*

20.     Of the three containers identified by Plaintiff, CAI owns one: BMOU2728682. *Id.* ¶¶ 14-15. Container number CAIU2931600 is owned by a CAI subsidiary, Container Applications Limited ("CAI Barbados"), and is not owned by Defendant CAI. *Id.* ¶¶ 8-9. Though CAI owns container BMOU2728682, that Container was leased to Defendant Hapag-Lloyd AG and was not in CAI's possession, custody or control at the time of the alleged incident. *Id.* ¶¶ 14-20. Pursuant to the Lease Agreement under which the Container was leased to Hapag-Lloyd AG, CAI was not responsible for packing or securing cargo or sealing the Container after possession, custody, and control of the Container was turned over to Hapag-Lloyd. *Id.*

21.     CAI was not involved with the packing or shipping of any of the containers, did not direct Hapag-Lloyd to call upon Port Houston, and did not direct Plaintiff or his employer to unload the containers. Because CAI had no control over any of the containers and had no involvement in the incident at issue, there is no basis upon which to find that Plaintiff's cause of action "arises from or is related to [CAI's] purposeful activities within [Texas]." *Kumon North America*, 2020 WL 3527615, at * 3. Accordingly, the Court lacks specific personal jurisdiction over CAI.

22.

Certified Document Number: 124981772 - Page 9 of 12

### b. *CAI is Not Subject to General Personal Jurisdiction*

23.    CAI is not subject to general personal jurisdiction in Texas because its limited contacts with Texas fall well short of the continuous and systematic level required to render it at home in Texas. As explained above, CAI has no involvement with the specific facts of this case. Thus, the final remaining avenue to find personal jurisdiction over CAI is general personal jurisdiction, which requires finding "proof of a pattern of continuing and systematic activity" by CAI in Texas to render it at home here. *Searcy v. Parex Resources, Inc.,* 496 S.W.3d at 72-73; *Waterman*, 355 S.W.3d at 404.   As noted above, Plaintiff has not plead any facts capable of satisfying this threshold.

24.    CAI does not maintain an office in Texas, though it did recently (on February 2, 2026) hire a single employee, who resides in Texas and works remotely. Ex. A ¶ 6. This non-managerial employee works in CAI's marketing department supporting general marketing efforts. CAI is registered to do business in Texas and maintains a registered agent for service of process in Texas. Though CAI has a single employee in Texas and is registered to do business in Texas, it does not maintain a general business office (or any offices whatsoever) in Texas, does not solicit business in Texas through its Texas employee, and does not hold itself out as being open for general business in Texas.  Notably, Plaintiff has not pled any of these facts relating to jurisdiction.

25.    These contacts are insufficient to support general jurisdiction. Although courts consider whether a registered agent is maintained in Texas when evaluating general personal jurisdiction, such fact is not dispositive. *Kumon North America*, 2020 WL 3527615, at * 3. Maintenance of a registered agent in Texas is a corporate formality that, standing alone, is insufficient to confer general jurisdiction. *See id.* ("And the fact that Kumon had a registered agent in Texas is not enough to confer general jurisdiction on the trial court.").

26.     Further, though some equipment owned by CAI is leased to entities that may end up using the equipment in Texas—or any other port around the world—such use of CAI's equipment in those locations is random and fortuitous, completely out of CAI's control, and does not confer jurisdiction over CAI. *See Zinc Nacional, S.A. v. Bouche Tucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010) (knowledge that goods will end up in a forum state is insufficient to confer personal jurisdiction); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 787-88 (Tex. 2005) (RV purchased out of state by Texas resident for shipment to Texas did not confer jurisdiction); *CMMC v. Salinas*, 929 S.W.2d 435, 439 (Tex. 1996) (foreign manufacturer who knew its product would be shipped to Texas but did not design the product for use in Texas or market it in Texas not subject to personal jurisdiction). CAI has no involvement or interest in the use of its equipment once it has been leased, except for its return at lease termination. *Id.* CAI has contractual relationships with various third-party depots in Texas to receive CAI containers returned in Texas after lease expiration but also has similar contracts with depots in many other states. *Id.* Though CAI customers may return equipment to depots in Texas, the location of such returns is entirely dependent upon where the customer has the container at lease termination and is not directed by CAI.

27.     CAI does not maintain a general business office in Texas, does not direct business to Texas, does not make business decisions from an office in Texas, and does not hold itself out as having a business presence in Texas. In short, CAI has not purposefully availed itself of the benefits of doing business in Texas and could not reasonably anticipate being called into a Texas court based on its limited activities in Texas. It does not engage in systematic and continuous business in Texas to render it at home here.  As such, the Court lacks general personal jurisdiction over CAI.

Certified Document Number: 124981772 - Page 10 of 12

## **PRAYER**

WHEREFORE, for the reasons stated above and herein, Defendant CAI International, Inc., by this Special Appearance, respectfully prays that the Court dismiss all claims against CAI for lack of personal jurisdiction, and for all such other and further relief as may be just and proper.

Dated: February 5, 2026                          Respectfully submitted,


By: */s/ Keith B. Letourneau*
    Keith B. Letourneau
    Texas Bar No. 00795893
    G. Evan Spencer
    Texas Bar No. 24113493
    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 228-6601
    Facsimile: (713) 228-6605
    Keith.Letourneau@blankrome.com
    Evan.Spencer@blankrome.com

    **COUNSEL FOR DEFENDANT CAI
    INTERNATIONAL, INC.**


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to the Texas Rules of Civil Procedure on all known counsel of record on this the 5th day of February 2026.

    */s/ Keith B. Letourneau*
    Keith B. Letourneau

11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pamela Herrin on behalf of Keith Letourneau
Bar No. 795893
pamela.herrin@blankrome.com
Envelope ID: 110920517
Filing Code Description: No Fee Documents
Filing Description: CAI International, Inc.'s Special Appearance
Status as of 2/6/2026 8:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/5/2026 4:18:37 PM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/5/2026 4:18:37 PM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/5/2026 4:18:37 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/5/2026 4:18:37 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/5/2026 4:18:37 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/5/2026 4:18:37 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/5/2026 4:18:37 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/5/2026 4:18:37 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/5/2026 4:18:37 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/5/2026 4:18:37 PM | SENT |
| Keith B.Letourneau | | Keith.Letourneau@BlankRome.com | 2/5/2026 4:18:37 PM | SENT |
| G. EvanSpencer | | evan.spencer@blankrome.com | 2/5/2026 4:18:37 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2026

Certified Document Number:     124981772 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A

Certified Document Number: R1

Certified Document Number: RFXPHQW 1XPEHU

CAUSE NO: 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | 125th JUDICIAL DISTRICT |
| HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) GMBH, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY |

### AFFIDAVIT OF JAMES PAUL REISER

Pursuant to United States Code 28 U.S.C. § 1746, I, James Paul Reiser, do hereby swear and declare under penalty of perjury that the following information is based on my personal knowledge and is true and correct:

1.  I am over the age of twenty-one years and am fully competent to make this affidavit.

2.  I am the Director, Operations HQ, for CAI International Inc. ("CAI"), and work at CAI's principal place of business located at 1 Market Plaza, Suite 2400 Steuart Plaza,  San Francisco, CCA 94104.  CAI was incorporated in Delaware.

3.  In the course of my work for CAI, I am familiar with CAI's business operations and how the containers it owns are acquired and leased to customers for use by them in commerce.

4.  I have reviewed the Special Appearance of CAI in the above case.  The factual statements contained therein are within my personal knowledge and are true and correct.

5.  CAI is in the business of leasing shipping containers to customers, which containers are used by such customers in commerce around the world, including carriage aboard container ships and drayage movements at terminals where those ships call.  CAI does not contract for the carriage of its leased containers to any location.  The lessees to whom CAI leases its containers are in full possession and control of the containers at all times and are responsible for maintenance and repair of the containers under the CAI lease contract.  The shippers to whom the lessees provide the containers are responsible for packing and stowing the cargo therein that the shippers have contracted the carrier to transport.

Certified Document Number: 124981773 - Page 2 of 31

1

6. CAI does not maintain offices in Texas, though it now has (as of February 2, 2026) a marketing employee, who resides in Spring, Texas. While some equipment is leased to entities that may end up using the equipment in Texas, CAI has no involvement or interest in the use of its equipment once it has been leased, except for its return at lease termination. CAI has contracts with various third-party depots in Texas to receive CAI containers returned there at lease expiration, but also has similar contracts with depots in many other states.

7. According to Mr. Quijano's Second Amended Original Petition, he allegedly suffered personal injuries when he opened one of three containers identified as containers nos. BMOU2728682, TEMU1788593, and CAIU2931600 (hereinafter, the "Containers").

8. The container identified by number CAIU2931600, was leased by Container Applications Limited ("CAI Barbados") to Hapag- Lloyd AG under lease contract dated December 9, 2020 ("Lase Agreement 1"). See Exhibit (1) hereto. This lease agreement imposes all responsibility for maintenance and repairs upon the lessee Hapag-Lloyd AG. See Exhibit A to Lease Agreement 1, General Terms and Conditions, clauses 1, 2, 3.a., 4.a., b and g, 5.b., and Exhibit C, Damage Protection Plan, paragraph 3.

9. CAI Barbados is a wholly owned subsidiary of CAI International, Inc. with its principal place of business in Barbados where it was incorporated until it migrated to the state of Delaware in 2021 as a limited liability company or "LLC". CAI Barbados is a separate entity, who is not a defendant in this case and has not made an appearance in this case. CAI Barbados does not maintain offices in Texas and has no continuous presence in Texas. While some equipment is leased to entities that may end up using the equipment in Texas, CAI Barbados has no involvement or interest in the use of its equipment once it has been leased and has no ongoing contacts with Texas.

10. At no time after leasing them to Hapag Lloyd AG did CAI or CAI Barbados direct the movement of container number BMOU2788682 or container number CAIU2931600 into Texas or anywhere else. Neither CAI nor CAI Barbados own container number TEMU1788593.

11. Neither CAI nor CAI Barbados was responsible for the packing or securing of cargo or sealing of container number CAIU2931600 or container number BMOU2788682 after possession, custody and control of the container was turned over to lessee Hapag Lloyd AG at the inception of the lease. Further, neither CAI nor CAI Barbados packed or sealed container number CAIU2931600 or container number BMOU2788682, and neither is in the business of packing or securing cargo or sealing any containers.

12. Neither CAI nor CAI Barbados had access to or control over the interior conditions of container number CAIU2931600 or container number BMOU2788682 after Hapag-Lloyd AG assumed possession, custody and control of that container at the inception of the lease.

13. Neither CAI nor CAI Barbados had any kind of involvement with the cargo shipments at issue in this case.

900200.00001/156903716v.1

Certified Document Number: 124981773 - Page 3 of 31

14. The container identified by number BMOU2728682, was leased by Beacon Intermodal Leasing, LLC ("Beacon") to Hapag- Lloyd AG under BIMCO Standard Container Lease Agreement ("BoxLease") dated January 1, 2016 ("Lease Agreement 2"). See Exhibit (2) hereto. Lease Agreement 2 imposes all responsibility for maintaining the container in safe operating condition upon the lessee Hapag-Lloyd AG while the container is in its possession, (see Clause 4(d) ), and for repairing any damages sustained by the container, reasonable wear and tear excepted. See Clauses 5(a), (c) and (d), and 12(e).

15. At one time, CAI International, Inc. and Beacon were subsidiaries of Mitsubishi HC Capital, Inc. ("MHC"). When MHC acquired CAI in November 2021, it merged Beacon into CAI and CAI was the surviving entity. CAI in the process inherited all of Beacon's contracts. Beacon no longer exists as an entity but has instead been subsumed into CAI. CAI's principal place of business has, for the last 30 years, been located in San Francisco, CA.

16. At no time during its existence did Beacon maintain offices in Texas and it had no continuous presence in Texas. While some equipment is leased to entities that may end up using the equipment in Texas, Beacon had no involvement or interest in the use of its equipment once it had been leased.

17. At no time after leasing that container to Hapag Lloyd AG did CAI, CAI Barbados or Beacon direct the movement of container number BMOU2728682 into Texas or anywhere else. During its existence, Beacon never owned the containers numbered TEMU1788593 or CAIU2931600.

18. Neither CAI, CAI Barbados or Beacon was responsible for the packing or securing of cargo or sealing of container number BMOU2728682 after possession, custody and control of the container was turned over to lessee Hapag Lloyd AG at the inception of the lease. Neither CAI, CAI Barbados or Beacon packed or sealed container number BMOU2728682, and none of them is in the business of packing or securing cargo or sealing any containers.

19. Neither CAI, CAI Barbados or Beacon had access to or control over the interior conditions of container number BMOU2728682 after Hapag-Lloyd AG assumed possession, custody and control of that container at the inception of the lease.

20. Beacon had no involvement of any kind with the cargo shipments at issue in this case.

Executed in the County of San Francisco, State of California, on the 4th day of February 2026.

James Paul Reiser

3

Certified Document Number: 124981773 - Page 4 of 31

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA         )
COUNTY OF SAN FRANCISCO     )

      Subscribed and sworn to (or affirmed) before me on this 4th day of February, 2026, by James Paul Reiser, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____ (Seal)
*(Signature of Notary Public)*



900200.00001/156903716v.1

# Exhibit 1 to
# Reiser Affidavit



**Container Applications Limited** Suite
102, Corporate Centre
Bush Hill, Bay Street, St. Michael
Barbados, West Indies
Tel: 246-430-5310 Fax: 246-430-5312

December 9, 2020

Hapag-Lloyd AG
2920 Container Steering
Ballindamm 25
20095 Hamburg, Germany

To Whom It May Concern:

Container Applications Limited, Suite 102, Corporate Centre, Bush Hill, Bay Street, St. Michael, Barbados, West Indies ("Lessor") is pleased to present the following terms for leasing containers ("Agreement") to Hapag-Lloyd AG a company organized and existing under the laws of Germany ("Lessee"). Containers leased hereunder shall be invoiced under Lessor's customer code HPLD-024/025/026 as described below.

**Equipment:**        20' dry van and 40' high cube containers

**Supply Location:** Lessor factory locations. Containers shall be grouped based on age, as follows:

| Age of Containers | Lessor's Billing Code |
|---|---|
| 0 – 5 years | HPLD-024 |
| 6 – 11 years | HPLD-025 |
| 12 years and older | HPLD-026 |

**Supply Condition:**        Newly manufactured

**Effective Date:** April 29, 2019

**Expiration Date:** Upon 60 days prior written notice from one party to the other.

**Per Diem:**

| | Daily Rental Charges | |
|---|---|---|
| Lessor's Billing Code | 20' dry van | 40' high cube |
| HPLD-024 | US$0.48 | US$0.82 |
| HPLD-025 | 0.43 | 0.73 |
| HPLD-026 | 0.34 | 0.58 |

**Conversion:**        All containers leased hereunder which will have reached 6 years and older or 12 years and older as of December 31 of each year shall transfer to the respective billing code effective July 1 of such year (the "Transfer Date").

HPLD-024/025/026
2020-12-09

1

Certified Document Number: 124981773 - Page 7 of 31

For clarity, Containers reaching 6 years old between January 1, 2016 through December 31, 2016 shall be transferred from HPLD-024 to HPLD-025 as of July 1, 2016.

**Redelivery:**   Per Exhibit B attached hereto. Depot locations for redelivery shall be limited based on age of the container at time of redelivery as follows:

| Age of Containers | Lessor's Billing Code | Depot Locations |
|---|---|---|
| 0 – 5 years | HPLD-024 | China only |
| 6 – 11 years | HPLD-025 | Asia only |
| 12 years and older | HPLD-026 | All locations |

Such limits apply for a fleet of up to 1,000 containers on lease as well as for quantities below 1,000 containers on lease. For clarity, in the event that there are 1,200 containers on lease, the limits will be doubled.

**Handling:**   US$40.00 inbound per container

**Direct Interchange:** US$40.00 outbound and inbound per container

**Damages:**   The terms and conditions set forth in Exhibit C ("Damage Protection Plan") attached hereto are hereby incorporated into this Agreement and shall apply to all containers leased under this Agreement.

**Repair Condition:** Cargoworthy condition

**Warranty:**   Exhibit D (the "Warranty Clause") attached hereto is hereby incorporated into this Agreement and shall apply to all containers leased under this Agreement.

**Replacement Value:**

| Equipment Type | Replacement Value |
|---|---|
| 20' dry van | US$2,600.00 |
| 40' high cube | US$4,400.00 |

**Depreciated Replacement Value (DRV):**

In calculating the DRV, the Replacement Value (as set forth above) of the container is depreciated by 5.6% per annum from date of manufacture down to a value not less than 50% of the Replacement Value. The depreciation is calculated on a straight line basis using a 15 year life span for the container with a 15% residual value.

**Insurance:** Without prejudice to any other obligations of Lessee under this Agreement, Lessee shall, at its own expense, obtain and continuously maintain in effect while any Containers remain on lease to Lessee, insurance policies adequately insuring the Containers against all risks of loss or damage, cargo damage and liability to third parties. All such insurance shall be underwritten by reputable underwriters.

Certified Document Number: 124981773 - Page 8 of 31

Notwithstanding the above, the Lessor shall procure and maintain their own insurance as would be reasonable and appropriate for its operations as a lessor of shipping containers.

Lessee agrees to indemnify and hold Lessor harmless from and against all liability to third parties, damage to and/or replacement costs of and/or losses and expenses (including, without limitation, reasonable expenses in prosecuting or defending any claim or suit) with respect to the Containers, arising from the possession, leasing, custody, control, operation, maintenance, repair, storage and/or use thereof.

**Payment:**          30 days from date of invoice.

All other terms and conditions per Lessor's General Terms and Conditions, a copy of which is attached as Exhibit A.

