**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ELECTRA TRADING SA; HAPAG-LLOYD | § | Civil Action No. 4:26-cv-01716 |
| (AMERICA), LLC; HAPAG-LLOYD AG; | § | |
| TEXTAINER EQUIPMENT | § | |
| MANAGEMENT LTD.; CAI | § | |
| INTERNATIONAL INC; and ANGLO- | § | |
| EASTERN (GERMANY) GmbH, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Hapag-Lloyd AG's removal was a rushed gamble built on guesswork rather than the record before it. Without investigating, and with lingering doubts, it proceeded with removal based on incorrect facts and an inapposite joinder theory. Now that Plaintiff has challenged those grounds, Hapag-Lloyd pivots to new theories that are untimely and unsupported, revealing a pattern of shifting explanations rather than a coherent legal position. Hapag-Lloyd does not get to audition removal theories one by one until something sticks. This Court should remand the case and order Hapag-Lloyd AG to pay the fees Plaintiff has been needless forced to incur.

## I.    ARGUMENTS AND AUTHORITIES

Hapag-Lloyd AG admittedly removed this case without the consent of Electra Trading SA—a properly served defendant—despite a statutory mandate. To excuse this failure, Hapag-Lloyd AG offers two arguments. First, it mounts a new, belated challenge to the way the service papers state Electra's address. Second, Hapag-Lloyd AG jettisons its fraudulent-joinder theory in

favor of a new position that Electra is a "nominal" defendant whose consent is unnecessary. Both arguments fail.

**A.     Hapag-Lloyd AG's new attack on service lacks any support and rests entirely on its counsel's speculation.**

Hapag-Lloyd AG removed this case on the false premise that "Electra was not properly served." Dkt. 1 at 6 ¶ 20. Its sole premise: Plaintiff's Notice of Proof of Service did not expressly say that the citation was included in the package served on Electra. *Id.*

That premise turned out to be false. In the motion to remand, Plaintiff produced his Request for Service to the Swiss Central Authority (the "Request"), which specifically lists four documents to be served. Dkt. 12-1 at 2. Among them are "Plaintiff's Original Petition" and the "Citation." The Article 6 Certificate from the Swiss Central Authority confirms that "the documents referred to in the request" were all served *in person* on Henry Ricci, Electra's sole Director. Dkt. 1-2 at 62 (English version).

This official governmental document, bearing the stamp of the Swiss Central Authority (the Ticino Canton Court of Appeals), creates a prima facie case that personal service on the correct person occurred. *E.g.*, *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995); *Myrtle v. Graham*, No. 10-1677, 2011 U.S. Dist. LEXIS 14017, at *5-6 (E.D. La. 2011). To overcome this presumption, Hapag-Lloyd AG must show "lack of actual notice of the proceedings or that the defendant was prejudiced in some way as a result of the alleged deficiency." *Myrtle* at *6. Hapag-Lloyd fails to do this. The Article 6 Certificate's presumption of proper service stands unrebutted.

Hapag-Lloyd AG acknowledges this problem, but claims it did not know any better. It says it did not have the Request in hand when it removed, and thus had "serious doubts" whether the citation was properly served. *See* Dkt. 15 at 5, 12. That is not a valid excuse. Hapag-Lloyd had

2

the Article 6 Certificate stating that "the documents referred to in the request" were served—yet it made no effort to determine what those documents were. The clues were there. Hapag-Lloyd AG had the following facts at its disposal:

- The day Plaintiff filed the suit, he filed a "Request for Issuance of Service" asking the State Court to issue a "Citation" to Electra. Dkt. 1-2 at 10.

- The District Clerk issued the citation for "serving through the Ha[g]ue Convention," and noted it in the case file. Ex. A.1 (attached).[1]

- In multiple filings, Plaintiff explained that he was in the process of serving Electra in accordance with the Hague Convention and Texas law. Dkt. 1-2 at 18 ¶ 6, 25 ¶ 6, 28 ¶ 6, 42 ¶ 6.

