IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN QUIJANO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-01716 |
| | § | |
| ELECTRA TRADING SA; | § | |
| HAPAG-LLOYD (AMERICA), LLC; | § | |
| HAPAG-LLOYD AG; TEXTAINER | § | |
| EQUIPMENT MANAGEMENT LTD.; | § | |
| CAI INTERNATIONAL INC; and | § | |
| ANGLO- EASTERN (GERMANY) | § | |
| GmbH, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S MOTION TO STRIKE THE**
**SUPPLEMENTAL DECLARATION OF LUIS ANDRES MARIN**

Plaintiff Melvin Quijano moves to strike the Supplemental Declaration of Luis

Andres Marin (Dkt. 30-1), which Defendant Hapag-Lloyd (America), LLC ("Hapag-Lloyd

America") submitted for the first time with its reply brief in support of its Rule 12(b)(2)

motion. In support, Plaintiff respectfully shows as follows:

**A.      INTRODUCTION**

Hapag-Lloyd America filed its motion to dismiss for lack of personal jurisdiction

on June 16. Dkt. 26. In support of its motion, Hapag-Lloyd America included a declaration

from Luis Marin. *See* Dkt. 26-1. Plaintiff responded to the motion on July 7. In its reply,

filed on July 14, Hapag-Lloyd America submitted a second declaration from the same

witness, titled the "Supplemental Declaration of Luis Andres Marin." Dkt. 30-1. Hapag-

Lloyd America asserts that this new evidence was included "out of an abundance of caution." Dkt. 30 at 2.

The supplemental declaration offers new sworn testimony aimed at rebutting Plaintiff's argument that Hapag-Lloyd America controlled the release of the cargo at issue in Houston. *See* Dkt. 28 at 7 ("But the declaration on which the motion to dismiss relies denies only that Hapag-Lloyd America was the ocean carrier, contracted for the shipment, or arranged it. It never addresses the in-state conduct central to Plaintiff's claims—i.e., Hapag-Lloyd America's control over the release of that cargo and its failure to warn the workers who would handle it."); *id.* at 22 ("Marin's declaration does not address who controlled the release of the containers from the marine terminal."); *id.* at 27 ("The [Rule 12(b)(2)] motion turns on facts the declaration does not answer: whether Hapag-Lloyd America controlled the release and discharge of these containers . . . .").

Because a party may not submit new evidence for the first time in a reply, the Court should strike the supplemental declaration.

**B.    ARGUMENT**

**1.    The Court should strike the supplemental declaration as improper reply evidence.**

The purpose of a reply is to rebut the arguments presented in the response; it is not a vehicle to introduce new evidence that the movant could have included with its initial motion.

Courts in this Circuit do not consider arguments or evidence a movant raises for the first time in a reply. *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir.

2008) ("It is the practice of [the Fifth Circuit] and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *see, e.g.*, *Channel H, Inc. v. Cquentia Series, LLC*, 2018 U.S. Dist. LEXIS 235467, at *6–7 (N.D. Tex. Feb. 27, 2018) (striking supplemental declaration submitted with a reply brief); *see also United States v. City of Dall.*, 2011 U.S. Dist. LEXIS 119046, at *12 (N.D. Tex. Sep. 27, 2011) ("It is well established that a party may not file evidence with a reply brief without first obtaining leave of court.").

There is no debate that Hapag-Lloyd America could have offered Marin's supplemental testimony in his original declaration submitted with its Rule 12(b)(2) motion. The failure to do so is a problem of its own making.

Hapag-Lloyd America's own argument undermines its purported need for Marin's supplemental testimony. *See* Dkt. 30 at 2 (arguing that "the [original] Marin Decl. already established that Hapag-Lloyd America was not involved in arranging the shipment of the Containers, which encompasses the shipment at any stage during Hapag-Lloyd AG's carriage of the Containers"). If it were true that the original declaration "already established" that "Hapag-Lloyd America did not release or control the release of the Containers[,] as Plaintiff alleges," Dkt. 30 at 2, there would be no need to submit a new sworn statement to "clarif[y]" what Marin actually meant. Indeed, it is axiomatic that one does not need new testimony to repeat what the record supposedly already contains.

Sometimes in life, the truth is an elusive fugitive. This is not such an instance. The supplemental declaration exists precisely because the original declaration never addressed whether Hapag-Lloyd America controlled the release or discharge of the shipping

containers at issue when they reached Houston. Hapag-Lloyd America needed new evidence to fill that gap in its reply. This is improper. Accordingly, the Court should strike the supplemental declaration. *E.g.*, *Channel H, Inc.*, 2018 U.S. Dist. LEXIS 235467, at *6–7 (striking supplemental declaration submitted with a reply brief);

### 2. Hapag-Lloyd America's new evidence confirms that jurisdictional discovery is necessary before ruling on the Rule 12(b)(2) motion.

The supplemental declaration also reinforces a point made in Plaintiff's response: jurisdictional discovery is needed before the Court rules on the Rule 12(b)(2) motion. The parties dispute whether Hapag-Lloyd America controlled the release of the cargo in Houston. The fact that Hapag-Lloyd America is still trying to build its evidence on this question at the reply stage highlights the need for further investigation.

### 3. The Court should decide the pending motion to remand before turning to the Rule 12(b)(2) motions.

Plaintiff renews the position set forth in his response that the Court should resolve the pending motion to remand before reaching personal jurisdiction. As explained therein, "in most instances," both expedition and "sensitivity to state courts' coequal stature" should lead the court to resolve first whether the case belongs in federal court. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999); *see* Dkt. 28 at 15–16. Only in exceptional circumstances where the question of personal jurisdiction is "straightforward" and presents "no complex questions of state law" *and* "the alleged defect in subject-matter jurisdiction raises a difficult or novel question" should the court first address personal jurisdiction. *Ruhrgas*, 526 U.S. at 588. This case is not exceptional; thus, there is no reason to deviate from the standard procedure of first determining whether remand is necessary.

## C.    CONCLUSION AND PRAYER

For the reasons stated above, Plaintiff respectfully requests that the Court strike the Supplemental Declaration of Luis Andres Marin (Dkt. 30-1) and grant Plaintiff such other and further relief to which he is entitled.

Respectfully submitted,

**SUITS& BOOTS INJURY LAWYERS**

By: /s/ *David Hughes*

**Kip Brar (attorney in charge)**
Texas State Bar No. 24067333
*Kip.Brar@CallTheSuits.com*
**Natalie Elms**
Texas State Bar No. 24078475
*Natalie.Elms@CallTheSuits.com*
**Robert J. Carty, Jr.**
State Bar No. 00788794
*Rob.Carty@CallTheSuits.com*
**David Hughes**
State Bar No. 24101941
*David.Hughes@CallTheSuits.com*
600 Bering Dr., Suite 2000
Houston, Texas 77057
(713) 955-1157 - Phone
(713) 583-8289 - Fax

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the above document was filed with the Court's electronic-filing system.

/s/ *David Hughes*

David Hughes

5

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 21, 2026, I conferred with counsel for Hapag-Lloyd America, who informed me that Hapag-Lloyd America is opposed to the relief sought via the underlying motion.

*/s/ David Hughes*
David Hughes

## CERTIFICATE OF WORD-COUNT COMPLIANCE

I hereby certify that this brief, including headings and footnotes, does not exceed 6,500 words.

*/s/ David Hughes*
David Hughes