Lessee has been duly incorporated and organized under the laws of Hamburg, Germany and has full power and capacity to execute and deliver this Agreement and to consummate the transaction contemplated herein. The execution and delivery of this Agreement has been duly and validly authorized by the Lessee and no other proceedings or approvals on the part of the Lessee are necessary to authorize this Agreement. The consummation of the lease transaction hereunder will not conflict with, result in any breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under, the organizational documents of the Lessee, or any term of any agreement or other instrument to which the Lessee is a party or by which its assets may be bound. Upon Lessor's receipt and execution of said originals, the Agreement shall constitute a binding agreement between Lessor and Lessee, and one fully executed original will be returned to Lessee for its records.

**HAPAG-LLOYD AG**

By: _____

Name: <u>Dr. Maximilian Rothkopf</u>

Title: <u>Chief Operating Officer (COO)</u>

Date: _____ 2 6. FEB. 2021 _____

**CONTAINER APPLICATIONS LIMITED**

By: _____

Name: <u>Carolyn Attong</u>

Title: <u>Chief Executive Officer</u>

Date: <u>March 9, 2021</u>

**HAPAG-LLOYD AG**

By: _____

Name: Niklas Ohling

Title: <u>Senior Director</u>

Date: _____ 2 6. FEB. 2021 _____

Certified Document Number: 124981773 - Page 9 of 31

**EXHIBIT A**
**GENERAL TERMS AND CONDITIONS**

**1.    DELIVERY OF EQUIPMENT**

By execution of each ECR with respect to each item of equipment delivered to Lessee under this Agreement, Lessee conclusively acknowledges receipt thereof in good and leasable condition. Lessee agrees to maintain equipment according to their in-service repair standard and return such equipment to Lessor in the return condition set forth in the Agreement normal wear and deterioration excepted, and to execute Lessor's ECR upon redelivery to Lessor identifying and acknowledging any changes in the condition of the equipment while on lease to Lessee. Any changes in the equipment which could have been prevented by normal maintenance shall not constitute normal wear and deterioration and shall be deemed to be damage.

**2.    RENTAL AND OTHER CHARGES**

a.    Lessee agrees to pay rental charges for the equipment in the amount(s) set forth in this Agreement from the day such equipment is delivered and/or interchanged to Lessee until the day such equipment is returned to Lessor. However, if the equipment is not returned according to the return conditions set forth in the Agreement, Lessee agrees to pay for the cost of any necessary repairs together with rental charges through the date such repairs are approved by Lessee. Repairs to containers will be made according to the return conditions set forth in the Agreement. In the event a fixed lease term is specified for the equipment, Lessor may (unless otherwise provided elsewhere in this Agreement), upon written notice to Lessee, prospectively adjust the rental charges for such equipment to Lessor's then current average spot lease rate for such equipment on or after the 6 month anniversary of the expiration of the wind down period of the fixed term.

b.    Lessee shall return all equipment to Lessor's terminal at the point(s) of termination designated herein or, if no point(s) of termination have been so specified, to the locations specified in writing by the Lessor to Lessee. Furthermore, upon such redelivery, Lessee agrees to pay Lessor the applicable equipment drop-off charge(s) shown herein, Lessor may close any redelivery location(s) specified herein or reduce the monthly redelivery limits specified for any such depot location(s) with immediate effect by giving written notice thereof to Lessee if such closure(s) or quantity reduction(s) is/are due to circumstances beyond Lessor's control, including, but not limited to, changes in applicable law and/or natural disasters. If, for any reason whatsoever, the depot is closed the Lessor shall offer the Lessee the same number of drop-offs at an adequate, alternative depot within the same trading range.

c.    All service charges incurred in transferring the equipment including, but not limited to, handling charges, transportation charges and chassis use fees, and all service charges imposed by any bank or other organization in connection with payment of monies due to Lessor, shall be for the account of Lessee.

d.    Unless otherwise indicated herein, all payments due to Lessor shall be payable in United States Dollars and shall be paid to Lessor within thirty (30) days of the date of Lessor's invoice(s), at the address for Lessor shown herein. In the event Lessor's invoice(s) is/are not paid when due, Lessor may, without prejudice to any other remedy it may have, charge, as additional rental, a service charge at the rate of the lesser of ten (10) percent per annum or the maximum amount permitted by applicable law, until the balance is paid in full.

**3.    RISK OF LOSS AND DAMAGE**

Lessee is liable to Lessor for all damage to or loss or destruction of the equipment subsequent to its delivery to Lessee and prior to its return to Lessor except that caused by normal wear and deterioration. Normal wear and deterioration shall not include damage caused by forklifts or other handling equipment.

a.    DAMAGE. In the event Lessee fails to repair damage to the equipment prior to returning it to Lessor, Lessor or its authorized depot will present a repair estimate to Lessee or Lessee's local agent for approval. Lessee shall be liable to Lessor for the cost of such repairs and for rental charges for the equipment which shall continue until the day on which Lessee or its authorized agent approves the repairs as set forth in the estimate.

b.    LOSS OR TOTAL DAMAGE. In the event of loss, theft or destruction of the equipment (an "Event of Loss") or damage thereto which Lessor, in its sole discretion, shall determine is not structurally or economically repairable (an "Event of Constructive Loss"), rental charges for the affected equipment shall terminate (1) upon receipt by Lessor of written notice from Lessee of an Event of Loss, or (2) upon issuance by Lessor of a written notice to Lessee of an Event of Constructive Loss, provided in either event that payment of the Replacement Value for a like item of equipment (as set forth herein or in Lessor's then current Replacement Value Schedule) is made to Lessor within 30 days of such notice. If payment is not made within such 30 days, rental charges shall continue unabated until payment of the Replacement Value is received by Lessor. General payments by Lessee shall not be applied to charges for the Replacement Value of equipment unless so specified by Lessee. Further, if any equipment is subject to an Event of Loss or Event of Constructive Loss prior to the expiration of any fixed term specified for such equipment, Lessor shall have the right but not the obligation to supply a like item of equipment to Lessee, whereupon Lessee agrees either (1) to lease such substitute equipment, or (2) if Lessee elects not to lease the substitute equipment, to pay Lessor any shortfall of rental charges for the original item of equipment through the remaining period of such fixed term.

**4.    OPERATION, MAINTENANCE AND REPAIR**

a.    Lessee shall use the equipment properly and shall, at its sole cost and expense, maintain the equipment in good repair and safe operating condition. Such maintenance shall include but not be limited to the replacement of all badly worn or broken parts with new parts of equivalent design and material, as well as the abrasive cleaning. Lessee shall be liable for any repairs wrongly made or incompatible with the standards set forth in the Repair Manuals issued from time to time by the Institute of International Container Lessors. Lessee shall be responsible for all cleaning and decontamination costs with respect to equipment contaminated by cargo or otherwise and for removal of all debris and shoring from any containers leased hereunder prior to their return to Lessor. Lessee shall be liable for all costs and losses to Lessor arising out of Lessee's negligence in maintaining the equipment in acceptable condition and failure to repair or maintain the equipment in good condition. If the foregoing obligations are performed by Lessor, all expenses relating thereto will be for the account of Lessee.

b.    Lessee shall use the equipment in accordance with good operating practices and so as to comply with all loading limitations, handling procedures and operating instructions prescribed by the manufacturer(s) thereof and by Lessor, including, but not limited to, current Regulations and Recommendations of the International Organization of Standardization and applicable local regulations, and shall prevent usage which may damage or shorten the life of the equipment such as excessive impact and unbalanced loading. Equipment is supplied solely for the purpose of intermodal operations in international trade and may be used for the carriage of lawful goods by sea as well as in inland transport including the handling at terminals and inland depots and freight stations. Lessee shall not, and shall use its best efforts  have its customers not, use the equipment for storage or transportation of goods which could damage the equipment including, without limitation, unprotected corrosive substances, materials or commodities which may cause corrode, oxidize, severely dent, puncture, contaminate, or stain the equipment. c. [Intentionally left blank.]

d.    Receipt or delivery of equipment or any other act by an agent or employee of, or independent contractor engaged by, Lessee shall be deemed to be the act of Lessee and shall be binding upon Lessee.

e.    Lessor's equipment is identified by appropriate lettering and numbering, which Lessee agrees not to change or obliterate. Notwithstanding the foregoing, at the written request of Lessor, Lessee shall change or supplement such marks as Lessor shall request. Lessee may, however, add other markings as may be required, provided that such additional markings will be removed and the surface of the equipment shall be in good and marketable condition when the equipment is redelivered to Lessor. If Lessee fails to remove such additional markings, Lessor shall remove such markings at Lessee's cost.

f.    Lessee shall be responsible for the cost of removal of any intentional or unintentional amendments, alterations, or modifications made to the equipment and for returning the equipment to the required return condition defined in the Agreement.

g.    Lessee shall at its expense comply with all laws, regulations and orders which in any way affect the equipment or its use, operation or storage. Lessor shall have no responsibility for compliance with any such laws, regulations or orders, including, without limitation, all such laws, regulations or orders as may relate to customs, transportation, handling, safety and labor regulation.

h.    Lessee shall at its expense comply with all rules and practices of ports, depots, storage areas and transportation companies consistent with the other requirements of this Section 4.

i.    Lessor shall deliver containers to Lessee which fully comply with the rules and standards of the International Convention for Safe Containers ("CSC"). Such containers shall have affixed CSC plates or CSC plates with an ACEP (Approved Continuous Examination Program) mark. It shall be the obligation of Lessee to comply with the CSC in all respects and Lessee shall have and exercise Lessor's responsibilities under the CSC including, without limitation, plating (design-type approval to be obtained and plates to be provided by Lessor), maintenance, examination, re-examination and marking of each container. Such examination or re-examination shall be performed in accordance with the Rules and Regulations for the Safety Approval of Cargo Containers of the United States Department of Transportation. Lessee shall also comply with the Customs Conventions on Containers, 1956 and 1972, including, without limitation, all obligations of the operator relating to temporary admission, transport of goods under customs seal, maintenance of records and reporting to governmental authorities.

**5.    DEFAULT, REMEDIES UPON DEFAULT**

a.    Should Lessee (i) default in the timely payment of any sum due to Lessor with respect to the equipment, or (ii) default in the performance of its other obligations with respect to the equipment hereunder, or (ii) suffer any distress, execution or other legal process which has the effect of a levy on any of the equipment leased hereunder or thereunder, or (iii) cease doing business as a going concern, become insolvent, commit an act of bankruptcy, or become the subject of any proceeding under any applicable Bankruptcy Act, or (iv) be seized or nationalized or should any of Lessee's assets be seized by a government or government instrumentality; then Lessor may without notice and without relieving Lessee of its obligations hereunder, terminate the leasing of the equipment, invoke the default provisions hereof, declare the balance of all rental accrued and to be accrued hereunder and thereunder to be due and payable, demand and retake possession of the equipment and all other equipment leased by Lessor to Lessee free of any claims of Lessee, and exercise any other right or remedy available to Lessor under applicable law. In case of any defaults described above, Lessor may not terminate the leasing of equipment or invoke any other of the aforesaid default remedies, before Lessor has provided Lessee with a final written warning and Lessee has two weeks time to correct or remedy any default. In the event Lessor terminates the leasing of equipment or invokes the aforesaid default remedies, Lessee shall no longer be in possession of Lessor's equipment with Lessor's consent. Lessee shall immediately notify Lessor of the exact location of the equipment and Lessee shall fully cooperate with Lessor in the return of equipment.

b.    Lessee shall continue to pay rental charges for equipment until (i) the equipment is returned to Lessor in as good condition as received, normal wear and deterioration excepted, or (ii) the equipment is repaired and fit for subsequent rental, or (iii) settlement for the equipment is made. In the event Lessor retakes possession of all or any part of the equipment, Lessee authorizes Lessor to take possession of any property in, on, or attached to such equipment which is not the property of Lessor, and without liability for its care or safekeeping, to place such property in storage at the risk and expense of Lessee. Lessee further agrees to pay Lessor upon demand the Casualty Value of any equipment which has not been returned within the foregoing ninety (90) day period.

c.    [Intentionally left blank.]
d.    [Intentionally left blank.]



Certified Document Number: 124981773 - Page 10 of 31

e.    Termination of the leasing of the equipment as a result of one party's default shall not relieve the defaulting party of any liabilities or obligations to the other party accrued prior to such default and the defaulting party shall in any event remain fully liable for reasonable damages as provided by law, and for all costs and expenses incurred on account of such default including all costs of recovering equipment, legal costs and reasonable attorney's fees. Nothing in this paragraph shall be construed to waive any remedy or relief available to either party hereunder, in equity, in admiralty, or at law upon the occurrence of any event set forth in this section.

f.    Any forbearance by a party to enforce its rights hereunder in the event of a default by the other party shall not constitute a waiver of any rights, nor shall said forbearance waive a party's rights with respect to any other failure by the other party to comply strictly with its obligations under this Agreement.

**6.    LIMITATION OF WARRANTIES**

a.    [Intentionally left blank.]

b.    [Intentionally left blank.]

c.    Lessee will not suffer to be created, nor permit to be continued, nor fail to discharge, any lien or encumbrance incurred by Lessee or its agents against the equipment covered hereunder, except in case of General Average or salvage nor shall Lessee or its agents procure any document of title which might at any time encumber the owner's title to or infringe upon Lessor's possessory rights to the equipment at expiration or earlier termination of the leasing thereof to the Lessee.

**7.    NOTICES**

All billings, payments and written notices from either party to the other shall be given to the addresses shown herein, to Lessee's local agent, or to such other address as may be designated in writing by either party from time to time and shall be deemed to have been received upon delivery to the party to whom they are directed.

**8.    TAXES, FEES AND FINES**

a.    Lessee shall pay all taxes (other than taxes on Lessor's net income) and charges levied on the equipment or in connection with the use, storage, operation or possession by Lessee of the equipment or levied against or based upon the amount of rentals paid or to be paid with respect thereto, or any other taxes levied against or based upon the leasing thereof to Lessee or subsequent to delivery to Lessee, including, without limitation, withholdings of any nature, property, sales, use and excise taxes, duties, customs tariffs and impositions of federal, state, foreign and local governments and agencies. Taxes, duties, charges etc. levied on the equipment due solely to the ownership thereof shall be for Lessor's account unless such taxes are assessed because of the presence of the equipment in a taxing jurisdiction as a result of Lessee's use of the equipment.

b.    Lessee shall pay all charges incurred in ports, depots, storage areas or otherwise arising out of the use of the equipment.

c.    Lessee is not entitled to claim any investment tax credits or depreciation deductions or any other tax benefits normally associated with ownership of any of the equipment covered hereunder. Lessee hereby warrants that it will not claim any such investment tax credits, depreciation deductions or other such tax benefits.

**9.    INDEMNITY**

a.    [Intentionally left blank.]

**B. [INTENTIONALLY LEFT BLANK.]**

**10.    SUBLEASING, DIRECT INTERCHANGING AND ASSIGNMENT**

a.    LESSEE SHALL NOT HAVE THE RIGHT TO ASSIGN THIS AGREEMENT OR TO ASSIGN, SUBLET, RENT, DIRECTLY INTERCHANGE OR OTHERWISE HIRE OUT OR PART WITH POSSESSION OF THE EQUIPMENT TO ANY OTHER PARTY (OTHER THAN TO THE CARE OF CONNECTING CARRIERS IN THE NORMAL COURSE OF LESSEE'S BUSINESS) WITHOUT THE PRIOR WRITTEN CONSENT OF LESSOR AND SUCH CONSENT OF LESSOR, IF GIVEN, SHALL NOT OPERATE TO RELIEVE LESSEE OF ANY OF ITS OBLIGATIONS HEREUNDER.

b.    Lessor may delegate, assign, pledge or encumber in whole or in part this Agreement, the equipment leased hereunder, and/or the rentals and other charges due with respect thereto. Lessee agrees to pay in full rentals and other charges as accrued to Lessor's assignee, regardless of any defenses, counterclaims or set-offs which Lessee might have against Lessor.

**11.    GENERAL**

a.    This agreement is binding upon the parties, their permitted successors and assigns and shall be construed and interpreted in accordance with the laws of the United States of America and, except where inconsistent therewith, with the laws of the State of California. With respect to any claim or controversy arising out of or relating to this agreement, Lessor may require that any dispute or proceeding arising out of or relating to this Agreement shall, at Lessor's sole option and discretion, be brought only in state or federal courts having jurisdiction over the City and County of San Francisco or before the American Arbitration Association in San Francisco under its Commercial Arbitration Rules. Lessee consents to jurisdiction and venue in those courts. Lessor may opt to commence or allow proceedings in any other jurisdiction.

b.    The paragraph headings in this agreement are for convenience only and shall not be deemed to alter or affect any provision hereof.

c.    Intentionally left blank.

d.    This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and may be amended, modified or changed only by an additional agreement in writing executed by the parties hereto. If Lessee fails, however, to give to Lessor written objection to its contents within seven (7) days after this Agreement is received or if Lessee takes possession of any of the equipment provided hereunder and retains it after receipt of this Agreement then this Agreement shall be effective and binding upon Lessee whether or not signed.

e.    Any action by Lessee against Lessor for any default by Lessor under this Agreement, including breach of warranty or indemnity, shall be commenced within one (1) year after any such cause of action accrues.

f.    LESSEE ACKNOWLEDGES AND AGREES THAT LESSOR MAY SELL, ASSIGN, OR OTHERWISE TRANSFER, OR MAY HAVE SOLD, ASSIGNED, OR OTHERWISE TRANSFERRED, ALL OR PART OF ITS RIGHT, TITLE AND INTEREST IN THE EQUIPMENT AND THIS AGREEMENT TO A THIRD PARTY.

g.    Lessor is the owner of the equipment, or manager of the equipment on behalf of various third party owners, leased hereunder at all times during the term of this agreement. For precautionary purposes, and to the extent that this agreement may be construed as a secured financing transaction, Lessee hereby grants to Lessor a first priority security interest in the equipment, accessions, additions, and appurtenances thereto. Lessee agrees promptly to execute and deliver any documents presented to Lessee by Lessor from time to time (including, but not limited to UCC financing statements, UCC continuation statements, and, if applicable, documents required by foreign jurisdictions) for the purpose of protecting Lessor's and/or any third party owner's or lender's title to and/or interest in the equipment supplied under this agreement. All costs incurred in filing the documents as aforesaid shall be paid by Lessor.