- The international process-server who coordinated service on Electra—an expert with 29 years in the business—supplied an affidavit describing how international service works and what role she would play in serving Electra. She references the Hague Convention's methods, Texas Rule 108a's endorsement of those methods, and Rule 103's provisions on serving "citation[s]" and other court-issued papers. Dkt. 1-2 at 45-47. She knew how to effect service.

- The Ticino Canton Court of Appeals issued an Article 6 Certification confirming that "the documents referred to in the request" were in fact served. Dkt. 1-2 at 62.

This documentation should have alerted Hapag-Lloyd AG that the citation was almost certainly contained in the service package. This should have prompted Hapag-Lloyd AG to investigate its "doubts" further. Hapag-Lloyd AG could have reached out to Plaintiff's counsel, who would have eagerly responded to avoid having to fight a needless removal. Instead, it rushed to remove based on the unsupported, self-serving theory that someone in the service chain must have lost the citation. As the Request proves, that conjecture was baseless.

---

[1] Exhibit A.1 is part of the Harris County District Court's record in this case. Plaintiff asks the Court to take judicial notice of the filing under Federal Rule of Evidence 201. *See U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 696 (W.D. Tex. 2007) (courts in Fifth Circuit "may take judicial notice of documents filed in other courts for the purpose of establishing the fact of litigation and related filings").

3

Its "no citation" argument thoroughly dismantled, Hapag-Lloyd AG retreats to a new position.  For the first time, it cites differences in the way Electra's address is expressed in the Request versus the Certificate.  *See* Dkt. 15 at 5.  It never explains how these expressions are functionally different, or how either one is incorrect.  More to the point, it never explains how these addresses disprove the Certificate's confirmation that Henry Ricci, Electra's sole director, was personally served at Electra's address.  Instead, Hapag-Lloyd AG relies on its "counsel's review of the addresses" and her conclusion that "there is at least a reasonable basis for doubt" whether service occurred.  *Id.*

This flawed position fails at every stage.  To begin with, all "doubts" must be resolved in favor of remand.  By claiming there is "a reasonable basis for doubt," Hapag-Lloyd AG supplies a compelling reason to rule in Plaintiff's favor.

Moreover, the "address" challenge is a new and distinct argument that appears nowhere in the notice of removal.  Hapag-Lloyd AG should not be allowed to raise new arguments for the first time in response to a remand motion.  *See Whitehead v. Nautilus Grp., Inc.*, 428 F. Supp. 2d 923, 929 (W.D. Ark. 2006) (observing that "the district court may decline to assert jurisdiction over the case for reasons not averred in the removal notice") (quoting 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 3733 at 357-61 (3d ed. 1998)); *Wessel v. Miraglia*, No. 4:04-CV-377-A, 2004 U.S. Dist. LEXIS 23399, at *9 (N.D. Tex. 2004) (refusing to accept defendant's revised "joinder" theory asserted in response to motion to remand); *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 706-07 (S.D. Tex. 2002) (rejecting defendant's attempt to add a statute to its existing federal-question arguments).  "It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced

4

with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground." *Hinojosa*, 214 F. Supp. 2d at 707.

Timely or not, the bare assertions by Hapag-Lloyd AG's lawyer are a nullity.  As Hapag-Lloyd AG itself states, "[a]ssertions of counsel are not evidence."  Dkt. 15 at 11.  Plaintiff agrees. This goes double when (as here) the lawyer's assertions are speculative.  Hapag-Lloyd AG's lawyer has not attested to any personal knowledge about Swiss addresses.  She provides no evidence that the differences are meaningful—no affidavit, no map, no address registry, nothing. Yet she asks the Court to speculate about whether "service was effected as intended or requested"; whether the Central Authority "addressed a mistake in the Request"; or whether Electra was even served at all.  Dkt. 15 at 5.