**CAI International, Inc.**
HPLD (Rev. 2020-07-08)



Certified Document Number: 124981773 - Page 11 of 31

EXHIBIT B
Redelivery Schedule

| | CAI DEPOT | 20' Dry Van QTY | 40' High Cube QTY |
|---|---|---|---|
| | **ASIA** | | |
| Asia | Bangkok | 15 | 40 |
| | Hong Kong | 5 | 20 |
| | Ho Chi Minh | 10 | 10 |
| | Kaohsiung | 10 | 10 |
| | Keelung | 15 | 10 |
| | Laem Chabang | 15 | 40 |
| | Ningpo | 15 | 85 |
| | Pasir Gudang | 15 | 30 |
| | Penang | 15 | 30 |
| | Port Klang | 15 | None |
| | Pusan | 10 | None |
| | Qingdao | 15 | 85 |
| | Seoul | 10 | 10 |
| | Shanghai | 15 | 85 |
| | Shekou | 15 | 85 |
| | Singapore | 15 | None |
| | Surabaya | 15 | 40 |
| | Taichung | 10 | 10 |
| | Tianjin | 15 | 75 |
| | Xiamen | 15 | 50 |
| | Yantian | 15 | 75 |
| India & Middle East | Delhi | 20 | 15 |
| | Madras | 10 | 15 |
| | Mumbai (Nhava Sheva) | 15 | 15 |
| | Dubai (Jebel Ali) | 5 | 10 |
| Australia | Adelaide | 10 | None |
| | Auckland | 10 | None |
| | Brisbane | 10 | 2 |
| | Christchurch | 10 | None |
| | Fremantle | 10 | None |
| | Melbourne | 15 | 2 |
| | Sydney | 15 | None |
| | Tauranga | None | None |
| Africa | Capetown | 10 | 2 |
| | Durban | 5 | 2 |
| | Johannesburg | 15 | 2 |





Certified Document Number: 124981773 - Page 12 of 31



EXHIBIT B
Redelivery Schedule

| CAI DEPOT | 20' Dry Van QTY | 40' High Cube QTY |
|---|---|---|
| **Europe** | | |
| Aarhus | 20 | 20 |
| Antwerp | 15 | 15 |
| Bilbao | 15 | 5 |
| Brimingham | 20 | 30 |
| Bremen | 30 | 50 |
| Constanta | None | 20 |
| Duisburg | 10 | 10 |
| Fos | 15 | 5 |
| Genoa | 25 | 30 |
| Glasgow | 15 | 20 |
| Gothenburg | 20 | 20 |
| Hamburg | 20 | 20 |
| Helsinki | 20 | 25 |
| Istanbul | None | 40 |
| Izmir | None | 40 |
| Leghorn | 20 | 10 |
| Le Havre | 15 | 15 |
| Leixoes | 10 | 25 |
| Lisbon | 10 | 25 |
| Liverpool | 30 | 30 |
| London | 30 | 40 |
| Manheim | 10 | 10 |
| Milan | 20 | 30 |
| Rotterdam | 15 | 15 |
| **North America &** | | |
| Atlanta | 2 | 7 |
| Baltimore | 30 | 30 |
| Charleston | 15 | 15 |
| Chicago | 25 | 30 |
| Cincinnati | 20 | 20 |
| Cleveland | 20 | 20 |
| Dallas | None | 25 |
| Detroit | None | 10 |
| Houston | 20 | 20 |
| Indianapolis | None | 8 |
| Kansas City | 25 | 30 |
| Los Angeles | 15 | 20 |
| Louisville | 10 | 10 |

HPLD-024/025/026
2020-09-29

Certified Document Number: 124981773 - Page 13 of 31

EXHIBIT B
Redelivery Schedule

| | CAI DEPOT | 20' Dry Van QTY | 40' High Cube QTY |
|---|---|---|---|
| Canada | Memphis | 20 | 15 |
| | Montreal | 25 | 20 |
| | Minneapolis | 35 | 50 |
| | New Orleans | 20 | 40 |
| | New York | 15 | 10 |
| | Norfolk | 10 | 15 |
| | Oakland | 25 | 15 |
| | Omaha | None | 20 |
| | Portland | 20 | 20 |
| | Salt Lake City | 20 | 20 |
| | St. Louis | 20 | 10 |
| | Toronto | 25 | 15 |
| | Vancouver | 3 | None |
| | Itajai | 5 | None |
| | Rio Grande | 15 | 10 |
| | Montevideo | 10 | 15 |
| South America | Manaus | 10 | 15 |
| | Talcahuano | 5 | 5 |
| | San Antonio | 5 | 5 |
| | Santiago | 15 | 15 |
| | Valparaiso | 5 | 5 |
| | Callao | 2 | 2 |

HPLD-024/025/026
2020-09-29

**Exhibit C**

Damage Protection Plan

This Damage Protection Plan ("Plan") is entered into as of July 1, 2015 ("Effective Date") between CONTAINER APPLICATIONS LIMITED, Suite 102, Corporate Centre, Bush Hill, Bay Street, St. Michael, Barbados, West Indies ("Lessor") and Hapag-Lloyd AG, Ballindamm 25, 20095 Hamburg, Germany ("Lessee") and is hereby incorporated into the Lease Agreement between Lessor and Lessee dated September 29, 2020 ("Agreement") with respect to containers redelivered on or after the Effective Date as hereinafter set forth. Any alteration, addition, or deletion of or to any of the terms of this Plan shall immediately cancel and nullify the terms hereof.

In any event of any conflict between the terms set forth in the Agreement and the terms set forth in this Plan, the latter shall prevail.

Lessee is required to maintain each and every container on lease to Lessee in good physical condition from the date each such container is delivered to Lessee through the date Lessee redelivers each such container to a Lessor depot in accordance with the terms of the Agreement.

Therefore, Lessor and Lessee agree that (i) Lessee shall pay to Lessor a repair fee of US$150.00 per container younger than twelve (12) years upon redelivery to a Lessor depot location; and (ii) nil DPP Fee shall apply to containers twelve (12) years and older upon redelivery (the "DPP Fee") for repairing such container to cargoworthy condition. In the event a container younger than 12 years old is redelivered to Lessor with Damages as hereinafter defined, payment of such DPP Fee shall relieve Lessee of the responsibility for payment of the cost of repairing such. For the purpose of this Plan, "Damages" shall be defined as accidental structural damage to the container caused by physical impact, replacement of damaged or missing detachable parts, sweeping, standard steam cleaning and detachment of decals, but excluding particular cleaning or repair necessitated by contamination from the cargo carried in the container which cannot be remedied by standard steam cleaning or sweeping. Lessee agrees that its local agent or responsible office shall be responsible to pay the balance of the cost to repair Damages, if any, and the cost to repair any damage not covered by this Plan, as billed by the repair company or Lessor, within 30 days from the date billed and as evidenced by receipt of copies of the applicable work order showing such costs.

Since this Plan applies solely to repair bills, it only applies to containers which are redelivered to a Lessor depot in accordance with the Agreement. Thus, it does not cover (i) containers which are declared an actual total loss or (ii) containers which are lost, stolen or cannot be physically returned to Lessor. Further, any addition or improper repairs made to, or alteration or modification of the containers by Lessee shall be considered intentional and/or self-inflicted damage which shall not be

6

Certified Document Number: 124981773 - Page 15 of 31

covered by this Plan. The cost, if any, for removal of material as a result thereof and/or restoration of the container to its original specifications will be for the account of Lessee.

This Plan does not cover (i) damage sustained directly or indirectly, as a result of war, declared or undeclared, strike, riot, or civil commotion, (ii) any container which is subleased or interchanged to or from another party or carrier, (iii) damage directly or indirectly caused by radio activity from a nuclear reaction or radiation from nuclear fuel or nuclear waste, or (iv) liability to third parties for property damage, personal injury, and death.

With 60 days notice from one party to the other, the terms of this Plan may be amended by mutual agreement between Lessor and Lessee. Both parties shall meet and confer in a good faith effort to negotiate a mutually agreeable DPP, which shall be incorporated in an amendment to the Lease.



## Exhibit D

### "Warranty Clause"

At the time that Lessee on-hires containers ("Equipment") and so requests, Lessor shall forward to Lessee copies of any active manufacturer warranties relating to the construction or condition of such Equipment. If Lessor did not receive a warranty from a manufacturer of any particular Equipment, Lessor shall notify Lessee of that fact when it provides Lessee with a lease proposal regarding the Equipment.

At Lessee's request, Lessor shall to the full extent authorized to do so, assign to Lessee all warranties, if any, provided by any manufacturer of the Equipment. Following such an assignment, the Lessee may communicate directly with, and/or proceed directly against, the provider of the warranty or guarantee to the same extent that Lessor is permitted under the terms of the particular warranty or guarantee. In any case in which Lessee does not request an assignment of a warranty and arranges for repairs to be made to Equipment due to a Latent Defect, Lessor promptly shall pursue any applicable warranty claims against the manufacturer and reimburse Lessee, or apply a credit against rental charges, in the amount of any warranty payment received from the manufacturer. A Latent Defect is a defect in materials that breaches the manufacturer's warranty on the Equipment and could not have been reasonably discovered by inspection of the Equipment.

Lessee may at any time during the term of this Agreement return any Equipment that has damages, which Lessor has determined are due to a Latent Defect, to any of Lessor's authorized depots  and, subject to  Lessor's availability, may pick up replacement Equipment at the same or mutually agreed alternative depot location, such replacement Equipment to be leased to Lessee under this Agreement at the per diem Rental applicable under this Agreement. In all cases of such redelivery of such Equipment, applicable drop-off charges for the redelivered Equipment shall be waived by Lessor and applicable handling charges for the replacement Equipment shall be paid by Lessor. In addition to the foregoing, (i) the Lessee shall be released from its obligation to pay per diem rates for such Equipment from the date that the defect is acknowledged and accepted. Equipment must be returned to depot locations as mutually agreed between Lessee and Lessor. All costs associated with return of the Equipment to depots shall be for the account of Lessee.

Further, the foregoing rights of the Lessee with respect to defective Equipment shall be applicable to all of the Equipment that was manufactured in the same factory production run, regardless whether the  defect  in question has yet become evident in all of such Equipment, if 25% or more of the Equipment from  that production run is determined by Lessor to have the same defect.

Certified Document Number: 124981773 - Page 17 of 31



# Exhibit 2 to
# Reiser Affidavit

EXECUTION VERSION

First issued by BIMCO in 1997 as CONLEASE. Revised 2006 with Code Name BOXLEASE.

| 1. Reference number | | |
|---|---|---|
| HAP-003 (formerly CSAV-003, 004, 005, 006) | | |

| 2. Effective date of agreement (Cl. 1 (a)) | |
|---|---|
| January 1, 2016 | **BIMCO** |

**STANDARD CONTAINER LEASE AGREEMENT**
**CODE NAME: BOXLEASE**          **PART I**

| 3. Lessor (Name and full style address) | 4. Lessee (Name and full style address) |
|---|---|
| Beacon Intermodal Leasing, LLC<br>111 Huntington Avenue<br>Boston, MA 02199<br>USA | Hapag - Lloyd AG<br>Ballindamm 25<br>20095 Hamburg<br>Federal Republic of Germany |

5. Equipment (Cl. 7(a), Cl. 10(b))

| Type | | Depreciated Value | Per diem rate | Per diem after build-down period |
|---|---|---|---|---|
| 20ft | No min or max | RV- US$ 3,200 | See Annex A | See Annex A |
| 40ft | No min or max | RV – US$ 5,250 | | |
| 40ftHC | No min or max | RV – US$ 5,600<br>Depreciated Value shall equal the RV less 5% per annum from date of manufacture to the date of Lessee's declaration of loss. Maximum depreciation shall not exceed 60% of the RV. | | |

| 6. Franchise (state amount) (Cl. 5(b)(i)) | 7. Commencement date of lease (Cl. 1(b)) | 8. Alternative to UCIRC/RCIRC (Cl. 2(a), 2(d), 5(a), 5(e)) |
|---|---|---|
| See Annex B | As per Box 2 | UCIRC applies |

| 9. Earliest termination date (Cl. 1(b), Cl. 9(a)) | 10. Direct interchange fee (Cl. 4(c)) | 11. No. of days notice for repairs (Cl. 5(b)) |
|---|---|---|
| No minimum | N/A | 7 German business days |

| 12. Equipment Lumpsum (per item) (Cl. 5(b)(iii)) | 13. Depreciated Value (Cl. 5(b)(iv), 5(c), Cl. 13(a)(i)) | 14. Estimate response time (days) (Cl. 5(c)) | 15. Notice of objection (days) (Cl. 5(d)) |
|---|---|---|---|
| See Annex B | As above in Box 5 | 7 German business days | 7 German business days |

| 16. Pick-up locations (Cl. 6(b)) | 17. Lease Type (state Master/Short or Term Lease) (Cl. 6)) | 18. Other charges (Cl. 7(a)) |
|---|---|---|
| As per Annex C or in mutually agreed locations on mutually agreed terms | Short Term Lease | Handling charges:<br>Asia (excl. Japan) – 20'dv: US$25.00<br>40'dv/hc: US$ 40.00<br>Europe/Americas: 20'dv: US$ 30.00<br>40'dv/hc: US$ 45.00<br>Japan: 20'dv: US$ 55.00<br>40'dv/hc: US$ 65.00 |

| 19. Lessee's billing address (Cl. 7(b)) | 20. Lessor's bank account (Cl. 7(c)) |
|---|---|
| Hapag - Lloyd AG<br>2923 Container Steering Controlling<br>Ballindamm 25<br>20095 Hamburg<br>Federal Republic of Germany | Bank of America<br>100 West 33rd Street<br>New York, NY 10001<br>ABA# 026-009-593<br>Swift Code#4622422428<br>Account – Beacon Intermodal Leasing, LLC |

| 21. No. of days for payment (Cl. 7(c), 7(d)) | 22. Interest rate (Cl. 7(c)) | 23. Early termination dates and per diems (Cl. 9(b)) |
|---|---|---|
| 30 days in arrears | 1.5% | Date / Per Diem<br>None |

| 24. Notice of termination (days) (Cl. 9(a), 9(b)) |
|---|
| 90 days |

| 25. Build-down period scale (Cl. 10(a)) |
|---|
| 2 years |

| 26. Repossession notice (days) (Cl. 9(e)(iii)) | 27. Empty equipment redelivery (state number of days within) (Cl. 9(e)(iii)) |
|---|---|
| 10 days | 90 days |

| 28. Minimum limit of general liability insurance (Cl. 13(a)(ii), 13(b)) | 29. Dispute Resolution (Cl. 14) (state 14(a), 14(b) or 14(c); if 14(c) agreed then state place of arbitration) |
|---|---|
| Lessor - US$ 10 million / Lessee US$10 million | 14 (a) – English law and arbitration in London, England |

| 30. Additional clauses agreed. |
|---|
| See Annex A – Lease Rates; Annex B – Damage Protection Plan; Annex C – Pick Up and Redelivery Locations; and Annex D – Additional Terms |

Initials
Lessee: 
Lessor:

Certified Document Number: 124981773 - Page 19 of 31

Copyright, published by BIMCO

EXECUTION VERSION

It is agreed that this Contract shall be performed subject to the terms and conditions of PART I, including additional clauses if any agreed and stated in Box 30 and of PART II as well as Annex A, B, C and D. In the event of a conflict of conditions, the provisions of PART I and Annex A, B, C and D shall prevail over those of PART II to the extent of such conflict but no further.

| Signature (Lessor) | Signature (Lessee) |
|---|---|
| | gez. Ulf Schawohl    i.v. gez. Ohling |

**ANNEX A**
to
**Standard Container Lease Agreement HAP-003**
between
**Beacon Intermodal Leasing, LLC and Hapag-Lloyd AG**
**Dated January 01, 2016**

**BEACON** INTERMODAL LEASING, LLC

**LEASE RATES**

Effective date: January 1, 2016

Commencing as of the Effective Date, (a) all of the Equipment that currently is leased to Lessee under CSAV-003, CSAV-004, CSAV-005 and CSAV-006 shall be moved under, and thereafter deemed to be leased to Lessee under HAP-003 and (b) CSAV-003, CSAV-004, CSAV-005 and CSAV-006 shall be terminated and shall have no further force or effect.

Commencing as of the Effective Date, the per diem rentals that are payable by Lessee under Annex A to HAP-003 shall be as per below (applicable to the Equipment formerly leased under CSAV-003, CSAV-004, CSAV-005 and CSAV-006 and the Equipment that is leased under HAP-003).

**Rental per diem rates for each Equipment Type**

| Equipment Type | 20ft | 40ft | 40ft HC |
|---|---|---|---|
| Per Diem | $0.30 | $0.48 | $0.51 |

**Lessor:**

BEACON INTERMODAL LEASING, LLC

By: _____

Name: Katherine McCabe

Title: President

**Lessee:**

HAPAG-LLOYD AG

By: _____    i.v. gez. Ohling

Name: gez. Ulf Schawohl    gez. Ohling

Title: Senior Managing Director    Senior Director Container Steering



Page 2 of 7

Initials
Lessee:
Lessor:

Certified Document Number: 124981773 - Page 20 of 31

**ANNEX B**
**to**
**Standard Container Lease Agreement HAP-003**
**between**
**Beacon Intermodal Leasing, LLC and Hapag-Lloyd AG**

**DAMAGE PROTECTION PLAN**

**Effective Date:** January 1, 2016

1.  It is agreed that a lump sum amount of US$120 per container (excluding those containers involved in total lost or total constructive loss) will apply initially to any containers returned under this Agreement, expect for those containers which are more than 10 years of age at redelivery date where no lump sum amount is payable.