Such speculation is pointless.  The Swiss Central Authority—not the parties or American courts—gets to determine and certify whether service has occurred.  *See* Convention, arts. 5, 6.[2] Here, the Central Authority has certified that Electra was duly served.  Dkt. 1-2 at 62-65.  It has confirmed that it received Plaintiff's Request, that it located Electra at 6900 Paradiso, and that it personally served Mr. Ricci.  Dkt. 1-2 at 62-65.  Had the Central Authority failed to locate Electra at the address provided, it would have so stated under Article 6.  It did not—to the contrary, it ***confirmed*** service.  The system worked exactly as intended.  The presumption of service stands.

Hapag-Lloyd AG's reliance on *Winston v. Walsh* is misplaced.  *See* Dkt. 15 at 5-6 (citing *Winston v. Walsh*, No. 5L19-cv-00070-TES, 2020 U.S. Dist. LEXIS 54377, 2020 WL 1493659 (M.D. Ga. Mar. 27, 2020), *aff'd*, 829 F. App'x 448 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2520 (2021)).  *Winston* involved a motion to dismiss based on a failure to properly serve the defendant

---

[2] An electronic copy of Chapter I, Articles 1 through 31 of the Hague Service Convention is available at: https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

in the U.K. *Id.*, 2020 U.S. Dist. LEXIS 54377, at \*1-2. The defendant's challenge succeeded because he produced *unrebutted* evidence that the plaintiffs failed to serve him at his residence (as U.K. law required), and therefore failed to comply with the Hague Convention. *Id.* at \*24-25. Lacking personal jurisdiction, the court dismissed the case. Our case is very different: Unlike the defendant in *Winston*, Hapag-Lloyd AG is opposing *remand*, and has failed to produce *any* evidence that service was improper, let alone unrebutted evidence. *Winston* is inapposite.

**B.      Hapag-Lloyd AG's new nominal-defendant argument is untimely and fails on the merits.**

**1.  The new and distinct nominal-defendant argument should be rejected as untimely.**

When Hapag-Lloyd AG removed, it claimed that Electra was "fraudulently joined." Dkt. 1 at 7-8 ¶ 22. Plaintiff showed in his remand motion that the fraudulent-joinder doctrine does not apply to diverse defendants. *See* Dkt. 12 at 10-12. Having been called out, Hapag-Lloyd AG now pivots to a distinct theory, claiming for the first time that Electra is a "nominal" defendant. Dkt. 15 at 6. This new ground is untimely. The notice of removal never claims that Electra is a nominal defendant—it claims only that Electra was fraudulently joined. That is the position that Plaintiff addressed in his motion. Now the goalposts have moved.

Hapag-Lloyd's new theory is completely different from fraudulent joinder. A "nominal party" is "a party to an action who has no control over it and *no financial interest in its outcome*; esp., a party who has some *immaterial* interest in the subject matter of a lawsuit and who will *not be affected by any judgment*, but who is nonetheless joined in the lawsuit to avoid procedural defects." BLACK'S LAW DICTIONARY 1298 (10th ed. 2014) (emphasis added). Common examples include trustees litigating in their official capacity and disinterested stakeholders in garnishment or interpleader actions. *See id.* This is a question of *status*, not merits.

6

Electra's status is not what Hapag-Lloyd AG argued in its notice of removal. There, it challenged the *merits* of Plaintiff's claim by invoking the fraudulent-joinder theory. It never characterized Electra as a nominal party that has no real interest in the outcome and would not be affected by a judgment. Nor could it—Electra is a real party in interest. Instead, Hapag-Lloyd AG argued that no valid claim could lie against Electra without regard to its status. The new nominal-party theory is not a mere "clarification," but a substantively distinct ground.