2.  Included Items, Yes (Y) or NO (N)

    | | | | | |
    |---|---|---|---|---|
    | Lessee damage | | Y | Chemical clean | N |
    | Decal removal | Y | Washout | N |
    | Sweepout | Y | Total Constructive Loss | N |
    | Steam clean | N | Total Physical Loss | N |

3.  On an annual basis, Lessor may reconcile the actual damage cost versus the Lump Sum amount as stated above. With the agreement of both parties, the Lump Sum amount may be adjusted in accordance with this reconciliation, which must be evidenced in writing and initialed and signed by both parties.

Lessor:

BEACON INTERMODAL LEASING, LLC

By: _____

Name: _Katherine McCabe_

Title: _President_



Lessee:

HAPAG-LLOYD AG

By: _____          i.V. _Nikki Ohling_

Name: gez. Ulf Schawohl         gez. Ohling

Title: Senior Managing          Senior Director Container
Director                        Steering

Initials
Lessee:
Lessor:

Page 3 of 7

Certified Document Number: 124981773 - Page 21 of 31

EXECUTION VERSION

**ANNEX C**
**to**
**Standard Container Lease Agreement HAP-003**
**between**
**Beacon and Hapag Lloyd AG**

**PICK UP AND REDELIVERY LOCATIONS**

**Effective Date:** January 1, 2016

| Location | 20'DC | | | 40'DC | | | 40'HC | | |
|---|---|---|---|---|---|---|---|---|---|
| | US$ Pick-up (Credit)/ Charge | Turn-in Limits per Month | US$ Drop-off (Credit)/ Charge | US$ Pick-up (Credit)/ Charge | Turn-in Limits per Month | US$ Drop-off (Credit)/ Charge | US$ Pick-up (Credit)/ Charge | Turn-in Limits per Month | US$ Drop-off (Credit)/ Charge |
| **North America** | | | | | | | | | |
| New York | -160 | 5 | 200 | -200 | 3 | 250 | -200 | 5 | 250 |
| Charleston | -200 | 3 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Chicago | -200 | 2 | 250 | -320 | 2 | 400 | -320 | 2 | 400 |
| Houston | -200 | 7 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Los Angeles | -80 | 5 | 100 | -120 | 3 | 150 | -120 | 5 | 150 |
| Miami | -200 | 3 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Montreal | -200 | 2 | 250 | -320 | 2 | 400 | -320 | 2 | 400 |
| New Orleans | -200 | 3 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Norfolk | -200 | 3 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Oakland | -80 | 5 | 100 | -120 | 3 | 150 | -120 | 5 | 150 |
| Savannah | -200 | 3 | 250 | -320 | 3 | 400 | -320 | 3 | 400 |
| Seattle | -80 | 5 | 100 | -120 | 3 | 150 | -120 | 5 | 150 |
| Toronto | -200 | 2 | 250 | -320 | 2 | 400 | -320 | 2 | 400 |
| Vancouver | -580 | 5 | 100 | -120 | 3 | 150 | -120 | 5 | 150 |

| Location | 20'DC | | | 40'DC | | | 40'HC | | |
|---|---|---|---|---|---|---|---|---|---|
| **Asia** | | | | | | | | | |
| Dalian | 250 | 25 | -200 | 400 | 15 | -320 | 400 | 15 | -320 |
| Hong Kong | -80 | 15 | 100 | -120 | 10 | 150 | -120 | 15 | 150 |
| Incheon | -40 | 5 | 50 | -80 | 5 | 100 | -80 | 5 | 100 |
| Jakarta | 150 | 10 | -120 | 150 | 10 | -120 | 300 | 10 | -240 |
| Kaohsiung | 250 | 40 | -200 | 0 | 20 | 0 | 100 | 40 | -80 |
| Keelung | 250 | 30 | -200 | 50 | 20 | -40 | 150 | 30 | -120 |
| Ningbo | 250 | 25 | -200 | 400 | 25 | -320 | 400 | 5 | -320 |
| Pusan | 250 | 5 | -200 | 150 | 5 | -120 | 50 | 5 | -40 |
| Qingdao | 250 | 25 | -200 | 400 | 15 | -320 | 400 | 15 | -320 |
| Shanghai | 250 | 30 | -200 | 400 | 30 | -320 | 400 | 30 | -320 |
| Shekou | 250 | 15 | -200 | 400 | 30 | -320 | 400 | 30 | -320 |
| Singapore | -40 | 10 | 50 | -80 | 10 | 100 | -80 | 10 | 100 |
| Tianjin | 250 | 30 | -200 | 400 | 20 | -320 | 400 | 20 | -320 |
| Xiamen | 250 | 20 | -200 | 400 | 25 | -320 | 400 | 25 | -320 |
| Bombay | -40 | 10 | 50 | -80 | 5 | 100 | -80 | 5 | 100 |
| Cochin | -40 | 10 | 50 | -80 | 5 | 100 | -80 | 5 | 100 |
| Madras | -40 | 10 | 50 | -80 | 5 | 100 | -80 | 5 | 100 |

Initials
Lessee:
Lessor: 

Certified Document Number: 124981773 - Page 22 of 31

EXECUTION VERSION

| Europe | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Aarhus | -100 | 2 | 125 | -180 | 2 | 225 | -180 | 2 | 225 |
| Antwerp | -80 | 10 | 100 | -120 | 10 | 150 | -120 | 10 | 150 |
| Barcelona | -160 | 2 | 200 | -200 | 2 | 250 | -240 | 2 | 300 |
| Bremen | -160 | 5 | 200 | -200 | 5 | 250 | -200 | 5 | 250 |
| Liverpool | 160 | 2 | 200 | -240 | 2 | 300 | -280 | 2 | 350 |
| Genoa | -80 | 5 | 100 | -160 | 5 | 200 | -160 | 5 | 200 |
| Felixstowe | -160 | 2 | 200 | -240 | 2 | 300 | -280 | 2 | 350 |
| Gothenburg | 100 | 2 | 125 | -160 | 2 | 200 | -160 | 2 | 200 |
| Hamburg | -120 | 10 | 150 | -160 | 10 | 200 | -200 | 10 | 250 |
| Le Havre | -120 | 5 | 150 | -160 | 5 | 200 | -160 | 5 | 200 |
| Livorno | -80 | 5 | 100 | -120 | 5 | 150 | -160 | 5 | 200 |
| London | -160 | 2 | 200 | -240 | 2 | 300 | -280 | 2 | 350 |
| Marseille | -80 | 5 | 100 | -120 | 5 | 150 | -120 | 5 | 150 |
| Rotterdam | -120 | 10 | 150 | -160 | 10 | 200 | -160 | 10 | 200 |
| Valencia | -40 | 10 | 50 | -200 | 2 | 250 | -280 | 2 | 350 |

| South America | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Rio Grande | -200 | 2 | 250 | -160 | 2 | 200 | -240 | 2 | 300 |
| Santos | -120 | 3 | 150 | -160 | 3 | 200 | -200 | 3 | 250 |
| Valparaiso | -200 | 2 | 250 | -200 | 2 | 250 | -280 | 2 | 350 |

The above Monthly Turn in Limits will apply for every 2,000TEU on hire as well as for quantities below 2,000 TEU on hire under this Lease Agreement at any one time.

No drop off charges or credits will be applicable on Equipment over 10 years old at redelivery. Redelivery of Equipment over 10 years of age may be subject to mutually agreeable alternative turn in limits and locations at the time of redelivery.

Lessor:

BEACON INTERMODAL LEASING, LLC

WAIT By: _[signature]_
Name: Katherine McCabe
Title: President

Lessee:

HAPAG-LLOYD AG

By: _[signature]_
Name: _[signature]_ Ulf Schawohl    gez. Ohling
Title: Senior Managing    Senior Director
Director    Container Steering

i.v. _[signature]_


BEACON
INTERMODAL LEASING, LLC

Initials
Lessee: _[initials]_
Lessor: _[initials]_

Certified Document Number: 124981773 - Page 23 of 31

EXECUTION VERSION

**ANNEX D**
to
**Standard Container Lease Agreement HAP-003**
**between**
**Beacon Intermodal Leasing, LLC and Hapag Lloyd AG**

**Additional Terms**

**Effective Date:** January 01, 2016

Following further conditions are agreed:

Clause 2, Paragraph (b): Please replace with the following: "Lessor will not put a lien on any containers that is leased to Lessee, unless Lessor gets the lenders' non-disturbance promise for the benefit of the lessees."

Clause 2, new Paragraph (e): The following new Paragraph (e) is added to Clause 2:

"At the time that Lessee on-hires Equipment and so requests, Lessor shall forward to Lessee copies of any manufacturer warranties relating to the construction or condition of such Equipment. If Lessor did not receive a warranty from a manufacturer of any particular Equipment, Lessor shall notify Lessee of that fact when it provides Lessee with a lease proposal regarding the Equipment. At Lessee's request, Lessor shall assign to Lessee all warranties, if any, provided by any manufacturer of the Containers. Following such an assignment, the Lessee may communicate directly with, and/or proceed directly against, the provider of the warranty or guarantee to the same extent that Lessor is permitted under the terms of the particular warranty or guarantee. In any case in which Lessee does not request an assignment of a warranty and arranges for repairs to be made to a Container due to a Latent Defect, Lessor promptly shall pursue any warranty claims against the manufacturer and reimburse Lessee, or apply a credit against rental charges, in the amount of the warranty payment received from the manufacturer."

3. Clause 6, Paragraph (c): Change "Annex A" in the third line to "Annex C. "

4. Clause 6, Paragraph (c): The following new sentences are added to the end of Clause 6, Paragraph(c):

"Lessee may at any time during the term of this Agreement return any Equipment that has  damages due to a Latent Defect to any of Lessor's depots, regardless if listed on or permitted at the time under Annex C, and, subject to Lessor's availability, may pick up replacement Equipment at the same or mutually agreed alternative depot location, such replacement  Equipment to be leased to Lessee under this Agreement at the per diem Rental applicable under Annex A. In all cases of such redelivery of such Equipment due to a Latent Defect, applicable drop-off charges for the redelivered Equipment shall be waived by Lessor and applicable handling charges for the replacement  Equipment shall be paid by Lessor.  In addition to the foregoing, in all cases in which damage to an item of Equipment is due to a Latent Defect and therefore qualifies for a warranty claim to the manufacturer of the Equipment, (i) the Lessee shall be released from its obligation to pay per diem rates for such Equipment until such equipment is either repaired or replaced and in either event is restored to the Lessee's custody, and (ii) the Lessor shall reimburse the Lessee for reasonable and necessary out-of-pocket costs that the Lessee incurs as a direct result of such Latent defect, including without limitation costs for transporting the defective Equipment to the place of repair and costs incurred to demonstrate that a Latent Defect exists, such as costs related to taking samples and the cost of commissioning an opinion or report of an expert inspector (but in no event for consequential damages such as loss of profit or business

Initials
Lessee: 
Lessor:

opportunity). Further, the foregoing rights of the Lessee with respect to defective Equipment shall be applicable to all of the Equipment that was manufactured in the same factory production run, regardless whether the defect in question has yet become evident in all of such Equipment, if 25% or more of the Equipment from that production run is shown to have the same defect."

5.   Clause 9, Termination, Paragraph (a):  Paragraph is amended and restated in its entirety as follows:

"(a)  Either party may terminate this Agreement by giving the other party notice of termination at least the number of days stated in Box 24 prior to termination, it being understood that (i) Lessee's obligation to pay rent hereunder continues until redelivery of each item of Equipment, as provided in Clause 7(a), and (ii) Lessee's indemnification obligations under Clause 12 shall survive the termination of this Agreement with respect to any item of Equipment insofar as the event or occurrence giving rise to indemnification occurred prior to re-delivery of such item of Equipment."

6.  Clause 9, Lessee's Default, Paragraph (d): Add to the end of Line 329: "or material default in the performance of any other material term, condition, provision or obligation under this Agreement and the failure of the Lessee to remedy such default within sixty (60) days after receiving notice thereof from the Lessor."

7.  Clause 12, new Paragraph (e): The following Paragraph (e) is hereby added to the Agreement immediately following Clause 12, Paragraph (d):

"(e)     The Lessee shall, at its expense, comply with all foreign, federal, state, municipal and other laws, regulations, ordinances or orders which are applicable to Lessee and which in any way affect the Equipment or its use, operation, maintenance, inspection, possession or storage including, without limitation, those pertaining to foreign export, licensing and registration, job safety, health, fire, environmental, zoning, law enforcement, trade sanction, nuisance, and other public considerations, and all rules and practices of ports, depots, storage areas and transportation companies. The Lessor shall have no responsibility for compliance with any such laws, regulations, ordinances, orders, rules or practices.  In addition to the foregoing, Lessee shall not use or permit the use of any Equipment in any illegal trade or business or in carrying illegal or prohibited goods or contraband or in any manner whatsoever that might render such Equipment liable to condemnation, destruction, seizure or confiscation, or render the Lessor liable to civil or criminal sanction."

**Lessor:**

BEACON INTERMODAL LEASING, LLC

WAH   By: _____

Name: Katherine McCabe

Title: President



**Lessee:**

HAPAG-LLOYD AG

By: _____           i.v.

Name: gez. Ulf Schawohl           gez. Ohling

Title: Senior Managing           Senior Director
Director           Container Steering

Initials
Lessee:
Lessor:

## PART II
## BOXLEASE Standard Container Lease Agreement

Subject to the terms and conditions of this Agreement with reference number stated in Box 1, the Lessor named in Box 3 hereby agrees to lease to the Lessee named in Box 4 and the Lessee hereby agrees to lease from the Lessor the Equipment more particularly described in Box 5. [1-5]

**Definitions** [6]
**Depreciated Value** means the amount agreed to be paid by the Lessee to the Lessor as replacement for Equipment lost or damaged beyond repair. [7-9]

**Direct Interchange** means the transfer of leased Equipment between two parties both having a Lease Agreement with the same Lessor whereby at the time of transfer the receiving party assumes the responsibility for such transferred Equipment under its own Lease Agreement with the Lessor. [10-14]

**Equipment** means freight containers as defined by the International Organization for Standardization (ISO) and/or related equipment, such as clip-ons. [15-17]

**Franchise** means the amount stated in Box 6 which shall be deducted by the Lessor from any estimate of repair costs issued to the Lessee in accordance with Clause 5 (Condition of Equipment on Redelivery). [18-21]

**Latent Defect** means any defect that is not, or was not, apparent at the time of on-hire of the Equipment, arising from any event occurring before on-hire, including but not limited to, design, material, manufacture, workmanship, modification or maintenance. [22-26]

**Master Lease** means a lease agreement between Lessor and Lessee whereby Equipment is leased at fixed rates and conditions, but with a variable term and quantity and variable delivery/re-delivery depots. [27-30]

**Replacement Value** means the purchase value of new Equipment of the same type on the date of replacement. [31-32]

**Sub-lease** means a contract by which the Lessee gives the use of Equipment to a third party for a specified period of time, but whereby the Lessee remains responsible for the Equipment under the terms and conditions of its Lease Agreement with the Lessor. [33-37]

**Term Lease** means a lease agreement between Lessor and Lessee whereby Equipment is leased at fixed rates and conditions with a predetermined delivery schedule and for a fixed period of time. [38-41]

**Wear and Tear** means the unavoidable loss or deterioration in value sustained to the Equipment in the course of continued normal use and which may affect the cosmetic appearance of the Equipment and by accumulation or degree may eventually affect the integrity of the Equipment. Wear and Tear shall include, but not be limited to: [42-47]
(i)   Corrosion of metal components not due to contact with foreign substances; [48-49]
(ii)  De-lamination or rot of wooden components, such as general deterioration of floor, including expansion, shrinkage or warping; [50-52]
(iii) Colour fading or adhesion failure of decals; [53]
(iv)  Loose or missing parts or marking, except those that are normally removable, in the absence of evidence of accompanying damage; [54-56]

(v)    General paint failure or fading not due to contamination; [57-58]
(vi)   General wear and deterioration at corner fittings; [59]
(vii)  General deterioration at door gasket and fitting, including loose and corroded fittings or loose fittings arising from normal deterioration of doors; [60-62]
(viii) Scratches to metal. [63]
In addition to the above, Wear and Tear for Reefer Containers shall include but not be limited to: [64-65]
(i)   General deterioration of kazoos, to include age hardening; [66-67]
(ii)  General electrolytic corrosion from dissimilar metals in contact with each other in an electrolyte such as salt water; [68-70]
(iii) Flooring de-laminations resulting from routine cargo loading and unloading cycles; [71-72]
(iv)  Failures and/or malfunctions of machinery components although machinery has been maintained according to manufacturer's recommendations; [73-75]
(v)   De-lamination to panels not attributable to any ascertainable impact. [76-77]

1.   **Duration of the Agreement** [78]
     **(a)** All terms and conditions of this Agreement shall take effect from the date stated in Box 2 and shall remain in force until all Equipment covered by this Agreement has been redelivered. [79-82]

     **(b)** The period of lease shall commence on the date stated in Box 7 and shall continue at least until the Earliest Termination Date stated in Box 9 unless otherwise terminated in accordance with Clause 9 (Termination). [83-87]

2.   **Condition of Equipment on Delivery** [88]
     **(a)** The Lessor warrants that at the time of delivery the Equipment shall be in a good and serviceable condition and shall have been designed, manufactured, tested and maintained in compliance with the Standards detailed hereinafter: [89-93]
(i)   ISO; [94]
(ii)  International Convention for Safe Containers (CSC) of 1972 or any amendment thereof; [95-96]
(iii) Customs Convention on Containers of 1956 and 1972 or any amendment thereof; [97-98]
(iv)  Australian Quarantine Regulations in respect of Timber Component Treatment; [99-100]
(v)   The latest edition of the Unified Container Inspection and Repair Criteria/Refrigerated Container Inspection and Repair Criteria (UCIRC/ RCIRC) or as may otherwise be agreed in Box 8. [101-104]

Certified Document Number: 124981734 - Page 3 of ...