Hapag-Lloyd AG cannot supplant one theory with another. A removing party may not assert one "joinder" theory in a notice of removal, and then shift to a distinct theory after the plaintiff seeks remand. *Wessel*, *supra*, 2004 U.S. Dist. LEXIS 23399, at *9 (where defendant removed on theory of "fraudulent misjoinder," it could not argue "traditional" fraudulent-joinder grounds to oppose remand); *see also Whitehead*, *supra*, 428 F. Supp. 2d at 929 (courts may decline to assert jurisdiction for reasons omitted from notice of removal); *Hinojosa*, *supra*, 214 F. Supp. 2d 706-07 (S.D. Tex. 2002) (rejecting defendant's attempt to add a statute to its existing federal-question arguments). A removing party must get it right at removal—not fix it later by smuggling in new theories when the original theories are challenged. In this District, allowing such a move results in "a substantial injustice." *Hinojosa*, 214 F. Supp. 2d at 707. Plaintiff objects to Hapag-Lloyd AG's new ground, and asks the Court to reject it and grant Plaintiff's motion to remand.

## 2. Electra is not a "nominal defendant."

Electra is not a nominal defendant. First, it has a financial interest in the case's outcome. Plaintiff sued Electra in its own capacity, not as a figurehead. He alleges that Electra is directly liable for his injuries. Electra cannot be "nominal" if it will bear some burden in the litigation, even costs of defense. *See Wessel* 2004 U.S. Dist. LEXIS 23399 at *8. Here, as a real party in interest facing direct claims, Electra will bear some burden. Not only is it subject to default

7

judgment (see below), but it has already incurred costs of defense by hiring a lawyer who has done work on the case.  Ex. A at ¶¶ 2-3.  On this record, Electra cannot be categorized as nominal.

As an independent matter, Hapag-Lloyd AG fails to carry its heavy burden of proof.  To prevail on the nominal-party argument, it must show "that there is *no possibility* that [Plaintiff] would be able to establish a cause of action against [Electra] in state court."  *Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.) (emphasis added), *cert. denied*, 502 U.S. 866 (1991).  "In evaluating a motion to remand, courts must examine factual allegations in the light most favorable to the plaintiff and resolve all factual disputes in her favor."  *Macias v. Ford Motor Co.*, No. EP-12-CA-390, 2013 U.S. Dist. LEXIS 203531, at *4 (W.D. Tex. 2013) (emphasis added) (citing *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (per curiam), *cert. denied*, 523 U.S. 1072 (1998)).  This inquiry is narrow.  Courts may not go beyond the pleadings except in those "rare cases" where the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).  Even in those rare cases, going beyond the pleadings is not proper except "to identify the presence of *discrete and undisputed facts* that would preclude [the] plaintiff's recovery against the [joined] defendant."  *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023) (emphasis added).

Hapag-Lloyd AG cannot accomplish any of this, because Electra is in default and is therefore **deemed to have admitted every allegation against it**.  Plaintiff served Electra with process on August 16, 2025.  *See* Dkt. 1-2 at 62.  Under Texas law, Electra had to file a responsive pleading "by 10:00 a.m. on the Monday next after the expiration of 20 days after service."  TEX. R. CIV. P. 99(c).  Electra's answering deadline was September 8, 2025—nearly eight months ago.

As the record reflects, Electra has never appeared in that time.  And as Electra's attorney has made clear, it will *never* appear.  Ex. A at ¶ 4.

Under Texas law, a defendant who fails to file an answer admits all allegations of fact, including those establishing liability.  *E.g.*, *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) ("In cases of no-answer default . . . , a defaulting defendant admits all facts properly pled in the plaintiff's petition except for the amount of unliquidated damages.").  Here, all of Plaintiff's allegations against Electra are deemed admitted.  **This conclusively defeats Hapag-Lloyd AG's attempt to show that there is "no possibility" of Plaintiff establishing his claim against Electra.**  Hapag-Lloyd AG's new "nominal defendant" theory fails for this reason alone.

The analysis ends here.  Still, for the record, Plaintiff wishes to address Hapag-Lloyd's evidence.  Plaintiff alleges that Electra "was responsible for the packing and sealing" of one of the containers at issue, "whether performed directly or through agents and contractors," and is liable for negligently failing to secure the contents of the container that injured him.  Dkt. 1-2 at 96-97 ¶¶ 20-24.