Certified Document Number: 124981773 - Page 27 of 31

**PART II**
**BOXLEASE Standard Container Lease Agreement**

**(b)** The Lessor warrants that the Equipment shall be delivered free from all liens and encumbrances 105 106

**(c)** The Lessor warrants that the period of validity of the CSC Safety Approval Plate is 30 months from the date of on-hire, unless the Equipment is CSC controlled under an Approved Continuous Examination Programme (ACEP) 107 108 109 110 111

**(d)** The Lessee may appoint a surveyor to inspect any Equipment prior to on-hire. The Lessor shall make the Equipment available for such inspection. The surveyor shall apply the standards set out in the latest edition of UCIRC/RCIRC or as may otherwise be agreed and stated in Box 8. The surveyor's report of the condition of the Equipment at on-hire shall be prima facie evidence of the condition of the Equipment taken on hire. 112 113 114 115 116 117 118 119

**3. Technical Specifications** 120
If requested by the Lessee the Lessor shall provide the Lessee with the technical specifications for the Equipment. 121 122 123

**4. Title to Equipment, Sub-lease and Direct Interchange** 124 125
**(a)** The Equipment shall at all times remain the property of the Lessor, and the Lessee shall acquire no title to Equipment by virtue of paying rents, costs of transportation or repairs, registration or licensing fees, taxes (property excise or any other governmental fees or charges) or any other expenses or charges related to or assessed against such Equipment or its operation during the period of this Agreement. 126 127 128 129 130 131 132 133

**(b)** The Lessee shall not, without the Lessor's prior written consent, which shall not be unreasonably withheld, assign any right or interest in or to this Agreement or the Equipment. The Lessee may sub-Lease or interchange Equipment to a company which is directly or indirectly associated with the Lessee. In case of such assignment or sub-lease, the Lessee shall remain responsible for all obligations in accordance with this Agreement. 134 135 136 137 138 139 140 141 142

**(c)** The Lessee may transfer Equipment to a third party in a Direct Interchange, but only with the Lessor's written consent, which shall not be unreasonably withheld. When the third party has confirmed to the Lessor its agreement to such a transfer, the Lessee's obligations to pay rental shall cease and a Direct Interchange fee as stated in Box 10 shall be paid by the Lessee to the Lessor. 143 144 145 146 147 148 149 150

**(d)** The Equipment shall have the Lessor's serial numbers and other identifying marks affixed thereto, which shall not be obliterated, altered, concealed or otherwise changed or hidden from view by the Lessee so as to prevent or block access to such numbers or marks without prior written agreement from the Lessor. The Lessee has the option to have its own company logo applied on the Equipment provided that same is 151 152 153 154 155 156 157 158

to be removed for the Lessee's account upon redelivery of the Equipment. Lessee shall, at its own expense, maintain the Equipment in safe operating condition while it is in its possession. 159 160 161 162

**5. Condition of Equipment on Redelivery** 163
**(a)** The Equipment shall be redelivered in accordance with the latest edition of UCIRC/RCIRC or as may be otherwise agreed and stated in Box 8, Wear and Tear excepted and unless advised by the Lessor to the contrary in accordance with sub-clause (b), the Equipment shall be deemed to have been redelivered in undamaged condition. 164 165 166 167 168 169 170

**(b)** In the event Equipment is redelivered in a damaged condition, the Lessor shall within the number of working days stated in Box 11 provide the Lessee with a detailed estimate of repairs, in an electronic format if so requested by the Lessee. 171 172 173 174 175
(i) If the repairs are covered by Franchise in the amount stated in Box 6, the repair costs exceeding the Franchise shall be paid by the Lessee or 176 177 178
(ii) If there is no Franchise, the repair costs shall be those based on a repair estimate of each container or 179 180 181
(iii) If repair costs are covered by a lumpsum per piece of Equipment the amount for each piece of Equipment shall be stated in Box 12 or 182 183 184
(iv) In the event that repair costs exceed the Depreciated Value the Lessee shall pay to the Lessor the Depreciated Value as calculated in Box 13. 185 186 187

**(c)** If the Lessee does not respond to the Lessor within the number of working days stated in Box 14 of receiving the detailed estimate of repairs, the Lessee shall pay for the said repairs, for the amount specified in the estimate, which shall not exceed the Depreciated Value as per Box 13. 188 189 190 191 192 193

**(d)** If the Lessee disagrees with the estimate of repair costs or disagrees that any item therein should be for the Lessee's account, the Lessee shall detail his objections by notice to the Lessor within the period stated in Box 15. In the event of a continuing dispute the parties shall within 10 days of the date of that notice appoint a joint surveyor who shall survey the Equipment and review the estimate of repairs. The Lessor and Lessee agree to be bound by the decision of the joint surveyor as to the extent of the repairs payable by the Lessee and the reasonable cost thereof and to share the cost of the survey. 194 195 196 197 198 199 200 201 202 203 204 205

**(e)** All damages shall be defined in accordance with the latest Inspection and Repair Criteria as per UCIRC/RCIRC or as may otherwise be agreed in accordance with Box 8 and all repairs shall be performed in accordance with the Institute of International Container Lessors (IICL) Repair Manual. 206 207 208 209



## PART II
### BOXLEASE Standard Container Lease Agreement

**6.  Pick-ups and Drop-offs**

(a) *Master/Short Term Lease:* The Lessee may pick up Equipment from any of the Lessor's depots as may from time to time be mutually agreed. The Lessor shall not unreasonably withhold Equipment from the Lessee and shall use his best endeavours to fulfill the requirements of the Lessee. — 210–216

(b) *Term Lease:* The Lessee may pick up Equipment from the place(s) stated in Box 16. Save for the provisions of Clauses 9 (Termination) and 10 (Build-down Period) such Equipment shall remain on hire for at least the period stipulated in Clause 1(b). — 217–221

(c) Subject to the terms of this Agreement, the Lessee may redeliver any of the Equipment, to any of the Lessor's depots designated in Annex A, which may contain permissible redelivery quota and drop-off charges, or as may from time to time be mutually agreed. Redelivery shall end this Agreement only insofar as it relates to the redelivered Equipment. The Lessor shall confirm in writing to the Lessee the off-hire date and off-hire depot within 24 hours after the physical return of the Equipment. — 222–231

(d) Unless a depot closure is due to circumstances beyond the control of the Lessor, which could not have been avoided through the exercise of due diligence, the Lessor shall give the Lessee not less than 60 days notice of any change to the list of depots or availability of any depot stated in Annex A. Such change or availability shall only be accepted subject to the approval of the Lessee, which shall not be unreasonably withheld. If, for any reason whatsoever, the depot is closed the Lessor shall offer the Lessee the same number of drop-Offs at an adequate, alternative depot within the same trading range.
*\* (a) and (b) are alternatives. Indicate in Box 17 whichever is applicable.* — 232–245

**7.  Payment of Rental and Other Charges**

(a) In consideration for leasing the Equipment from the Lessor, the Lessee shall, as from the pick-up date, be liable to pay to the Lessor, as rent, the per diem leasing rate specified in Box 5, as well as any other charges which may be agreed upon and enumerated in Box 18. The Lessee's obligations to pay rental shall cease on the day after redelivery into any of the Lessor's designated depots. — 246–254

(b) An invoice shall be sent to the Lessee's billing address as stated in Box 19, in an electronic format if so requested by Lessee. — 255–257

(c) Payment shall be made by the Lessee to the Lessor's bank account as stated in Box 20, within the number of working days stated in Box 21 of the date of the Lessor's invoice. Any delay in payment shall entitle the Lessor to charge the Lessee interest at the rate stated in Box 22 for each month or part thereof that the payment remains outstanding. — 258–264

(d) The Lessee shall give written notice to the Lessor of any disputed items on the Lessor's invoice. The Lessor shall reconcile disputed items by either providing supporting documents for such items or by issuing an appropriate adjustment of the invoice. Notification of disputed items must not prejudice the obligation of the Lessee to pay the undisputed portion of any invoice within the number of days stated in Box 21 after receipt. (See Clause 9(d) (Termination – Lessee's Default)). — 265–274

**8.  Taxes, Fees and Fines**

The Lessee shall pay all taxes, dues and charges levied on or against the Equipment arising out of or in connection with the use of the Equipment.
Upon the return of any Equipment to the Lessor, and provided it is a permissible return under the conditions of this Lease Agreement, the Lessor shall indemnify the Lessee from any import duties or taxes whatsoever that may be imposed from the time the Equipment was returned to the Lessor. The Lessee shall, to the best of its ability, and at the Lessor's request, assist the Lessor to avoid any import duties or taxes by co-operating to the fullest extent in requesting extension of the same as local regulations permit.
The Lessor shall pay all taxes, dues and charges levied on or against the Equipment arising out of or in connection with the ownership of the Equipment. — 275–291

**9. Termination**

(a)  Either party may terminate this Agreement by giving the other party notice of termination at least the number of days stated in Box 24 prior to the Earliest Termination Date stated in Box 9 or any later date agreed to by the parties. — 292–297

(b)  Early Termination - Notwithstanding the provisions of Clause 1 (Duration of the Agreement), Clause 6(b) (Pick-ups and Drop-offs) and Clause 9(a) (Termination) and by giving the number of days notice stated in Box 24, the Lessee shall have the option of terminating the Agreement on any of the dates stated in Box 23. In such case the hire shall be adjusted in accordance with the appropriate per diem rates stated in Box 23. — 298–306

(c) Lessor's Default
The Lessee may upon giving notice terminate this Agreement with immediate effect for any Equipment: — 307–309

  (i)   the use of which shall have been curtailed or obstructed by any legislation or regulation of any Government or statutory body of any country where the Lessee wishes to use said Equipment; — 310–313
    or — 314
  (ii)  which is shown to have latent defects or Wear and Tear such that it is unsafe or unsuitable for continued use. — 315–317

Such Equipment shall be returned to the Lessor at any of their depots or as otherwise agreed . — 318–319



## PART II
### BOXLEASE Standard Container Lease Agreement

**(d) Lessee's Default** — 320
The Lessor may upon giving notice terminate this — 321
Agreement with immediate effect in the event of default — 322
by the Lessee in paying any invoice for rental in — 323
accordance with Clause 7 (Payment of Rental and — 324
Other Charges) for sixty (60) days after it has become — 325
due to the Lessor or, in the event of disputed items, — 326
sixty (60) days after reconciliation of the invoice by the — 327
Lessor in accordance with Clause 7(d) (Payment of — 328
Rental and Other Charges). — 329

**(e) Insolvency** — 330
  (i)  Both the Lessee and the Lessor shall be entitled — 331
       to terminate this Agreement in the event of an — 332
       order being made or resolution passed for the — 333
       winding up, dissolution, liquidation or bankruptcy — 334
       of the other party (otherwise than for the purpose — 335
       of reconstruction or amalgation) or if a receiver — 336
       is appointed, or if the other party suspends — 337
       payment, ceases to carry on business or makes — 338
       any special arrangement with their creditors. — 339
  (ii) If the Lessor terminates this Agreement according — 340
       to sub-clause (a), the Lessor shall, upon giving — 341
       the number of days notice stated in Box 26, have — 342
       the right to re-possess all empty Equipment — 343
       leased to the Lessee under this Agreement. — 344
  (iii) The Lessee must, upon receipt of the notice from — 345
       the Lessor, immediately insofar as he is able to — 346
       do so, notify the Lessor of the exact location of all — 347
       Equipment leased to it under this Agreement and, — 348
       within the number of days stated in Box 27, — 349
       redeliver all empty Equipment to the nearest — 350
       Lessor's depot unless otherwise mutually agreed. — 351

**10.  Build-down Period** — 352
  **(a)** The build-down period shall be in proportion to — 353
  the volume of Equipment leased as per the scale stated — 354
  in Box 25 and shall commence on the first day of the — 355
  month following termination of the Agreement as per — 356
  Clause 1(b) (Duration of the Agreement) or Clause 9(a) — 357
  (Termination), during which time all the Equipment shall — 358
  be redelivered to the Lessor. — 359

  **(b)** For Equipment still being used after the build- — 360
  down period, the Lessor may invoice the per diem rate — 361
  as per Box 5. — 362

**11.  Maritime Lien** — 363
  **(a)** The Equipment is supplied for the purpose of — 364
  intermodal operations in international trade and may — 365
  be used for the carriage of lawful goods by sea as well — 366
  as in inland transport including the handling at terminals — 367
  and inland depots and freight stations. The Equipment — 368
  is not designated for use on any particular Vessel and — 369
  consequently no maritime lien securing the obligations — 370
  under this Agreement may be attached to any Vessel — 371
  connected in any way with the Lessee. — 372

  **(b)** The Lessor shall rely solely upon the credit of the — 373
  Lessee in supplying Equipment under this Agreement. — 374

**12.  Liabilities and Indemnity** — 375
  **(a)** The Lessee shall be liable to the Lessor for the — 376
  actual or constructive total loss of, or damage, Wear — 377
  and Tear excepted, to any Equipment occurring during — 378
  the period of this Agreement. — 379
  The Lessee shall immediately notify the Lessor in — 380
  writing of any actual or constructive total loss of any — 381

Equipment and upon such notice the Lessee's — 382
obligations to pay rental shall cease. In the event that — 383
such actual or constructive total loss occurs, the Lessee — 384
shall pay to the Lessor the Depreciated Value of such — 385
Equipment, which transfers the ownership of said — 386
Equipment to the Lessee. If actual or constructive total — 387
loss of any Equipment is not determined until after — 388
redelivery has taken place, the Lessee shall pay to — 389
the Lessor the Depreciated Value of such Equipment — 390
but ownership of said Equipment shall remain with the — 391
Lessor. — 392
Should the Lessee later determine that Equipment — 393
previously declared lost has been recovered, the — 394
Lessor shall, at the request of the Lessee, reimburse — 395
any previously paid Depreciated Value less any rental — 396
accrued from the date the equipment was declared — 397
lost if the recovery date is within twelve months of the — 398
total loss declaration. — 399

**(b)** The Lessee shall defend, indemnify and hold the — 400
Lessor harmless for any and all claims, losses, — 401
expenses, costs or damages (including without — 402
limitation all reasonable expenses in defending any — 403
claim or suit or enforcing this indemnity, such as court — 404
costs, attorney's fees, and other expenses) arising or — 405
alleged to arise directly or indirectly or incidentally out — 406
of: — 407
  (iii) any failure of the Lessee to comply with its — 408
       obligations under this Agreement; — 409
  (iv) any claim, whether private or governmental, for — 410
       bodily injury or death to persons (including — 411
       employees of the Lessor) and for loss of or — 412
       damage to property, cargo and/or vessels and/or — 413
       means of transport, arising out of or in connection — 414
       with the possession, leasing, operation, control — 415
       or use of the Equipment by the Lessee. — 416

**(c)** The Lessor shall be liable to the Lessee and — 417
defend, indemnify and hold the Lessee harmless for — 418
any and all claims, losses, expenses, costs or damages — 419
(including without limitation all reasonable expenses — 420
in defending any claim or suit such as court costs, — 421
attorney's fees and other expenses) arising or alleged — 422
to arise directly or indirectly or incidentally out of: — 423
  (i)  any failure of the Lessor to comply with its — 424
       obligations under this Agreement; — 425
  (ii) any claim, whether private or governmental, for — 426
       bodily injury or death to persons (including — 427
       employees of the Lessee) and for loss of or — 428
       damage to property, cargo and/or vessels and/or — 429
       means of transport, arising out of or in connection — 430
       with the ownership, manufacture, design or supply — 431
       of the Equipment. — 432

**(d)** Each party undertakes to give to the other party — 433
immediate notice of claims or actions arising under — 434
this Clause, and to assist in the handling of any and — 435
alls such claims or actions. — 436

**13.  Insurance** — 437
  **(a)** The Lessee shall procure and maintain in full force — 438
  and effect during the term of this Agreement, at its sole — 439
  cost and expense, the following insurances: — 440
  (i)  Insurance to cover physical loss or damage to the — 441
       Equipment for not less than the full Depreciated — 442

## PART II
### BOXLEASE Standard Container Lease Agreement

Value stated in Box 13. 443

(ii) General liability insurance to a minimum limit as 444
stated in Box 28 for any one occurrence, to cover 445
third party bodily injury and property damage. 446
Such insurance shall be primary insurance. 447

Any and all deductibles under the terms of the foregoing 448
insurances shall be for the Lessee's account. On 449
request, the Lessee shall provide the Lessor with 450
evidence of the insurances. 451

**(b)** The Lessor shall procure and maintain in full force 452
and effect during the term of this Agreement, at its sole 453
cost and expense, general liability insurance to a 454
minimum limit as stated in Box 28 for any one 455
occurrence, to cover third party bodily injury and 456
property damage. 457

Any and all deductibles under the terms of the foregoing 458
insurance shall be for the Lessor's account. On 459
request, the Lessors shall provide the Lessee with 460
evidence of the general liability insurance. 461
Should a party fail to procure or maintain any of the 462
required insurance or by act or omission invalidate any 463
such insurance, that party shall indemnify the other 464
party to the extent the other party suffers or incurs loss, 465
damage, liability or expense as a consequence of such 466
failure, act or omission. 467