Hapag-Lloyd AG cites a handful of documents in an effort to disprove the allegations against Electra.  Again, these documents are irrelevant because of Electra's deemed admissions. But they also fail to satisfy the governing requirements.  To go beyond the pleadings in this manner, Hapag-Lloyd AG must identify "discrete *and undisputed* facts" that would absolutely preclude Plaintiff's claims against Electra.  It fails to do so.  It begins by attaching purported BIC code reports it pulled from the internet (*see* Dkt. 15 at 10 (citing Dkt. 1-3)), but this information does nothing to disprove Plaintiff's claims.  For one thing, it is unauthenticated hearsay; Plaintiff objects to Hapag-Lloyd AG using inadmissible documents to argue that he has no claim against Electra.

For another thing, the information lacks probative value.  It purports to identify the companies that own containers whose BIC codes start with certain letters.  But it does *not* reflect information about any particular containers.  Nor does it reflect who was responsible for packing and sealing the containers at issue here.  And whatever information it *does* reflect is just a snapshot in time—not the state of affairs on May 7, 2024 when Plaintiff's injury occurred.

Hapag-Lloyd AG also relies on CAI's special appearance, in which CAI claims that it lacks minimum contacts with Texas.  CAI also asserts that it and a subsidiary own two of the containers, but denies that they had any responsibility for packing them.  Nothing in CAI's pleading addresses Electra or the third container.  Hapag-Lloyd AG also cites a Sea Waybill (Dkt. 1-4), but that document simply shows that Hapag-Lloyd carried two of the containers at issue and nothing more.

None of this ultimately matters because Electra is deemed to have admitted all allegations against it.  Hapag-Lloyd AG can say whatever it wants, but it cannot prove that there is "no possibility" that Plaintiff will establish a cause of action against Electra.

**C.      Fees are warranted.**

Hapag-Lloyd AG opposes fees for two reasons.  First, it claims that it did not know that Electra was served with a citation because it did not have Plaintiff's Exhibit A (Dkt. 12-2).  *See* Dkt. 15 at 12.  But as detailed above in § A, it *did* have access to many other items that should have prompted further investigation.  Despite it all, Hapag-Lloyd AG plowed ahead based solely on "doubts" that could have been resolved with a simple phone call.  That violates Rule 11, which requires "an inquiry reasonable under the circumstances" and evidentiary support for all factual contentions in a pleading.  FED. R. CIV. P. 11(b).

For its second argument, Hapag-Lloyd AG merely repeats its argument that Electra should be disregarded for the unanimous-consent rule.  Again, this argument is a new, untimely ground,

based on questionable evidence, that ignores Electra's deemed admissions.  Hapag-Lloyd AG knew about Electra's default, but removed anyway.

Hapag-Lloyd AG removed this case rashly, based on unreasonable conclusions and an erroneous view of both the record and the law.  Plaintiff is entitled to the fees he has had to incur.

## II.    CONCLUSION

Hapag-Lloyd AG violated the removal statute when it jumped the gun and failed to obtain Electra's consent.  It fails to overcome the law's heavy presumption against removal and in favor of remand.  Remand is necessary.  Because Hapag-Lloyd AG fails to establish any valid excuse for its decision to remove in the face of unresolved doubts, it should be required to pay Plaintiff's fees and costs.  Accordingly, Plaintiff asks that the Court remand this case at the earliest opportunity and order Hapag-Lloyd AG to pay his reasonable fees and costs.

Respectfully submitted,

**SUITS & BOOTS INJURY LAWYERS**

By: _____
Texas State Bar No. 24067333
*Kip.Brar@CallTheSuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@CallTheSuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@CallTheSuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@CallTheSuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 - Phone
(713) 583-8289 - Fax

**COUNSEL FOR PLAINTIFF**

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, a true and correct copy of the above document was filed with the Court's electronic-filing system and served through that system upon all counsel of record.

_____

Kip Brar