**14. BIMCO Dispute Resolution Clause** 468
**\*(a)** This Agreement shall be governed by and 469
construed in accordance with English law and any 470
dispute arising out of or in connection with this 471
Agreement shall be referred to arbitration in London 472
in accordance with the Arbitration Act 1996 or any 473
statutory modification or re-enactment thereof save to 474
the extent necessary to give effect to the provisions of 475
this Clause. 476

The arbitration shall be conducted in accordance with 477
the London Maritime Arbitrators Association (LMAA) 478
Terms current at the time when the arbitration 479
proceedings are commenced. 480

The reference shall be to three arbitrators. A party 481
wishing to refer a dispute to arbitration shall appoint 482
its arbitrator and send notice of such appointment in 483
writing to the other party requiring the other party to 484
appoint its own arbitrator within 14 calendar days of 485
that notice and stating that it will appoint its arbitrator 486
as sole arbitrator unless the other party appoints its 487
own arbitrator and gives notice that it has done so 488
within the 14 days specified. If the other party does 489
not appoint its own arbitrator and give notice that it 490
has done so within the 14 days specified, the party 491
referring a dispute to arbitration may, without the 492
requirement of any further prior notice to the other party, 493
appoint its arbitrator as sole arbitrator and shall advise 494
the other party accordingly. The award of a sole 495
arbitrator shall be binding on both parties as if he had 496
been appointed by agreement. 497
Nothing herein shall prevent the parties agreeing in 498
writing to vary these provisions to provide for the 499
appointment of a sole arbitrator. 500

In cases where neither the claim nor any counterclaim 501
exceeds the sum of US$50,000 (or such other sum as 502
the parties may agree) the arbitration shall be 503
conducted in accordance with the LMAA Small Claims 504
Procedure current at the time when the arbitration 505
proceedings are commenced. 506

**\*(b)** This Agreement shall be governed by and 507
construed in accordance with Title 9 of the United 508
States Code and the Maritime Law of the United States 509
and any dispute arising out of or in connection with 510
this Agreement shall be referred to three persons at 511
New York, one to be appointed by each of the parties 512
hereto, and the third by the two so chosen; their 513
decision or that of any two of them shall be final, and 514
for the purposes of enforcing any award, judgment 515
may be entered on an award by any court of competent 516
jurisdiction. The proceedings shall be conducted in 517
accordance with the rules of the Society of Maritime 518
Arbitrators, Inc. 519
In cases where neither the claim nor any counter-claim 520
exceeds the sum of US$50,000 (or such other sum as 521
the parties may agree) the arbitration shall be con- 522
ducted in accordance with the Shortened Arbitration 523
Procedure of the Society of Maritime Arbitrators, Inc. 524
current at the time when the arbitration proceedings 525
are commenced. 526

**\*(c)** This Agreement shall be governed by and 527
construed in accordance with the laws of the place 528
mutually agreed by the parties and any dispute arising 529
out of or in connection with this Agreement shall be 530
referred to arbitration at a mutually agreed place, 531
subject to the procedures applicable there. 532

**(d)** Notwithstanding (a), (b) or (c) above, the parties 533
may agree at any time to refer to mediation any 534
difference and/or dispute arising out of or in connection 535
with this Agreement. 536
In the case of a dispute in respect of which arbitration 537
has been commenced under (a), (b) or (c) above, the 538
following shall apply: 539

(i) Either party may at any time and from time to 540
time elect to refer the dispute or part of the dispute 541
to mediation by service on the other party of a 542
written notice (the "Mediation Notice") calling on 543
the other party to agree to mediation. 544

(ii) The other party shall thereupon within 14 calendar 545
days of receipt of the Mediation Notice confirm that 546
they agree to mediation, in which case the parties 547
shall thereafter agree a mediator within a further 548
14 calendar days, failing which on the application 549
of either party a mediator shall be appointed 550
promptly by the Arbitration Tribunal ("the Tribunal") 551
or such person as the Tribunal may designate for 552
that purpose. The mediation shall be conducted 553
in such place and in accordance with such 554
procedure and on such terms as the parties may 555
agree or, in the event of disagreement, as may be 556
set by the mediator. 557

(iii) If the other party does not agree to mediate, that 558
fact may be brought to the attention of the Tribunal 559
and may be taken into account by the Tribunal 560
when allocating the costs of the arbitration as 561
between the parties. 562

(iv) The mediation shall not affect the right of either 563
party to seek such relief or take such steps as it 564
considers necessary to protect its interest. 565

(v) Either party may advise the Tribunal that they have 566
agreed to mediation. The arbitration procedure 567
shall continue during the conduct of the mediation 568
but the Tribunal may take the mediation timetable 569
into account when setting the timetable for steps 570
in the arbitration. 571

**PART II**
**BOXLEASE Standard Container Lease Agreement**

| | | |
|---|---|---|
| (vi) | Unless otherwise agreed or specified in the | 572 |
| | mediation terms, each party shall bear its own | 573 |
| | costs incurred in the mediation and the parties | 574 |
| | shall share equally the mediator's costs and | 575 |
| | expenses. | 576 |
| (vii) | The mediation process shall be without prejudice | 577 |
| | and confidential and no information or documents | 578 |
| | disclosed during it shall be revealed to the Tribunal | 579 |
| | except to the extent that they are disclosable | 580 |
| | under the law and procedure governing the | 581 |
| | arbitration. | 582 |
| | *(Note: The parties should be aware that the mediation* | 583 |
| | *process may not necessarily interrupt time limits.)* | 584 |

**(e)**   If Box 29 in PART I is not appropriately filled in,   585
sub-clause (a) of this Clause shall apply. Sub-clause   586

(d) shall apply in all cases.   587
*\* Note: Sub-clauses (a), (b) and (c) are alternatives;*   588
*indicate alternative agreed in Box 29.*   589

**15. Notices**   590
(a)   All notices given by either party or their agents to   591
the other party or their agents in accordance with the   592
provisions of this Agreement shall be in writing.   593

**(b)**   For the purposes of this Agreement, "in writing"   594
shall mean any method of legible communication. A   595
notice may be given by any effective means including,   596
but not limited to, cable, telex, fax, e-mail, registered   597
or recorded mail, or by personal service.   598

**16. Entire Agreement**   599
This Agreement constitutes the entire agreement   600
between the Parties and no promise, undertaking,   601
representation, warranty or statement by either party   602
prior to the date of this Agreement stated in Box 2 shall   603
affect the Agreement. Any modification of this   604
Agreement shall not be of any effect unless in writing   605
signed by or on behalf of the Parties.   606



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        124981773 Total Pages:  31

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/5/2026 10:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110888285
By: Kerrylone Asberry
Filed: 2/5/2026 10:04 AM

CAUSE NO. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ELECTRA TRADING SA *et al.* | § | 125th JUDICIAL DISTRICT |

### DEFENDANT TEXTAINER EQUIPMENT MANAGEMENT LTD'S ORIGINAL ANSWER

Defendant Textainer Equipment Management Ltd. ("Defendant"), for its Original Answer to the Second Amended Original Petition of Plaintiff Melvin Quijano ("Plaintiff"), respectfully states as follows:

### I.
### GENERAL DENIAL

Defendant asserts a general denial as authorized by TEX. R. CIV. P. 92. Defendant denies all of Plaintiff's allegations in their entirety. Defendant demands that Plaintiff prove Plaintiff's charges and allegations against Defendant by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

Without waiving the foregoing general denial, but still insisting upon the same, for further answer herein, if any be necessary, Defendant asserts the following affirmative defenses:

1.    Defendant asserts that Plaintiff's injuries, if any, and the occurrence made the basis of Plaintiff's suit, were proximately caused or contributed to in whole or in part by the negligence or fault of the Plaintiff.

2.    Defendant further asserts that the injuries and damages claimed by Plaintiff were solely caused by the actions or inactions of third parties over whom Defendant had no control

and Defendant did not know or have any reason to know of an unreasonable and foreseeable risk of harm to Plaintiff from those acts.

3.      Defendant further asserts that the injuries and damages to Plaintiff, if any, made the basis of this lawsuit were solely caused by the acts or omissions of a party or parties other than Defendant and over whom Defendant possessed no right of control and for whom Defendant is not responsible at law. Defendant specifically invokes all statutory and common law rights or contribution, comparative fault, comparative causation, comparative responsibility, indemnity, credit, offset, or any other common law right to which it is entitled.

4.      Plaintiff's injuries, if any, were the result of new and independent, intervening or superseding causes.

5.      Defendant affirmatively asserts that Plaintiff failed to mitigate Plaintiff's damages, if any.

6.      At no time did Defendant owe a duty, contractual or otherwise, to Plaintiff. Defendant specifically denies that it owed any duty of care to Plaintiff in the circumstances of this case, in that Defendant did not have control or supervision of any of the containers in question at the time of the incident.

7.      Pursuant to TEX. CIV. PRAC. & REM. CODE §33.001 *et seq.*, upon submission of this case to a factfinder, Defendant is entitled to a submission of the percentage of negligence, fault, and/or responsibility, if any, of Plaintiff and/or any other responsible third parties for the damages claimed.

8.      Defendant pleads the limitations of damages under TEX. CIV. PRAC. & REM. CODE §41.008. Furthermore, Defendant pleads limitation on recoverable damages concerning Plaintiff's

Certified Document Number: 124965240 - Page 2 of 5

medical or healthcare expenses to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105.

9.      Defendant reserves the right to supplement and/or amend this Answer as allowed by the Rules or by Order of the Court.

### III.
### RULE 193.7 NOTICE

Defendant hereby provides notice to Plaintiff, pursuant to TEX. R. CIV. P. 193.7, that any and all documents produced by Plaintiff in this case through discovery may be used at any hearing and/or at the trial of this matter without the necessity of authenticating such documents.

### IV.
### JURY REQUEST

Defendant hereby requests a trial by jury and tenders the appropriate fee.

### V.
### CONCLUSION

For the foregoing reasons, Defendant Textainer Equipment Management Ltd. respectfully requests that Plaintiff takes nothing by reason of this suit, that Defendant recovers its costs, and that the Court grant Defendant such other and further relief, both special and general, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

RENSHAW, P.C.

*/s/ Justin W. R. Renshaw*
Justin W. R. Renshaw
Texas Bar No. 24013392
Durkin Ledgard
Texas Bar No. 24036958
Kim Conkey
Texas Bar No. 24109744
2900 Weslayan, Suite 360
Houston, Texas 77027

3.

Phone: 713.400.9001
Fax: 713.400.9006
justin@renshaw-law.com
durkin@renshaw-law.com
kim@renshaw-law.com

*Counsel for Defendant,*
*Textainer Equipment Management Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of February, 2026, a true and correct copy of the foregoing was served upon all counsel of record pursuant to TEX. R. CIV. P. 21a:

Kip Brar
Natalie Elms
Robert J. Carty, Jr.
David Hughes
SUITS & BOOTS INJURY LAWYERS
600 Bering Dr., Suite 2000
Houston, Texas 77057
Kip.Brar@callthesuits.com
Natalie.Elms@callthesuits.com
Rob.Carty@callthesuits.com
David.Hughes@callthesuits.com

Alvaro "Al" Silverio
FOGELMAN & VAN FLATERN, LLP
3101 Bee Cave Road, Ste 301
Austin, Texas 78746
Al@fvlawfirm.com
Service: eservice@fvlawfirm.com

*/s/ Justin W. R. Renshaw*
Justin W. R. Renshaw

Certified Document Number: 124965240 - Page 4 of 5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Justin Renshaw
Bar No. 24013392
justin@renshaw-law.com
Envelope ID: 110888285
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Textainer Equipment Management Ltd.'s Original Answer
Status as of 2/5/2026 11:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alma F.Shields | | AShields@liskow.com | 2/5/2026 10:04:28 AM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/5/2026 10:04:28 AM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/5/2026 10:04:28 AM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/5/2026 10:04:28 AM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/5/2026 10:04:28 AM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/5/2026 10:04:28 AM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/5/2026 10:04:28 AM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/5/2026 10:04:28 AM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/5/2026 10:04:28 AM | SENT |
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/5/2026 10:04:28 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2026

Certified Document Number:        124965240 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/5/2026 4:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110920517
By: Alyssa Henderson
Filed: 2/5/2026 4:18 PM

Cause No. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; HAPAG-LLOYD, | § | HARRIS COUNTY, TEXAS |
| (AMERICA), LLC; HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD.; CAI INTERNATIONAL, INC.; and | § | |
| ANGLO-EASTERN (GERMANY) GMBH | § | |
| | § | |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

## ORDER SUSTAINING CAI INTERNATIONAL, INC.'S SPECIAL APPEARANCE

Before the Court is Defendant, CAI International, Inc.'s ("CAI"), Special Appearance pursuant to Texas Rule of Civil Procedure 120a. CAI has argued that this Court lacks personal jurisdiction over it. Having considered the Special Appearance, any responses and replies, the arguments of counsel, all relevant evidence, and the applicable law, the Special Appearance is hereby **SUSTAINED**. CAI is a foreign corporation without sufficient contacts to confer jurisdiction over it in this case. The claims against CAI are therefore **DISMISSED** for lack of personal jurisdiction.

**SIGNED** this ____ day of _____, 2026.

_____
JUDGE PRESIDING



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        124981774 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case No. 202505979                                                    **DCORX**

QUIJANO, MELVIN                          *            IN THE DISTRICT COURT OF
                                         *
vs.                                      *            HARRIS COUNTY, TEXAS
                                         *
ELECTRA TRADING SA                       *            125th JUDICIAL DISTRICT
                                         *

## SCHEDULING AND DOCKET CONTROL ORDER

     The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.     **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

2.     **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)     Experts for parties seeking affirmative relief.
(b)     All other experts.

3.     **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.     **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.     **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)     No-evidence motions for summary judgment may only be heard after this date.
(b)     All dispositive motions or pleas must be heard.

6.     **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.     **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027     **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

9. 5/10/2027     **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 2/9/2026

ELECTRA TRADING SA
RIVA PARADISO 09
PALAZZO
6900 PARADISO

2

**KYLE CARTER**
**JUDGE, 125TH DISTRICT COURT**
**Date Generated: 2/9/2026**

JCVO02

Case No. 202505979                                          **DCORX**

QUIJANO, MELVIN                    *          IN THE DISTRICT COURT OF

vs.                                *          HARRIS COUNTY, TEXAS

ELECTRA TRADING SA                 *          125th JUDICIAL DISTRICT
                                   *

## SCHEDULING AND DOCKET CONTROL ORDER

       The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.       **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.       **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)       Experts for parties seeking affirmative relief.
(b)       All other experts.

3.       **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.       **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.       **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)       No-evidence motions for summary judgment may only be heard after this date.
(b)       All dispositive motions or pleas must be heard.

6.       **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.       **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027       **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 5/10/2027       **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 2/9/2026

ANGELO-EASTERN (GERMANY) GMBH       9       **KYLE CARTER**
**JUDGE, 125TH DISTRICT COURT**
**Date Generated: 2/9/2026**       JCVO02

Case No. 202505979                                                    **DCORX**

QUIJANO, MELVIN                              *            IN THE DISTRICT COURT OF

vs.                                          *            HARRIS COUNTY, TEXAS

ELECTRA TRADING SA                           *            125th JUDICIAL DISTRICT
                                             *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.  **JOINDER**. All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.  **EXPERT WITNESS DESIGNATION**. Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)     Experts for parties seeking affirmative relief.
(b)     All other experts.

3.  **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.  **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.  **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)     No-evidence motions for summary judgment may only be heard after this date.
(b)     All dispositive motions or pleas must be heard.

6.  **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.  **PLEADINGS**. Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 5/10/2027    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 2/9/2026

CAI INTERNATIONAL INC.

8

**KYLE CARTER**
**JUDGE, 125TH DISTRICT COURT**
**Date Generated: 2/9/2026**

JCVO02

Certified Document Number: 125037810 - Page 3 of 7

Case No. 202505979                                    **DCORX**

| | | |
|---|---|---|
| QUIJANO, MELVIN | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| ELECTRA TRADING SA | * | 125th JUDICIAL DISTRICT |
| | * | |

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.          **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

2.          **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a)**          Experts for parties seeking affirmative relief.
**(b)**          All other experts.

3.          **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.          **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.          **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**          No-evidence motions for summary judgment may only be heard after this date.
**(b)**          All dispositive motions or pleas must be heard.

6.          **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.          **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027          **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

9. 5/10/2027          **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED          Signed: 2/9/2026

HAPAG-LLOYD AG

6

**KYLE CARTER**
**JUDGE, 125TH DISTRICT COURT**
**Date Generated: 2/9/2026**          JCVO02

Case No. 202505979                                          **DCORX**

QUIJANO, MELVIN                    *         IN THE DISTRICT COURT OF

vs.                                *         HARRIS COUNTY, TEXAS

ELECTRA TRADING SA                 *         125th JUDICIAL DISTRICT
                                   *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.          **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.          **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)         Experts for parties seeking affirmative relief.
(b)         All other experts.

3.          **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.          **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.          **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)         No-evidence motions for summary judgment may only be heard after this date.
(b)         All dispositive motions or pleas must be heard.

6.          **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.          **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 5/10/2027    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 2/9/2026

JUSTIN WILLIAM RENSHAW                                    **KYLE CARTER**
2900 WESLAYAN SUITE 360          24013392                **JUDGE, 125TH DISTRICT COURT**
HOUSTON, TX 77027                                         **Date Generated: 2/9/2026**          JCVO02

Case No. 202505979                                                    **DCORX**

QUIJANO, MELVIN                          *              IN THE DISTRICT COURT OF

vs.                                       *              HARRIS COUNTY, TEXAS

ELECTRA TRADING SA                       *              125th JUDICIAL DISTRICT
                                          *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.        **JOINDER**. All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.        **EXPERT WITNESS DESIGNATION**. Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)       Experts for parties seeking affirmative relief.
(b)       All other experts.

3.        **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.        **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.        **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)       No-evidence motions for summary judgment may only be heard after this date.
(b)       All dispositive motions or pleas must be heard.

6.        **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.        **PLEADINGS**. Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027   **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 5/10/2027   **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 2/9/2026

DAVID LATHAM REISMAN
701 POYDRAS STREET SUITE 5000           24039691
NEW ORLEANS, LA 70139

**KYLE CARTER**
**JUDGE, 125TH DISTRICT COURT**
**Date Generated: 2/9/2026**

JCVO02

Case No. 202505979                                                     **DCORX**

QUIJANO, MELVIN                          *           IN THE DISTRICT COURT OF

vs.                                      *           HARRIS COUNTY, TEXAS

ELECTRA TRADING SA                       *           125th JUDICIAL DISTRICT
                                         *

## SCHEDULING AND DOCKET CONTROL ORDER

      The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.      **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. Underline: The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.      **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

(a)      Experts for parties seeking affirmative relief.
(b)      All other experts.

3.      **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4.      **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.      **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)      No-evidence motions for summary judgment may only be heard after this date.
(b)      All dispositive motions or pleas must be heard.

6.      **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.      **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 4/30/2027      **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 5/10/2027      **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 2/9/2026

KULDEEP S. BRAR                                      **KYLE CARTER**
600 BERING DRIVE, SUITE 2000        24067333         **JUDGE, 125TH DISTRICT COURT**
HOUSTON, TX 77057                                    **Date Generated: 2/9/2026**

JCVO02



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        125037810 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/11/2026 6:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111158615
By: Alyssa Henderson
Filed: 2/11/2026 6:34 PM

Cause No. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; HAPAG-LLOYD, | § | HARRIS COUNTY, TEXAS |
| (AMERICA), LLC; HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD.; CAI INTERNATIONAL, INC.; and | § | |
| ANGLO-EASTERN (GERMANY) GMBH | § | |
| | § | |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION ON DEFENDANT CAI INTERNATIONAL, INC.'S SPECIAL APPEARANCE

PLEASE TAKE NOTICE, Defendant, CAI International, Inc.'s Special Appearance is set for submission to the court for a ruling on Monday, February 23, 2026, at 8:00 a.m. in the 125th Judicial District Court of Harris County, Texas. No hearing will be conducted on Defendant, CAI International, Inc.'s Special Appearance unless a request for an oral hearing is timely filed with the court.

Dated: February 11, 2026

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Keith B. Letourneau*
  Keith B. Letourneau
  Texas Bar No. 00795893
  G. Evan Spencer
  Texas Bar No. 24113493
  717 Texas Avenue, Suite 1400
  Houston, Texas 77002
  Telephone: (713) 228-6601
  Facsimile: (713) 228-6605
  Keith.Letourneau@blankrome.com
  Evan.Spencer@blankrome.com

**COUNSEL FOR DEFENDANT CAI INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to the Texas Rules of Civil Procedure on all known counsel of record on this the 11th day of February 2026.

*/s/ Keith B. Letourneau*
Keith B. Letourneau

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pamela Herrin on behalf of Keith Letourneau
Bar No. 795893
pamela.herrin@blankrome.com
Envelope ID: 111158615
Filing Code Description: Notice
Filing Description: Notice Of Submission on Defendant Cai International, Inc.'S Special Appearance
Status as of 2/12/2026 9:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/11/2026 6:34:21 PM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/11/2026 6:34:21 PM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/11/2026 6:34:21 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/11/2026 6:34:21 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/11/2026 6:34:21 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/11/2026 6:34:21 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/11/2026 6:34:21 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/11/2026 6:34:21 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/11/2026 6:34:21 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/11/2026 6:34:21 PM | SENT |
| G. EvanSpencer | | evan.spencer@blankrome.com | 2/11/2026 6:34:21 PM | SENT |
| Keith B.Letourneau | | Keith.Letourneau@BlankRome.com | 2/11/2026 6:34:21 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        125088936 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/20/2026 3:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111534422
By: Jimmy Rodriguez
Filed: 2/20/2026 3:14 PM

CAUSE NO: 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | 125th JUDICIAL DISTRICT |
| HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) GMBH, | § | |
| | § | |
| **Defendants.** | § | HARRIS COUNTY, TEXAS |

## HAPAG-LLOYD AG'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant Hapag-Lloyd AG ("Hapag-Lloyd") files this Original Answer to Plaintiff Melvin Quijano's ("Quijano" or "Plaintiff") Second Amended Original Petition ("Petition"), and in support thereof represents as follows:

### I.  GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Hapag-Lloyd generally denies the allegations in the Petition and demands strict proof thereof by a preponderance of the evidence in accordance with Texas law.  Hapag-Lloyd also reserves the right to plead further and in greater particularity as the case progresses should such be indicated.

### II.  DEFENSES

2.     Subject to, and without waiver of its general denial, Hapag-Lloyd pleads the following additional defenses, some of which may be affirmative defenses, and others that relate to the elements of Plaintiff's cause(s) of action.  By pleading these defenses, Hapag-Lloyd does

Certified Document Number: 125245448 - Page 1 of 8

not assume the burden of proof on any defenses for which it would not otherwise have the burden of proof under Texas law.

3.      The Plaintiff filed this action in a forum contrary to the terms of a contractual forum selection agreement and cannot maintain his claims against Hapag-Lloyd.  Both Texas state and federal law recognize forum selection agreements as presumptively valid and regularly enforce them.   The claims against Hapag-Lloyd in the instant matter should be dismissed without prejudice, so that Plaintiff may refile in the forum specified in that agreement.

4.      Plaintiff has failed to state a cause of action and/or right of action against Hapag-Lloyd upon which relief can be granted.

5.      Hapag-Lloyd denies all liability and represents that it is free from fault, negligence, or other culpable conduct that caused the alleged damages and injuries complained of in the Petition.  Hapag-Lloyd further denies that it or any persons or property for whom or which it may be responsible is liable to any extent.

6.      At all times relevant hereto, Hapag-Lloyd complied with all applicable laws, regulations, and standards.

7.      Hapag-Lloyd did not breach or violate any legal duties allegedly owed to Plaintiff.

8.      Plaintiff's alleged injuries were caused by and were the result of the negligent or intentional acts or omissions, and/or the breaches of duty of care of Plaintiff and/or third parties and/or instrumentalities over which Hapag-Lloyd exercised no right of control and for which Hapag-Lloyd has no legal responsibility.

9.      Hapag-Lloyd had no knowledge of any condition that caused Plaintiff's alleged accident/injuries and could not have known of any such condition by exercise of reasonable care.

Certified Document Number: 125245448 - Page 2 of 8

10.     The alleged accident and injuries complained of were the result of new and independent superseding cause(s) beyond the control of Hapag-Lloyd.

11.     Hapag-Lloyd avers that it could not and did not foresee the risks of any damages and/or injuries to Plaintiff as alleged in the Petition.

12.     Hapag-Lloyd did not employ Plaintiff or otherwise control or direct the work of Plaintiff at the time of the events alleged in the Petition.

13.     Hapag-Lloyd asserts all available defenses to it under the general maritime law of the United States and the Longshore and Harbor Workers' Compensation Act.

14.     Hapag-Lloyd had no control over the subject vessel, its equipment, gear, captain, crew, or conditions, and thus cannot be liable to Plaintiff.

15.     Hapag-Lloyd had no control over the relevant containers' packing/stuffing or the preparation of the cargo contained therein for shipment, and was not involved in inspecting the contents of/cargo contained in the relevant containers, and thus cannot be liable to Plaintiff.

16.     Hapag-Lloyd alleges there is no claim for negligence, as it had no actual or constructive notice of any alleged dangerous or hazardous conditions, situations, equipment, or gear.

17.     Hapag-Lloyd alleges there is no claim for negligence because any alleged dangerous or hazardous conditions, situations, or equipment were open and obvious, and thus Hapag-Lloyd had no duty to warn of same.

18.     Hapag-Lloyd's liability is limited pursuant to any applicable contracts.

19.     Hapag-Lloyd avers that Plaintiff was contributorily negligent and/or that the incident and/or resulting injuries were caused by the fault of Plaintiff, all of which are pled in bar, diminution, or mitigation of any recovery by Plaintiff herein.

Certified Document Number: 125245448 - Page 3 of 8

20.     In the alternative, Hapag-Lloyd avers that Plaintiff's injuries were caused by the negligence and fault of others for whom Hapag-Lloyd is not legally responsible.

21.     In the alternative, Hapag-Lloyd avers that Plaintiff's injuries were a result of an unavoidable accident.

22.     The physical condition of which Plaintiff claims was and is due, in whole or in part, to pre-existing and/or subsequently occurring bodily condition(s), which are unrelated to the alleged incident and occurrence sued upon herein, the nature and extent of which are not the responsibility of Hapag-Lloyd.  In the alternative, Hapag-Lloyd is entitled to a credit or offset for all damages attributable to any pre-existing conditions.

23.     Hapag-Lloyd avers that if Plaintiff is entitled to recover from Hapag-Lloyd, which is specifically denied, Plaintiff's recovery is barred and/or reduced in proportion to the percentages of fault attributable to Plaintiff and/or other persons or entities to whom a percentage of fault is attributed and for whom Hapag-Lloyd is not responsible.

24.     Subject to and without waiving any other defense, should Hapag-Lloyd be held liable to Plaintiff in any respect, Hapag-Lloyd pleads for indemnity or pro rata, comparative or percentage contribution and/or offset in negligence, strict liability, or under such other theory at law or in equity as may be grounds for liability against any and all other persons and concerns, including but not limited to Plaintiff.  Hapag-Lloyd reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

25.     Additionally, and alternatively, Hapag-Lloyd requests that Plaintiff's recovery, if any, be reduced by an amount equal to all sums or consideration paid or provided to Plaintiff by other persons or concerns, by reason of the events and/or occurrences made the subject of this suit,

Certified Document Number: 125245448 - Page 4 of 8

and/or that Plaintiff's recovery be reduced by the percentage of causation or fault attributable to Plaintiff and/or all other persons or concerns involved in the accident.

26.     Hapag-Lloyd also reserves the right to seek a credit for any amounts paid by way of settlement to Plaintiff by any other party, entity, or individual.

27.     Plaintiff has no claim for exemplary or punitive damages.  Alternatively, if Hapag-Lloyd is found liable for exemplary damages, those damages must be capped pursuant to general maritime law, state law, and/or the Due Process Clause of the United States and Texas Constitutions.

28.     As a further defense, should it be necessary, Hapag-Lloyd invokes the limitations contained in TEX. CIV. PRAC. & REM. CODE § 18.091 as to any claim by Plaintiff for loss of earnings or loss of earning capacity.  In accordance with Section 18.091, Hapag-Lloyd demands that evidence presented by Plaintiff to establish either loss of earnings or loss of earning capacity be presented in the form of a net loss after reduction for income taxes.

29.     As a further defense, Hapag-Lloyd invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105 as a limitation on recoverable medical or health care expenses.

30.     Hapag-Lloyd specifically reserves the right to amend and supplement its answer and affirmative defenses and/or to file incidental demands, third-party actions, counter-claims, and cross-claims as further information and facts become available.

### III. EXEMPLARY DAMAGES CAP

31.     If exemplary damages are awarded to Plaintiff, which is denied, Hapag-Lloyd intends to invoke the cap in the Damages Act, Texas Civil Practice & Remedies Code Chapter 41, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution, all of which restrict and limit Plaintiff's claim for exemplary damages.

Certified Document Number: 125245448 - Page 5 of 8

## IV. RULE 193.7 NOTICE

32.      Pursuant to Tex. R. Civ. P. § 193.7, Hapag-Lloyd serves notice on Plaintiff and any additional parties that may be joined that Hapag-Lloyd may offer, as authenticated evidence during trial of this lawsuit, all documents and other things produced by the parties or any third parties through written discovery in this matter.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Hapag-Lloyd AG prays that this Original Answer be deemed good and sufficient, and that after due proceedings, Plaintiff Melvin Quijano's Second Amended Original Petition be dismissed, with prejudice, with judgment rendered against Plaintiff and exonerating Defendant Hapag-Lloyd AG from any liability herein, and with Defendant Hapag-Lloyd AG being awarded its costs of court and all other relief to which it may be entitled, in equity or at law.

Respectfully Submitted,

**LISKOW & LEWIS**

*/s/Alma F. Shields*
David L. Reisman
State Bar No. 24039691
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

and

Certified Document Number: 125245448 - Page 6 of 8

Alma F. Shields
State Bar No. 24069800
Jonas S. Patzwall
State Bar No. 24122915
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: jspatzwall@liskow.com

**ATTORNEYS FOR DEFENDANTS
HAPAG-LLOYD (AMERICA), LLC, HAPAG-
LLOYD AG, AND ANGLO-EASTERN
(GERMANY) GMBH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of Hapag-Lloyd AG's Original Answer is being served on all

counsel of record on February 20, 2026, by electronic filing and/or electronic mail.

*/s/Jonas S. Patzwall*
Jonas S. Patzwall

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Esmeralda Moreno on behalf of Alma Shields
Bar No. 24069800
emoreno@liskow.com
Envelope ID: 111534422
Filing Code Description: Answer/ Response / Waiver
Filing Description: Hapag-Lloyd AG's Original Answer
Status as of 2/20/2026 3:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/20/2026 3:14:14 PM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/20/2026 3:14:14 PM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/20/2026 3:14:14 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/20/2026 3:14:14 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/20/2026 3:14:14 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/20/2026 3:14:14 PM | SENT |
| G. EvanSpencer | | evan.spencer@blankrome.com | 2/20/2026 3:14:14 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/20/2026 3:14:14 PM | SENT |
| Keith B.Letourneau | | Keith.Letourneau@BlankRome.com | 2/20/2026 3:14:14 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/20/2026 3:14:14 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/20/2026 3:14:14 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/20/2026 3:14:14 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        125245448 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

2/20/2026 3:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111534162
By: Jimmy Rodriguez
Filed: 2/20/2026 3:11 PM

Cause No. 2025-05979

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; HAPAG-LLOYD, | § | HARRIS COUNTY, TEXAS |
| (AMERICA), LLC; HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT MANAGEMENT | § | |
| LTD.; CAI INTERNATIONAL, INC.; and | § | |
| ANGLO-EASTERN (GERMANY) GMBH | § | |
| | § | |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

## <u>NOTICE TO WITHDRAW SUBMISSION HEARING ON<br>DEFENDANT CAI INTERNATIONAL, INC.'S SPECIAL APPEARANCE</u>

PLEASE TAKE NOTICE, Defendant, CAI International, Inc.'s Special Appearance currently set for submission on Monday, February 23, 2026, at 8:00 a.m. has been hereby withdrawn. Defendant will reschedule at a later date.

Dated: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Keith B. Letourneau*
    Keith B. Letourneau
    Texas Bar No. 00795893
    G. Evan Spencer
    Texas Bar No. 24113493
    717 Texas Avenue, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 228-6601
    Facsimile: (713) 228-6605
    Keith.Letourneau@blankrome.com
    Evan.Spencer@blankrome.com

    **COUNSEL FOR DEFENDANT CAI<br>    INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to the Texas Rules of Civil Procedure on all known counsel of record on this the 20th day of February 2026.

*/s/ Keith B. Letourneau*
Keith B. Letourneau

Certified Document Number: 125245278 - Page 2 of 3

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pamela Herrin on behalf of Keith Letourneau
Bar No. 795893
pamela.herrin@blankrome.com
Envelope ID: 111534162
Filing Code Description: Notice
Filing Description: Notice to Withdraw Submission Hearing on Defendant Cai International, Inc.'s Special Appearance
Status as of 2/20/2026 3:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/20/2026 3:11:29 PM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/20/2026 3:11:29 PM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/20/2026 3:11:29 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/20/2026 3:11:29 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/20/2026 3:11:29 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/20/2026 3:11:29 PM | SENT |
| G. EvanSpencer | | evan.spencer@blankrome.com | 2/20/2026 3:11:29 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/20/2026 3:11:29 PM | SENT |
| Keith B.Letourneau | | Keith.Letourneau@BlankRome.com | 2/20/2026 3:11:29 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/20/2026 3:11:29 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/20/2026 3:11:29 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/20/2026 3:11:29 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2026

Certified Document Number:        125245278 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/22/2026 7:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111562600
By: Alyssa Henderson
Filed: 2/23/2026 12:00 AM

<div align="center">

**CAUSE NO: 2025-05979**

</div>

| | | |
|---|---|---|
| **MELVIN QUIJANO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | **125th JUDICIAL DISTRICT** |
| **HAPAG-LLOYD AG;** | § | |
| **TEXTAINER EQUIPMENT** | § | |
| **MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY) GMBH,** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY** |

<div align="center">

**ANGLO-EASTERN (GERMANY) GMBH'S**
**ORIGINAL ANSWER**

</div>

TO THE HONORABLE COURT:

    Defendant Anglo-Eastern (Germany) GmbH ("Anglo-Eastern") files this Original Answer to Plaintiff Melvin Quijano's ("Quijano" or "Plaintiff") Second Amended Original Petition ("Petition"), and in support thereof represents as follows:

<div align="center">

**I.  GENERAL DENIAL**

</div>

    1.    Pursuant to Texas Rule of Civil Procedure 92, Anglo-Eastern generally denies the allegations in the Petition and demands strict proof thereof by a preponderance of the evidence in accordance with Texas law.  Anglo-Eastern also reserves the right to plead further and in greater particularity as the case progresses should such be indicated.

<div align="center">

**II.  DEFENSES**

</div>

    2.    Subject to, and without waiver of its general denial, Anglo-Eastern pleads the following additional defenses, some of which may be affirmative defenses, and others that relate to the elements of Plaintiff's cause(s) of action.  By pleading these defenses, Anglo-Eastern does

not assume the burden of proof on any defenses for which it would not otherwise have the burden of proof under Texas law.

3.    The Plaintiff filed this action in a forum contrary to the terms of a contractual forum selection agreement and cannot maintain his claims against Anglo-Eastern. Both Texas state and federal law recognize forum selection agreements as presumptively valid and regularly enforce them. The claims against Anglo-Eastern in the instant matter should be dismissed without prejudice, so that Plaintiff may refile in the forum specified in that agreement.

4.    Plaintiff has failed to state a cause of action and/or right of action against Anglo-Eastern upon which relief can be granted.

5.    Anglo-Eastern denies all liability and represents that it is free from fault, negligence, or other culpable conduct that caused the alleged damages and injuries complained of in the Petition. Anglo-Eastern further denies that it or any persons or property for whom or which it may be responsible is liable to any extent.

6.    At all times relevant hereto, Anglo-Eastern complied with all applicable laws, regulations, and standards.

7.    Anglo-Eastern did not breach or violate any legal duties allegedly owed to Plaintiff.

8.    Plaintiff's alleged injuries were caused by and were the result of the negligent or intentional acts or omissions, and/or the breaches of duty of care of Plaintiff and/or third parties and/or instrumentalities over which Anglo-Eastern exercised no right of control and for which Anglo-Eastern has no legal responsibility.

9.    Anglo-Eastern had no knowledge of any condition that caused Plaintiff's alleged accident/injuries and could not have known of any such condition by exercise of reasonable care.

Certified Document Number: 125259944 - Page 2 of 8

10.     The alleged accident and injuries complained of were the result of new and independent superseding cause(s) beyond the control of Anglo-Eastern.

11.     Anglo-Eastern avers that it could not and did not foresee the risks of any damages and/or injuries to Plaintiff as alleged in the Petition.

12.     Anglo-Eastern did not employ Plaintiff or otherwise control or direct the work of Plaintiff at the time of the events alleged in the Petition.

13.     Anglo-Eastern asserts all available defenses to it under the general maritime law of the United States and the Longshore and Harbor Workers' Compensation Act.

14.     Anglo-Eastern had no control over the relevant containers' packing/stuffing or the preparation of the cargo contained therein for shipment, and was not involved in inspecting the contents of/cargo contained in the relevant containers, and thus cannot be liable to Plaintiff.

15.     Anglo-Eastern alleges there is no claim for negligence, as it had no actual or constructive notice of any alleged dangerous or hazardous conditions, situations, equipment, or gear.

16.     Anglo-Eastern alleges there is no claim for negligence because any alleged dangerous or hazardous conditions, situations, or equipment were open and obvious, and thus Anglo-Eastern had no duty to warn of same.

17.     Anglo-Eastern's liability is limited pursuant to any applicable contracts.

18.     Anglo-Eastern avers that Plaintiff was contributorily negligent and/or that the incident and/or resulting injuries were caused by the fault of Plaintiff, all of which are pled in bar, diminution, or mitigation of any recovery by Plaintiff herein.

19.     In the alternative, Anglo-Eastern avers that Plaintiff's injuries were caused by the negligence and fault of others for whom Anglo-Eastern is not legally responsible.

Certified Document Number: 125259944 - Page 3 of 8

20.     In the alternative, Anglo-Eastern avers that Plaintiff's injuries were a result of an unavoidable accident.

21.     The physical condition of which Plaintiff claims was and is due, in whole or in part, to pre-existing and/or subsequently occurring bodily condition(s), which are unrelated to the alleged incident and occurrence sued upon herein, the nature and extent of which are not the responsibility of Anglo-Eastern.  In the alternative, Anglo-Eastern is entitled to a credit or offset for all damages attributable to any pre-existing conditions.

22.     Anglo-Eastern avers that if Plaintiff is entitled to recover from Anglo-Eastern, which is specifically denied, Plaintiff's recovery is barred and/or reduced in proportion to the percentages of fault attributable to Plaintiff and/or other persons or entities to whom a percentage of fault is attributed and for whom Anglo-Eastern is not responsible.

23.     Subject to and without waiving any other defense, should Anglo-Eastern be held liable to Plaintiff in any respect, Anglo-Eastern pleads for indemnity or pro rata, comparative or percentage contribution and/or offset in negligence, strict liability, or under such other theory at law or in equity as may be grounds for liability against any and all other persons and concerns, including but not limited to Plaintiff.  Anglo-Eastern reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

24.     Additionally, and alternatively, Anglo-Eastern requests that Plaintiff's recovery, if any, be reduced by an amount equal to all sums or consideration paid or provided to Plaintiff by other persons or concerns, by reason of the events and/or occurrences made the subject of this suit, and/or that Plaintiff's recovery be reduced by the percentage of causation or fault attributable to Plaintiff and/or all other persons or concerns involved in the accident.

25.     Anglo-Eastern also reserves the right to seek a credit for any amounts paid by way of settlement to Plaintiff by any other party, entity, or individual.

26.     Plaintiff has no claim for exemplary or punitive damages.  Alternatively, if Anglo-Eastern is found liable for exemplary damages, those damages must be capped pursuant to general maritime law, state law, and/or the Due Process Clause of the United States and Texas Constitutions.

27.     As a further defense, should it be necessary, Anglo-Eastern invokes the limitations contained in Tex. Civ. Prac. & Rem. Code § 18.091 as to any claim by Plaintiff for loss of earnings or loss of earning capacity.  In accordance with Section 18.091, Anglo-Eastern demands that evidence presented by Plaintiff to establish either loss of earnings or loss of earning capacity be presented in the form of a net loss after reduction for income taxes.

28.     As a further defense, Anglo-Eastern invokes the provisions of Tex. Civ. Prac. & Rem. Code § 41.0105 as a limitation on recoverable medical or health care expenses.

29.     Anglo-Eastern specifically reserves the right to amend and supplement its answer and affirmative defenses and/or to file incidental demands, third-party actions, counter-claims, and cross-claims as further information and facts become available.

### III. EXEMPLARY DAMAGES CAP

30.     If exemplary damages are awarded to Plaintiff, which is denied, Anglo-Eastern intends to invoke the cap in the Damages Act, Texas Civil Practice & Remedies Code Chapter 41, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution, all of which restrict and limit Plaintiff's claim for exemplary damages.

Certified Document Number: 125259944 - Page 5 of 8

## IV. <u>RULE 193.7 NOTICE</u>

31.     Pursuant to Tex. R. Civ. P. § 193.7, Anglo-Eastern serves notice on Plaintiff and any additional parties that may be joined that Anglo-Eastern may offer, as authenticated evidence during trial of this lawsuit, all documents and other things produced by the parties or any third parties through written discovery in this matter.

## V.  <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Anglo-Eastern (Germany) GmbH prays that this Original Answer be deemed good and sufficient, and that after due proceedings, Plaintiff Melvin Quijano's Second Amended Original Petition be dismissed, with prejudice, with judgment rendered against Plaintiff and exonerating Defendant Anglo-Eastern (Germany) GmbH from any liability herein, and with Defendant Anglo-Eastern (Germany) GmbH being awarded its costs of court and all other relief to which it may be entitled, in equity or at law.

Respectfully Submitted,

**LISKOW & LEWIS**

*/s/    David L.. Reisman (with permission)*
David L. Reisman
State Bar No. 24039691
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

and

Alma F. Shields
State Bar No. 24069800
Jonas S. Patzwall
State Bar No. 24122915
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: jspatzwall@liskow.com

**ATTORNEYS FOR DEFENDANTS
HAPAG-LLOYD (AMERICA), LLC, HAPAG-
LLOYD AG, AND ANGLO-EASTERN
(GERMANY) GMBH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of Anglo-Eastern (Germany) GmbH's Original Answer is being served on all counsel of record on February 22, 2026, by electronic filing and/or electronic mail.

/s/    *David L.. Reisman (with permission)*
David L. Reisman

#6882112v3

Certified Document Number: 125259944 - Page 7 of 8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Esmeralda Moreno on behalf of David Latham Reisman
Bar No. 24039691
emoreno@liskow.com
Envelope ID: 111562600
Filing Code Description: Answer/ Response / Waiver
Filing Description: Anglo-Eastern (Germany) GMBH's Original Answer
Status as of 2/23/2026 9:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin W. R. Renshaw | | Justin@Renshaw-law.com | 2/22/2026 7:22:41 PM | SENT |
| Joseph Ledgard | 24036958 | jdledgard@gmail.com | 2/22/2026 7:22:41 PM | SENT |
| Kim Conkey | 24109744 | kim@renshaw-law.com | 2/22/2026 7:22:41 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| Esmeralda Moreno | | emoreno@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| G. EvanSpencer | | evan.spencer@blankrome.com | 2/22/2026 7:22:41 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| Keith B.Letourneau | | Keith.Letourneau@BlankRome.com | 2/22/2026 7:22:41 PM | SENT |
| Natalie Elms | | Natalie.Elms@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| David Hughes | | David.Hughes@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| Cody Mendez | | Cody.Mendez@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| Jasmin Alvarez | | jasmin.alvarez@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| Robert J.Carty, Jr. | | Rob.Carty@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| Kip Brar | | Kip.Brar@CallTheSuits.com | 2/22/2026 7:22:41 PM | SENT |
| Alvaro "Al" Silverio | | al@fvlawfirm.com | 2/22/2026 7:22:41 PM | SENT |
| Vanessa Day | | vanessa@fvlawfirm.com | 2/22/2026 7:22:41 PM | SENT |
| Jonas SPatzwall | | jspatzwall@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| Alma F.Shields | | AShields@liskow.com | 2/22/2026 7:22:41 PM | SENT |
| David L.Reisman | | dreisman@liskow.com | 2/22/2026 7:22:41 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2026

Certified Document Number:        125259944 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# 2025-05979

**COURT:**   125th

**FILED DATE:**   1/28/2025

**CASE TYPE:**   Other Injury or Damage



---

### QUIJANO, MELVIN

**Attorney: BRAR, KULDEEP SINGH**

### vs.

### ELECTRA TRADING SA

---

| Trial Settings | |
|---|---|
| Date | Comment |
| 5/10/2027 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| Date | Comment |
| 6/26/2025 | RTANX - ORDER SIGNED, CASE RETAINED ON DOCKET |
| 9/11/2025 | SBSRX - ORDER GRANTING SUBSTITUTED SERVICE SIGNED |
| 12/5/2025 | RTANX - ORDER SIGNED, CASE RETAINED ON DOCKET |
| 12/10/2025 | SBSRX - ORDER GRANTING SUBSTITUTED SERVICE SIGNED |
| 2/9/2026 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELVIN QUIJANO** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | **CIVIL ACTION NO. _____** |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | |
| **HAPAG-LLOYD AG; TEXTAINER** | § | |
| **EQUIPMENT MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY)** | § | |
| **GMBH,** | § | |
| **DEFENDANTS.** | § | |

## HAPAG-LLOYD (AMERICA), LLC'S
## CONSENT TO REMOVAL

Defendant Hapag-Lloyd (America), LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, without waiving and specifically reserving all rights, defenses, objections, and exceptions, consents to the removal filed by Hapag-Lloyd AG, of the above captioned action from the 125th District Court of Harris County, State of Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Location:   Atlanta

Date:   02/26/2026

By:   *Luis Marin*

Print:   Luis Marin

Title:   Senior manager

Duly authorized on behalf of
Hapag-Lloyd (America), LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MELVIN QUIJANO | § | |
| | § | |
| **PLAINTIFF,** | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | CIVIL ACTION NO. _____ |
| HAPAG-LLOYD (AMERICA), LLC; | § | |
| HAPAG-LLOYD AG; TEXTAINER | § | |
| EQUIPMENT MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) | § | |
| GMBH, | § | |
| **DEFENDANTS.** | § | |

## ANGLO-EASTERN (GERMANY) GMBH'S
## CONSENT TO REMOVAL

Defendant Anglo-Eastern (Germany) GmbH, pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, without waiving and specifically reserving all rights, defenses, objections, and exceptions,

consents to the removal filed by Hapag-Lloyd AG, of the above captioned action from the 125th

District Court of Harris County, State of Texas, to the United States District Court for the Southern

District of Texas, Houston Division.


Location:     Houston, Texas

Date:          February 25, 2026

By:     _____

Print:   Jonas S. Patzwall

Title:   Attorney

Duly authorized on behalf of
Anglo-Eastern (Germany) GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN QUIJANO | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; | § | CIVIL ACTION NO. _____ |
| HAPAG-LLOYD (AMERICA), LLC; | § | |
| HAPAG-LLOYD AG; TEXTAINER | § | |
| EQUIPMENT MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC.; AND | § | |
| ANGLO-EASTERN (GERMANY) | § | |
| GMBH, | § | |
| DEFENDANTS. | § | |

## TEXTAINER EQUIPMENT MANAGEMENT LTD.'S
## CONSENT TO REMOVAL

Defendant Textainer Equipment Management Ltd., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, without waiving and specifically reserving all rights, defenses, objections, and exceptions, consents to the removal filed by Hapag-Lloyd AG of the above captioned action from the 125th District Court of Harris County, State of Texas, to the United States District Court for the Southern District of Texas, Houston Division.


Location:    Baltimore, MD

Date:        February 22, 2026


By: _____

Print:   J. Stephen Simms

Title:   Textainer Counsel

Duly authorized on behalf of
Textainer Equipment Management Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MELVIN QUIJANO** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | **CIVIL ACTION NO. _____** |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | |
| **HAPAG-LLOYD AG; TEXTAINER** | § | |
| **EQUIPMENT MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY)** | § | |
| **GMBH,** | § | |
| **DEFENDANTS.** | § | |

## CAI INTERNATIONAL, INC.'S
## CONSENT TO REMOVAL

Defendant CAI International, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, without

waiving and specifically reserving all rights, defenses, objections, and exceptions, consents to the

removal filed by Hapag-Lloyd AG, of the above captioned action from the 125th District Court of

Harris County, State of Texas, to the United States District Court for the Southern District of

Texas, Houston Division.

Location:      Houston, TX
Date:          March 2, 2026

By: */s/Keith B. Letourneau (by permission)*

Keith B. Letourneau
Texas Bar No. 00795893
G. Evan Spencer
Texas Bar No. 24113493
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Keith.Letourneau@blankrome.com
Evan.Spencer@blankrome.com

**COUNSEL FOR DEFENDANT CAI**
**INTERNATIONAL, INC.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELVIN QUIJANO** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| | § | |
| **ELECTRA TRADING SA;** | § | **CIVIL ACTION NO. _____** |
| **HAPAG-LLOYD (AMERICA), LLC;** | § | |
| **HAPAG-LLOYD AG; TEXTAINER** | § | |
| **EQUIPMENT MANAGEMENT LTD.;** | § | |
| **CAI INTERNATIONAL INC.; AND** | § | |
| **ANGLO-EASTERN (GERMANY)** | § | |
| **GMBH,** | § | |
| **DEFENDANTS.** | § | |

**LIST OF COUNSEL OF RECORD**

Pursuant to Local Rule 81, the following is a list of counsel of record, including addresses, telephone numbers, and parties represented in this action:

**I.    Attorneys for Plaintiff:**

Kip Brar
State Bar No. 24067333
Natalie Elms
State Bar No. 24078475
Robert J. Carty, Jr.
State Bar No. 00788794
David Hughes
State Bar No. 24101941
Suits & Boots Injury Lawyers
600 Bering Dr., Suite 2000
Houston, Texas 77057
Phone: (713) 955-1157
Fax: (713) 583-8289
Email: Kip.Brar@callthesuits.com
Email: Natalie.Elms@callthesuits.com
Email: Rob.Carty@callthesuits.com
Email: David.Hughes@callthesuits.com

-and-

Alvaro "Al" Silverio
Texas State Bar No. 24108236
Fogelman & Von Flatern, LLP
3101 Bee Cave Road, Suite 301
Austin, TX 78746
Phone: (512) 956-4789
Fax: (512) 956-9290
Email: Al@fvlawfirm.com
Service Email: eservice@fvlawfirm.com

**II.    Attorneys for Defendants Hapag-Lloyd AG, Hapag-Lloyd (America) LLC, and Anglo-Eastern (Germany) GmbH**

LISKOW & LEWIS, APLC

David L. Reisman
Attorney-in-Charge
State Bar No. 24039691
Fed. ID No.  3591037
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
Email: dreisman@liskow.com

-and-

Alma F. Shields
State Bar No. 24069800
Fed. ID No. 1087002
Elizabeth B. McIntosh
Fed. ID No. 3133917
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: ashields@liskow.com
Email: ebmcintosh@liskow.com
Email: jspatzwall@liskow.com

III.     **Attorneys for Defendant Textainer Equipment Management Ltd.**

Justin W. R. Renshaw
Texas Bar No. 24013392
Durkin Ledgard
Texas Bar No. 24036958
Kim Conkey
Texas Bar No. 24109744
Renshaw, P.C.
2900 Weslayan, Suite 360
Houston, Texas 77027
Phone: (713) 400-9001
Fax: (713) 400-9006
Email: justin@renshaw-law.com
Email: durkin@renshaw-law.com
Email: kim@renshaw-law.com

IIII.     **Attorneys for Defendant CAI International, Inc.**

Keith B. Letourneau
Texas Bar No. 00795893
G. Evan Spencer
Texas Bar No. 24113493
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Email: Keith.Letourneau@blankrome.com
Email: Evan.Spencer@blankrome.com

**BASED ON THE STATE COURT'S ELECTRONIC DOCKET, DEFENDANT ELECTRA TRADING SA HAS NOT BEEN SERVED AND/OR ENTERED AN APPEARANCE AT THE TIME OF THIS FILING.**